**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| KELLY BLAND, on behalf of herself and others similarly situated, | : : : | CIVIL ACTION FILE NO. 1:24-cv-07077 |
| Plaintiff, | : : | |
| v. | : : | **COMPLAINT – CLASS ACTION** |
| THE ALLSTATE CORPORATION D/B/A ALLSTATE HEALTH SOLUTIONS | : : : | **JURY TRIAL DEMANDED** |
| AND | : | |
| KHALID MCCOMBS | | |
| Defendants. | | |

_____/

<u>**OPPOSITION TO DEFENDANT KHALID MCCOMBS' MOTION TO DISMISS**</u>

In this litigation, Defendant Khalid McCombs, who is proceeding *pro se*, has filed an answer to the complaint. (ECF No. 23). However, the answer also includes a self-described section labeled "MOTION TO DISMISS AND CHALLENGE TO CLASS CERTIFICATION." Out of an abundance of caution, Plaintiff responds to this Motion, which ought to be denied.

As an initial matter, it should be noted that the Motion to Dismiss provides no legitimate legal grounds, nor advances any substantive argument, for why this case ought to be dismissed, and is as an initial matter procedurally improper. The Motion does not even state which portion of Rule 12 it purports to seek dismissal under. Rule 12's mandate is clear: "A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed." FED. R. CIV P. 12(b). However, on its face, Mr. McCombs has filed an *Answer* to the Complaint, which is a responsive pleading and thus did not comply with Rule 12(b)'s requirement that a motion to dismiss *must* be made *before pleading*. "A motion to dismiss made after the filing of an answer

serves the same function as a motion for judgment on the pleadings and may be regarded as one." *Schy v. Susquehanna Corp.*, 419 F.2d 1112, 1115 (7th Cir. 1970).

Ultimately, the motion appears to be and should be construed as one to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, or the corresponding standard for a motion for judgment on the pleadings. Turning to the substance of the Motion, and the Plaintiff's pleadings, makes clear that the Plaintiff has plainly stated a class action claim for violations of the TCPA and has outlined the requisite Rule 23 requirements which, if proven, would entitle the Plaintiff to class certification. To that end, Mr. McCombs' Motion should be denied because it does not advance cognizable legal arguments at all tethered to the facts of the case. Rather, all it does is parrot Rule 23's requirements and makes the conclusory statements that various aspects of Rule 23 have not been met, without so much as explaining *why* they have not been met or why such purported failure justifies dismissing the case at the pleadings stage. As such, all it does is, at most, point to a factual dispute as to whether or not a class in this matter should be properly certified.

The Motion simply parrots the elements of numerosity, commonality, typicality, predominance (described as "systemic violations"), and superiority. Similarly, Mr. McCombs seems to indicate that no class can be certified because of purely factual issues, including the allegation that the Plaintiff was allegedly the only person who received calls. However, the Plaintiff has pled in her complaint, and the allegations therein must be taken as true, that there are hundreds or potentially thousands of individuals affected by the same course of conduct of having received calls. No discovery has yet been undertaken to ascertain whether or not this is actually the case, nor has the Plaintiff sought to have a class certified. As such, any attempt to defeat class certification on such disputed facts is premature.

It is wholly improper for a Court to dismiss class claims at the motion to dismiss stage, as this Court has observed. "[W]hether a plaintiff has satisfied the requirements under Rule 23 for a class action is not an appropriate inquiry at the motion to dismiss stage." *Dochak v. Polskie Linie Lotnicze LOT S.A.*, 189 F. Supp. 3d 798, 809 (N.D. Ill. 2016). "As a general rule, whether a suit can be maintained as a class or collective action is determined not on a Rule 12(b)(6) motion, but on a motion to certify a class action under Rule 23." *Dominguez v. Micro Ctr. Sales Corp.*, No. 11 C 8202, 2012 WL 1719793, at *2 (N.D. Ill. May 15, 2012). Thus, discovery in class action claims "is often appropriate, even necessary." *MSP Recovery Claims, Series LLC v. Auto Club Ins. Ass'n*, No. 21-11606, 2022 WL 3686424, at *2 (E.D. Mich. Aug. 25, 2022).

Essentially, Defendant is moving to preemptively deny class certification before discovery and before a motion for class certification is filed. That is eminently improper, as this Court has held. As courts around the country have held in TCPA cases, discovery will determine if this case is amenable to class certification, as most are. If Defendant's argument was adopted, no TCPA action could be certified if the defendant alluded to possible defenses or factual issues with various of Rule 23's requirements at the start of the litigation. This is simply not the case, nor is it surprising given that "[c]lass certification is normal in litigation under [the TCPA], because the main questions . . . are common to all recipients." *Ira Holtzman, C.P.A., & Assocs. v. Turza*, 728 F.3d 682, 684 (7th Cir. 2013); *accord Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 656 (4th Cir. 2019) ("Given the remedial purpose of the TCPA, it is no surprise that its cause of action would be conducive to class-wide disposition.").

Defendant's argument that the class claims should be dismissed at the pleadings stage based on a dispute as to the pled scope and extent of the calling conduct at issue here should be disregarded. The Plaintiff has not yet moved for class certification and has not undertaken class

discovery. If the Defendant feels that that is the case after class discovery has concluded, he is free to make such arguments at class certification. But the class claims should not be dismissed at the pleadings stage merely because the Defendant conclusorily speculates that the evidence that will be uncovered in discovery will merely uncover a purported class of one. Defendant's motion puts the proverbial cart before the horse. Discovery is not yet open, and the Plaintiff is not yet required to seek class certification. The Plaintiff will move for class certification at the appropriate point and plead facts tending to show that the class she seeks to certify meets Rule 23's requirements.

Because the Defendant has not cited to any case, let alone made a showing, that denial of class certification is appropriate or even warranted at the pleadings stage, the Motion to Dismiss should be denied.

Respectfully submitted,
*/s/ Anthony Paronich*
PARONICH LAW, P.C.
Anthony I. Paronich
350 Lincoln St., Suite 2400
Hingham, MA 02043
617-485-0018
anthony@paronichlaw.com

*Attorney for Plaintiff and proposed class*