

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

FILED

MAR 24 2025

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

KELLY BLAND, on behalf of herself and others similarly situated, Plaintiff,

v.

THE ALLSTATE CORPORATION d/b/a Allstate Health Solutions, and KHALID MCCOMBS, Defendants.

CIVIL ACTION FILE NO. 1:24-cv-07077

DEFENDANT KHALID MCCOMBS' REPLY IN SUPPORT OF HIS MOTION TO DISMISS

Defendant Khalid McCombs, pro se, respectfully submits this Reply in Support of his Motion to Dismiss and responds to Plaintiff's Opposition filed on February 20, 2025.

1. Procedural Properness of the Motion

a. Although an Answer to the Complaint was filed, the accompanying motion is intended to function as a motion for judgment on the pleadings pursuant to Rule 12(b)(6), as recognized in Schy v. Susquehanna Corp. This procedural device is appropriate at this stage.

b. Plaintiff's contention that a motion to dismiss must be filed before an Answer is misplaced when the motion is properly construed as one for judgment on the pleadings.

2. Sufficiency of the Complaint and Class Certification Issues

a. Plaintiff asserts that her Complaint adequately pled class-wide harms under Rule 23; however, even assuming the allegations are true, the Complaint fails to state facts specifically supporting class certification at the pleadings stage.

1

b. The Opposition relies on conclusory allegations regarding the existence of a broad class, while my motion points out that without discovery, such claims are speculative and do not meet the heightened pleading standard required for class actions.

3. Prematurity of Addressing Class Certification

a. Class certification is typically addressed on a separate, subsequent motion after discovery.

b. The present dispute is whether, even if the Plaintiff's allegations are accepted as true, the Complaint contains sufficient factual allegations to support a class action claim at this early stage. The reliance on speculative factual disputes underscores that any determination regarding class certification is premature.

4. Rebuttal of Plaintiff's Legal Arguments

a. Plaintiff's Opposition alleges that my motion merely reiterates the elements of Rule 23 without further explanation. In contrast, my motion raises genuine questions regarding the sufficiency of the allegations by pointing to specific factual deficiencies in the Complaint.

b. Without a detailed factual record from discovery, these issues cannot be resolved at the pleadings stage and should be deferred until further evidence is available.

5. Additional Factual Clarifications

a. It is noteworthy that Plaintiff has a history of similar litigation, which calls into question the novelty and substantiation of the claims asserted in this case.

b. Furthermore, the lead list provided by Plaintiff did not include an email address; consequently, she expressly consented to allow me to send her information through alternative means.

c. As evidenced by my lead list records, this information was sent to the Clerk and the Paronich office on March 7, 2025, which was the only available method to obtain such information directly from her.

2

d. These facts further demonstrate that claims—particularly those relating to class-wide conduct—are based on speculative assertions rather than on solid evidentiary foundations.

6. Conclusion and Relief Requested

313-457-3157

18200 W 12 Mile Rd, Apt 209

Southfield, MI 48076

Date – March 15, 2025

Khalid McCombs
18200 W 12 Mile Rd, Apt 209
Southfield, MI, 48076

U.S. POSTAGE PAID
FCM LETTER
REDFORD, MI 48239
MAR 18, 2025
$0.73
S2324P504012-25

Retail
60604
RDC 99

Everett McKinley Dirksen United State Courthouse
Clerks Office
219 South Dearborn St
Chicago, IL, 60604

60604-204687

RECEIVED

THE
CLERK, U.S. DISTRICT COURT