FILED

MAR 21 2025

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

KELLY BLAND, on behalf of herself and others similarly situated, Plaintiff,

v.

THE ALLSTATE CORPORATION D/B/A ALLSTATE HEALTH SOLUTIONS and KHALID MCCOMBS, Defendants.

Case No.: 1:24-CV-07077

DEFENDANT KHALID MCCOMBS' INITIAL DISCLOSURES

Defendant Khalid McCombs, in accordance with Federal Rule of Civil Procedure 26(a)(1), hereby submits these Initial Disclosures. These disclosures are based on the information available to the Defendant at this time, and Defendant reserves the right to amend or supplement these disclosures as additional facts are uncovered through discovery.

Defendant emphasizes that any allegations made by Plaintiff, including claims related to unsolicited communications or the violation of the Telephone Consumer Protection Act (TCPA), are refuted by clear and compelling evidence, as outlined below.

1. Individuals Likely to Have Discoverable Information (Fed. R. Civ. P. 26(a)(1)(A)(i))

The following individuals are likely to have discoverable information that may be used by Defendant to support his defenses or counter the Plaintiff's claims:

• Khalid McCombs: Contact through Defendant.

• Knowledge of communications with Plaintiff, including the process of sourcing the lead and verifying the accuracy of the contact information provided.

Defendant also has insight into the actions taken in good faith to ensure compliance with the TCPA, as well as evidence showing Plaintiff's previous involvement in similar litigation.

1

- Fiverr Lead Seller: Unknown (Seller located in Pakistan).

- Provided the lead, which included Plaintiff's phone number but did not include an email address. The seller represented the lead as being compliant with telemarketing regulations, which Defendant relied upon in good faith.

- Kelly Bland: Contact through Plaintiff's counsel.

- Knowledge of the alleged communications and her own involvement in providing contact information, as well as her history of filing similar lawsuits, which may be relevant to the claims made in this case.

2. Description of Documents (Fed. R. Civ. P. 26(a)(1)(A)(ii))

Defendant intends to rely on the following documents to refute Plaintiff's claims and to support Defendant's position in this case:

- Lead List: The lead list purchased by Defendant from a reputable seller, which contained Plaintiff's phone number but no email address. This lead, provided by Plaintiff in good faith, demonstrates that Defendant followed all necessary protocols in obtaining Plaintiff's contact details.

- Text Messages: Records of the text exchanges between Defendant and Plaintiff, including an explicit request for Plaintiff's email address. These communications demonstrate that Defendant took every possible step to ensure that Plaintiff was properly contacted and that all necessary consent was obtained.

- Communications with Lead Seller: Documentation and correspondence with the Fiverr seller who provided the lead list. The seller's representations and assurances that the leads were compliant with telemarketing laws are key to demonstrating Defendant's reliance on third-party assurances and the reasonable steps taken to avoid any violations.

- Plaintiff's Litigation History: Public records or other evidence of Plaintiff's pattern of filing similar TCPA lawsuits. This history may be used to show Plaintiff's consistent and possibly strategic engagement in litigation of this nature, which could be relevant to determining Plaintiff's motives and credibility.

2

Defendant reserves the right to supplement this list and provide additional documentation and evidence as discovery progresses.

3. Computation of Damages (Fed. R. Civ. P. 26(a)(1)(A)(iii))

Defendant does not anticipate any damages to be claimed by Defendant, as no liability is owed to Plaintiff. Any damages claimed by Plaintiff, including any statutory damages under the TCPA, will be disputed as unsupported by the facts of this case, especially given the steps taken by Defendant to ensure compliance.

4. Insurance Agreements (Fed. R. Civ. P. 26(a)(1)(A)(iv))

Defendant is not aware of any insurance agreements that could cover any portion of the potential claims in this case. Certification: I certify that the information provided is accurate to the best of my knowledge, and I am prepared to vigorously defend against these claims with both evidence and legal support.

Certificate of Service

I hereby certify that on [Date], I served a true and correct copy of the foregoing [Name of Document] via [method of delivery, e.g., U.S. Mail, email, or electronic filing system] to:

Paronich Law, P.C.

Anthony I. Paronich

350 Lincoln Street, Suite 2400

Hingham, MA 02043

anthony@paronichlaw.com

Respectfully submitted,

Khalid McCombs

kmccombs25@gmail.com

313-457-3157

18200 W 12 Mile Rd, Apt 209

Southfield, MI 48076

Date - March 15, 2025

Khalid McCombs
18200 W 12 mile Rd, Apt 209
Southfield, MI, 48076

Retail

U.S. POSTAGE PAID
FCM LETTER
REDFORD, MI 48239
MAR 15, 2025
$0.73
S2324P504012-25

60604

RDC 99

Everett Mckinley Dirksen United States Courthouse
Clerks Office
219 South Dearborn St
Chicago, IL, 60604

60604-204687

MAR 21 2025

THE
CLERK