**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| KELLY BLAND, on behalf of herself and others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> HEALTHCARE SOLUTIONS TEAM, LLC and KHALID MCCOMBS, <br><br> Defendants. | Case No.: 1:24-CV-07077 |

**PLAINTIFF'S MOTION TO STRIKE VARIOUS DOCUMENTS IMPROPERLY FILED BY DEFENDANT KHALID MCCOMBS**

Plaintiff Kelly Bland, by and through the undersigned counsel, and pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, hereby respectfully moves to strike Defendant Khalid McCombs' improperly filed documents, and in support thereof, states as follows:

**INTRODUCTION AND BACKGROUND**

This is a case arising out of alleged violations of the Telephone Consumer Protection Act (TCPA), by the Defendants, Healthcare Solutions Team, LLC (formerly improperly identified as The Allstate Corporation d/b/a Allstate Health Solutions), and its agent, Khalid McCombs. Mr. McCombs is proceeding in his defense of this matter *pro se*, as is his right. However, Mr. McCombs may not delay the orderly, efficient, and cost-effective resolution of this case by filing irrelevant documents, which counsel for Plaintiff suspects were generated at least partially by generative artificial intelligence, on the docket. Such filings clog the docket, create significant issues for Plaintiff's counsel (and counsel for Healthcare Solutions Team) in reviewing such irrelevant documents, determining which (if any) require responses, and then formulating

responses. For the reasons below, the Court should strike the documents Mr. McCombs has filed in this matter under ECF Nos. 29, 30, 31, 32, 33, and 34. The Court should further caution Mr. McCombs against filing documents not permitted under the Federal Rules of Civil Procedure in the future and strike such documents *sua sponte* should they be filed. Finally, as most of these documents appear to be generated and filed with the use of generative artificial intelligence, the Court should order Mr. McCombs to (1) identify which documents, if any, were drafted with such technology and (2) prohibit Mr. McCombs from using generative artificial intelligence in drafting any case-related document in this matter in the future.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). By its terms, the rule authorizes district courts to strike "insufficient" "defenses." Additionally, the courts may strike from any pleading "redundant, immaterial, impertinent, or scandalous matter." Allegations may be stricken if the matter alleged bears no possible relation to the controversy or may cause the objecting party prejudice. *Talbot v. Robert Matthews Distributing Co.,* 961 F.2d 654, 664 (7th Cir. 1992). And although motions to strike are generally disfavored, they are favored in circumstances when striking documents from the docket will "remove unnecessary clutter from the case" and thus expedite the timely resolution of this matter. *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989).

## ARGUMENT

**The Identified Pleadings Should Be Stricken As Insufficient and Impertinent**

As an initial matter, this court should strike the discovery materials Mr. McCombs has filed on the docket. As this Court has explained, "The local rules of the Northern District of

Illinois prohibit the filing of discovery materials as part of the public record except as evidence." *Hobley v. Burge*, No. 03 C 3678, 2006 WL 1460028, at *1 (N.D. Ill. May 24, 2006) (citing L.R. 26.3). Likewise, FED. R. CIV. P. 5(d) provides that certain discovery materials shall not be filed with the Clerk of the Court until used in the proceeding or the court orders filing. Mr. McCombs has filed various documents responding to discovery in this case on the docket, in contravention of Local Rule 26.3 and Rule 5(d) of the Federal Rules of Civil Procedure. The offending documents are as follows:

- ECF No. 31, filed March 13, 2025 – "Defendant Khalid McCombs' Responses to Plaintiff's First Set of Interrogatories and Requests for Production of Documents."
- ECF No. 32, filed March 21, 2025 – "Defendant Khalid McCombs' Initial Disclosures."
- ECF No. 33, filed March 15, 2025 – "Defendant Khalid McCombs' Amended Responses to Plaintiff's First Set of Interrogatories and Requests for Production of Documents."
- ECF No. 34, filed March 28, 2025 – "Notice of Filing Additional Evidence."

This Court should also strike the document filed at ECF No. 30 on March 21, 2025, a document entitled "Defendant Khalid McCombs' Response Regarding Consent." This document appears to be styled as a pleading attempting to assert the affirmative defense of consent, but is comprised mostly of nonsensical, conclusory statements of no relevance to this affirmative defense. For example, paragraph 2 states that the Defendant purchased leads from a "third-party seller who represented that the leads were compliant," and paragraph 3 references the Plaintiff's past litigation history. Not only are those inflammatory statements irrelevant, *Murray v. GMAC Mortgage Corp.*, 434 F.3d 948, 954 (7th Cir. 2006), but the document cannot be construed as a pleading because the Federal Rules of Civil Procedure do not address the appropriateness of any document couched as a "response" other than those enumerated. FED. R. CIV. P. 7(a) (outlining

3

pleadings allowed and not including "responses" of any sort). As a result, this document constitutes both an insufficient defense and impertinent matter.

Finally, the Court should also strike Defendant's Reply in Support of his Motion to Dismiss (ECF No. 29), filed on March 24, 2025, as untimely. This document was filed on March 24, 2025, and by any account was drafted on March 15, 2025. The Plaintiff filed a response in opposition to the portion of Mr. McCombs' answer which was styled as a "Motion to Dismiss and Challenge to Class Certification" on February 20, 2025. This portion of the Answer was filed, as an initial matter, without complying with the meeting requirement imposed by Judge Harjani's Rules. For that matter, the "Reply in Support" did not rectify the failure to abide by Judge Harjani's meet and confer requirement, further justifying denial of the motion to the extent the Court construes it as such. The reply in support was filed 32 days after the response in opposition to the motion was filed, which exceeds by more than double Judge Harjani's Rules, which require replies to be filed within 14 days after the response to the motion, which was filed in contravention of the Court's meet-and-confer requirement as outlined above. As such, the matter is impertinent, insufficient, redundant, and immaterial.

**The Court Should Issue Further Orders to Address These and Similar Filings**

Based on communications with Mr. McCombs, it is evident that Mr. McCombs intends to file still further impertinent documents with the court, and it is also evident that Mr. McCombs is using some sort of generative artificial intelligence program to draft these irrelevant pleadings and file them with the court. This Court should caution Mr. McCombs that his *pro se* status does not excuse his compliance with the Local and Federal Rules of Civil Procedure or the Policies and Procedures for the Judges assigned to this case. *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008) (upholding entry of case-dispositive sanctions against a *pro se* party for

repeated procedural violations, including, as here, attempting to file discovery papers with the clerk's office instead of serving them on opposing counsel).

Moreover, Mr. McCombs' apparent use of generative artificial intelligence raises serious procedural and ethical concerns. As demonstrated in the email attached herein as Exhibit A, Mr. McCombs has indicated that he will not disclose to counsel for Plaintiff (or for Defendant Healthcare Solutions Team) whether he has used or continues to use generative artificial intelligence in the preparation of any of the documents in this litigation absent a court order compelling him to do so. (Exhibit A).

Mr. McCombs' refusal to identify whether he used and continues to use AI is problematic in several respects. The pleadings sought to be struck here contain several indicia that they were generated using artificial intelligence, including the overuse of gerunds, the use of overly polished language, and the formatting of responses in a list-based format. *See Unveiling the Imperfections: Detecting and Understanding the Quirks of AI-Generated Text*, TOPMOST ADS (Feb. 15, 2025), https://topmostads.com/detecting-and-understanding-the-quirks-of-ai-generated-text/. That Mr. McCombs' pleadings here include the textbook indicia of the use of artificial intelligence, as well as Mr. McCombs' refusal to disclose whether he uses or used artificial intelligence to file the various documents in this matter raise a strong presumption he is doing so.

Mr. McCombs has the right to represent *himself* in this matter. He has the right to have a *licensed attorney* represent him in this matter. He has no right to have an artificial intelligence chatbot represent him, nor does he have the right to pass off that chatbot's output as his own. *See In re: Peterson*, No. 19-24045, 2022 WL 1800949, at *51 (Bankr. D. Md. June 1, 2022) (holding automated bankruptcy filing platform that did not use artificial intelligence nevertheless was engaging in the unauthorized practice of law). And although an issue of first impression, a *pro se*

5

party's use of generative AI to bang out multiple pleadings and then spamming the docket with the same, as here, almost unquestionably constitutes unauthorized practice of law because an unaccountable and unexaminable AI is drafting documents and engaging in legal reasoning, conduct protected and restricted to attorneys. Joseph J. Avery et al., *ChatGPT, Esq.: Recasting Unauthorized Practice of Law in the Era of Generative AI*, 26 YALE J. L. & TECH., 64, 97 (positing that entities who use AI in legal document generation violate UPL rules as they currently exist); Brooke K. Brimo, *How Should Legal Ethics Rules Apply When Artificial Intelligence Assists Pro Se Litigants?*, 37 GEORGETOWN J. L. ETHICS, 549, 556-561 (2022) (positing that *pro se* litigants' use of AI constitutes unauthorized practice of law and is distinguishable from self-help resources because an unaccountable computer program is performing tasks traditionally given to lawyers, including drafting content).

Even putting aside the ethical concerns and UPL issues surrounding Mr. McCombs' use (or suspected use) of AI in this matter, Mr. McCombs' use of AI here is particularly problematic in that it is impeding the orderly progression of this case, thus justifying the relief sought here of an order prohibiting Mr. McCombs from using AI in this matter going forward. *See* FED. R. CIV. P. 1. If this use of AI goes unchecked, it will result in a form of so-called "paper terrorism," forcing the Court and other parties to review, consider, and file appropriate human-generated responses to countless AI-generated documents that Mr. McCombs can churn out at the click of a button. *Cf. El Ameen Bey v. Stumpf*, 825 F. Supp. 2d 537, 541 (D.N.J. 2011) (striking nonsensical filings by *pro se* litigant and explaining that such "paper terrorism" is pursued not to advance the timely resolution of the litigation but rather in an attempt to "legitim[ize claims] as a result of having their paperwork simply entered on the docket of a federal court."). An order prohibiting the use of the AI is the best and most measured response to such use at this stage of the litigation.

## CONCLUSION

For the foregoing reasons, the Court should strike ECF Nos. 29, 30, 31, 32, 33, and 34 from the docket, caution Mr. McCombs against filing such irrelevant and impermissible documents on the docket in the future, order Mr. McCombs to disclose whether, and in what instances, he has used an AI in this matter, and issue an order prohibiting Mr. McCombs from using any AI in this matter going forward.

RESPECTFULLY SUBMITTED AND DATED this March 31, 2025

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
N.D. Ill. Gen. Bar #333687
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

*Attorney for Plaintiff*

## CONFERRAL CERTIFICATE

Counsel for Plaintiff conferred with counsel for Defendants on March 31, 2025 with respect to the subject of this motion. Counsel for Healthcare Solutions Team, LLC takes no position on the requested relief. Mr. McCombs is opposed and contends that his filings are "legally valid and should not be stricken under Rule 12(f). Additionally, as a pro se litigant, I'm entitled to some leniency on procedural matters."

RESPECTFULLY SUBMITTED AND DATED this March 31, 2025

*/s/ Andrew Roman Perrong*

## CERTIFICATE OF SERVICE

I hereby certify that on March 31, 2025, a copy of the foregoing was served electronically on counsel for the Defendant/Defendant via e-mail at kmccombs25@gmail.com, jani.mikel@akerman.com, ryan.roman@akerman.com, as per operation of the CM/ECF filing system. I further certify that I mailed a copy of the foregoing to:

KHALID MCCOMBS
18200 W 12 MILE RD, APT 209
SOUTHFIELD, MI 48076
Tracking Number: 00310903331480001344

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.