MR FILED
4/8/2025
RM
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

KELLY BLAND, on behalf of herself and others similarly situated,
Plaintiff,


v.


HEALTHCARE SOLUTIONS TEAM, LLC and KHALID MCCOMBS,
Defendants.


Case No.: 1:24-CV-07077


Resubmission of Motion to Quash


Dear Clerk of the Court,


I am resubmitting the following documents that were originally sent to the court on March 23, 2025, but were not posted on the docket:


1. Motion to Quash for Fiverr, Visible, Google, and OpenAI


These documents were included in the same mailing package as other materials that were properly filed, but they were not docketed. Given that the deadline for filing is April 8, 2025, I am resending the original copies to ensure they are properly recorded.


Enclosed are the original copies of the Motion to Quash. I respectfully request that these

documents be processed and posted to the docket. I appreciate your attention to this matter and ask that you please confirm receipt and posting of these documents. Should you require any further information or clarification, please feel free to contact me via the mailing address provided below.

Thank you for your time and assistance.

Respectfully submitted,

Signed – Khalid McCombs
Pro Se
18200 W 12 Mile Rd, Apt 209
Southfield, Michigan 48076
kmccombs25@gmail.com

Enclosures:

• Motion to Quash (Fiverr, Visible, Google, OpenAI)

Certificate of Service

I, Khalid McCombs, hereby certify that on April 5, 2025, a true and correct copy of the foregoing Resubmission of Motion to Quash was served via Certified Mail (or U.S. Mail) upon the Clerk of the Court at the address listed below.

Paronich Law, P.C.
Anthony Paronich, Esq.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Email: anthony@paronichlaw.com

Perrong Law LLC
Andrew Roman Perrong, Esq.
N.D. Ill. Gen. Bar #333687

2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Email: a@perronglaw.com


Clerk of the Court
United States District Court
Northern District of Illinois, Eastern Division
219 South Dearborn Street
Chicago, IL 60604


Signed: Khalid McCombs


Dated: April 5, 2025

3

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Case No.: 1:24-CV-07077

KELLY BLAND, on behalf of herself and others similarly situated,
Plaintiff,

v.

THE ALLSTATE CORPORATION D/B/A ALLSTATE HEALTH SOLUTIONS
and KHALID MCCOMBS,
Defendants.

DEFENDANT KHALID MCCOMBS' MOTION TO QUASH SUBPOENA ISSUED TO FIVERR

Defendant Khalid McCombs, by and through his undersigned counsel, respectfully moves this Court to quash the subpoena issued by Plaintiff's counsel to Fiverr, LLC, dated , March 15, 2025 on the grounds that Plaintiff's counsel has committed multiple errors in the issuance of the subpoena, including the use of the wrong entity name and improper service.

In support of this motion, Defendant states as follows:

1. Incorrect Entity Name in Subpoena

Plaintiff's counsel has issued a subpoena to Fiverr, LLC, which incorrectly names the entity involved in the case. The subpoena refers to "Allstate Corporation" as the entity under subpoena, which is not the proper party in this case, as Allstate Corporation is not responsible for the actions alleged in the complaint. Instead, the Defendant in this case is Khalid McCombs, a licensed insurance agent working independently under a business relationship with Allstate Health Solutions.

The use of the incorrect entity name in the subpoena constitutes a significant procedural error. A subpoena must correctly identify the entity to which it is directed, and failing to do so compromises the integrity of the discovery process.

1



### 2. Improper Service of Subpoena

The subpoena issued to Fiverr, LLC, was not properly domesticated in the jurisdiction required by the relevant laws governing subpoenas. Fiverr, LLC, is a third-party vendor based outside the jurisdiction, and Plaintiff's counsel did not adhere to the procedural requirements for serving a subpoena to a non-party in this situation.

According to the Uniform Interstate Depositions and Discovery Act (UIDDA) and applicable federal rules, subpoenas must be served in accordance with the laws of the state where the non-party resides or is located. Failure to comply with these laws renders the subpoena invalid and unenforceable. Plaintiff's counsel failed to domesticate the subpoena in accordance with these requirements, and as such, it should be quashed.

### 3. Subpoena Seeks Irrelevant Information

The subpoena issued to Fiverr, LLC, also seeks information that is irrelevant to the claims in this case. The Plaintiff's request to Fiverr for information related to a third-party email account and any associated records is not directly tied to the Defendant's actions, and such information is not necessary to resolve the issues in this case. The broad and expansive nature of the subpoena, combined with the misidentification of the party to whom the subpoena is addressed, constitutes an improper use of the discovery process.

### 4. Harassment and Unnecessary Burden on Defendant

The issuance of an improperly issued and overly broad subpoena to Fiverr, LLC, places an undue burden on Defendant Khalid McCombs and seeks to harass a third-party vendor that was not properly named or identified in the initial case filings. Defendant has already shown that his actions in this matter were compliant with telemarketing regulations, and the Plaintiff's counsel's overreach in subpoenaing Fiverr for unrelated and irrelevant data is an attempt to burden Defendant with unnecessary discovery processes that serve no legitimate purpose.

### 5. Legal Precedents Supporting the Quashing of Improper Subpoenas

It is well-established under Rule 45 of the Federal Rules of Civil Procedure that a court may quash a subpoena when the subpoena:

• Fails to name the proper party,

• Is issued improperly,

• Seeks irrelevant or overly broad information, or

• Places an undue burden on the party or non-party to whom it is directed.
In this case, all of these factors are present, and the subpoena issued by Plaintiff's counsel should be quashed as a result.

REQUEST FOR RELIEF

Based on the aforementioned errors and procedural defects, Defendant Khalid McCombs respectfully requests that the Court:

1. Quash the subpoena issued by Plaintiff's counsel to Fiverr, LLC, on the grounds of improper party identification, improper service, irrelevance, and undue burden.

2. Order Plaintiff's counsel to issue a corrected subpoena, properly identifying the correct parties and ensuring compliance with relevant rules and regulations.

3. Provide any other relief the Court deems just and proper.

WHEREFORE, Defendant Khalid McCombs respectfully requests that the Court grant this Motion to Quash and provide any other relief deemed necessary.

Here's the updated Certificate of Service with the filing date of March 23, 2025:

CERTIFICATE OF SERVICE

I, Khalid McCombs, hereby certify that on this 23rd day of March, 2025, a true and correct copy of the Subpoena Response was served upon the following parties via Certified Mail, U.S. Mail, or Email:

Fiverr
8 Eliezer Kaplan St.
Tel Aviv 6473409
Israel
privacy@fiverr.com

Perrong Law LLC

3

Andrew Roman Perrong, Esq.
N.D. Ill. Gen. Bar #333687
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
215-225-5529 (CALL-LAW)
a@perronglaw.com
Attorney for Plaintiff

Clerk of the Court
United States District Court
Northern District of Illinois
219 South Dearborn Street
Chicago, IL 60604

Dated: March 23, 2025

Respectfully submitted,

Khalid McCombs

Pro Se
Khalid McCombs
18200 W 12 Mile Rd, Apt 209
Southfield, Michigan, 48076
kmccombs25@gmail.com

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION


Case No.: 1:24-CV-07077


KELLY BLAND, on behalf of herself and others similarly situated,
Plaintiff,


v.


THE ALLSTATE CORPORATION D/B/A ALLSTATE HEALTH SOLUTIONS and KHALID MCCOMBS,
Defendants.


DEFENDANT KHALID MCCOMBS' MOTION TO QUASH SUBPOENA


Defendant Khalid McCombs, in pro se, respectfully moves this Court to quash the subpoena issued to him on March 15, 2025, and in support thereof states as follows:


I. INTRODUCTION

Plaintiff's counsel has issued subpoenas containing critical procedural errors, most notably the repeated misidentification of the proper Defendant entity. These errors have persisted throughout the discovery process, with Plaintiff's counsel only recently correcting the entity name after multiple invalid subpoenas were issued. This pattern of carelessness has resulted in unnecessary delays and burdens for Defendant. The subpoenas are legally flawed, and this Court should quash them in their entirety. In addition ChatGPT is also located in California so same Illegal Subpeona process will apply with ChatGPT as it did with Google.


II. ARGUMENT

1

1. Incorrect Entity Name and Procedural Deficiencies:

• Plaintiff's counsel repeatedly issued subpoenas under the wrong entity name, identifying "The Allstate Corporation d/b/a Allstate Health Solutions" instead of the proper entity, "Health Care Solutions Team, LLC."

• The failure to properly identify the correct party in legally binding documents is not a minor oversight; it demonstrates a lack of diligence and renders the subpoenas invalid.

• Plaintiff only corrected the entity name after issuing multiple subpoenas and discovery requests under the wrong entity. These defective subpoenas should be quashed outright.

2. Overbroad and Irrelevant Requests:

• The subpoena demands records related to a ChatGPT account, which is entirely irrelevant to the allegations in this case.

• Additionally, Plaintiff seeks records covering periods before Defendant was even licensed as an insurance agent (Defendant obtained his license on November 21, 2022), further demonstrating the overly broad and improper nature of the request.

3. Lack of Connection to the Requested Information:

• Defendant does not have any affiliation with the ChatGPT account or any other account tied to the email address kmccombs25@gmail.com in relation to this case.

• Plaintiff's fishing expedition into irrelevant accounts and timeframes is improper and lacks any factual basis.

4. Misuse of Discovery Process:

• The repeated errors in identifying the proper entity and the pursuit of irrelevant records indicate that Plaintiff's counsel is using discovery not to seek meaningful evidence but to burden Defendant with

unnecessary legal maneuvers.

• Google has already objected to the subpoenas on procedural grounds, further reinforcing their invalidity.

III. CONCLUSION

For the foregoing reasons, Defendant Khalid McCombs respectfully requests that this Court:

• Quash the subpoena issued to him on March 15, 2025, due to the procedural errors, misidentification of the proper entity, and overly broad, irrelevant requests.

• Order that any future subpoenas be subject to proper procedural compliance and correctly identify the proper Defendant.

• Grant any further relief this Court deems just and proper.

CERTIFICATE OF SERVICE

(Motion to Quash Subpoena Issued to ChatGPT/OpenAI)

I hereby certify that on this 23rd day of March, 2025, I served a true and correct copy of the foregoing Motion to Quash Subpoena issued to ChatGPT/OpenAI by Certified Mail and via electronic email to the following parties:

Plaintiff's Counsel:
Andrew Roman Perrong, Esq.
N.D. Ill. Gen. Bar #333687
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
a@perronglaw.com

OpenAI, Inc.
Legal Department
3180 18th Street

3

San Francisco, CA 94110
Support@openai.com


Respectfully submitted,

Khalid McCombs
18200 W 12 Mile Rd, Apt 209
Southfield, MI 48076
kmccombs25@gmail.com

Dated: March 23, 2025

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION


Case No.: 1:24-CV-07077


KELLY BLAND, on behalf of herself and others similarly situated,
Plaintiff,


v.


THE ALLSTATE CORPORATION D/B/A ALLSTATE HEALTH SOLUTIONS
and KHALID MCCOMBS,
Defendants.


MOTION TO QUASH SUBPOENA


Defendant, Khalid McCombs, hereby files this motion to quash the subpoena issued by Plaintiff's
counsel seeking production of certain documents and communications. In support of this motion,
Defendant respectfully states the following:


1. Overly Broad and Unreasonable Requests:


The subpoena requests that I produce my entire phone records, including calls and text messages, from
August 12, 2020, through the present. This request is unreasonable and burdensome for several
reasons. First, I was only licensed as an insurance agent in November 2022, and I did not enter into a
contractual relationship with HST or Allstate until August 2023. Prior to this time, I was not actively
engaged in any business activity that would generate the requested phone records. Additionally, I did
not begin working for Allstate as an agent until August 2023, and even then, my work has been part-
time and minimal.


2. Phone Carrier and Access to Records:


At the time of the requested records, I was not using Visible as my phone carrier. As a result, it is highly
unlikely that the requested records could even be obtained from Visible. To verify this, I have already
made a request for a download of files from Visible for the relevant period. Unfortunately, the files I

received were blank and contain no usable data. As such, the requested records do not exist in a form that could be provided to the Plaintiff.

3. Impossibility of Compliance:

Given the above, I am unable to provide the requested call logs or text message records for the period in question. Furthermore, the records I do have are not relevant to the Plaintiff's claims, as my actions only commenced in late 2022, and my work as a licensed agent only began in 2023 with minimal activity.

4. Unethical Request:

The Plaintiff's request for a comprehensive download of my communications, spanning multiple years prior to my involvement in this case, is overly broad and unethical. It appears to be a fishing expedition rather than a reasonable request for evidence directly related to the claims at issue in this case.

5. Plaintiff's Counsel's Mistake Regarding Entity:

Additionally, Plaintiff's counsel, Andrew R. Perrong, has made a significant error regarding the entity involved in this matter. Initially, the subpoena identified the business entity as "Allstate" instead of the correct name, "Healthcare Solution Team LLC." This misidentification led to an unnecessary focus on irrelevant data from "Allstate," wasting time and resources. The subpoena failed to address "Healthcare Solution Team LLC," which is the proper entity under which I operate for these matters. It was only after a delay that Plaintiff's counsel corrected this mistake. This oversight resulted in unnecessary delays and a diversion of efforts from the correct entity, which has not only wasted valuable time but also caused significant disruption to the case's progression.

WHEREFORE, Defendant, Khalid McCombs, respectfully requests that this Court quash the subpoena issued to produce records from 2020 to the present, as it is overly broad, unreasonable, impossible to comply with, and based on a misunderstanding of the correct business entity involved.

Motion to Quash Subpoena Issued to Visible Mobile)

Visible Mobile

1200 17th St
Denver, Colorado, 80202
Email: support@visible.com

2



Perrong Law LLC
Andrew Roman Perrong, Esq.
N.D. Ill. Gen. Bar #333687
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Email: a@perronglaw.com
Attorney for Plaintiff


Clerk of the Court
United States District Court
Northern District of Illinois
219 South Dearborn Street
Chicago, IL 60604


Dated: March 23, 2025


Respectfully submitted,


Khalid McCombs

Pro Se
Khalid McCombs
18200 W 12 Mile Rd, Apt 209
Southfield, Michigan, 48076
kmccombs25@gmail.com

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Case No.: 1:24-CV-07077

KELLY BLAND, on behalf of herself and others similarly situated,
Plaintiff,

v.

THE ALLSTATE CORPORATION D/B/A ALLSTATE HEALTH SOLUTIONS and KHALID MCCOMBS,
Defendants.

DEFENDANT KHALID MCCOMBS' MOTION TO QUASH SUBPOENA

Defendant Khalid McCombs, in pro se, respectfully moves this Court to quash the subpoena issued to
Google LLC on March 15, 2025, and in support thereof states as follows:

I. INTRODUCTION

1. On March 15, 2025, a subpoena was issued by Andrew R. Perrong, Perrong Law, LLC, requesting
documents and testimony related to certain Google accounts.

2. Google LLC responded on March 18, 2025, objecting to the subpoena on multiple grounds, including
jurisdictional defects, improper service, overbreadth, lack of specificity, undue burden as a non-party,
and potential violations of the Stored Communications Act.

1

3. Defendant Khalid McCombs contends that the subpoena is not only procedurally defective but is being used as a tool to gain leverage through the unlawful discovery of sensitive information. Additionally, Defendant highlights significant errors in the issuance of the subpoena related to the misidentification of the Defendant entity. Accordingly, Defendant respectfully requests that the Court quash the subpoena in its entirety.

II. FACTUAL BACKGROUND

1. Issuance of the Subpoena:

On March 15, 2025, Andrew R. Perrong of Perrong Law, LLC served a subpoena directed at Google LLC requesting production of documents and testimony related to one or more Google accounts allegedly connected to this litigation.

2. Google's Response:

Google LLC, a non-party to the litigation, responded on March 18, 2025, objecting to the subpoena on several grounds:

• Jurisdiction and Proper Service:

Google asserts that the subpoena was not properly domesticated in California and that service on a non-party located in Santa Clara County is improper.

• Insufficient Information:

The subpoena fails to adequately identify the relevant Google account(s) by omitting necessary details such as specific identifiers, reliable date ranges, or clear designations.

• Undue Burden and Stored Communications Act:

Google contends that the request imposes an undue burden by seeking sensitive data protected under the Stored Communications Act, which prohibits the disclosure of electronic communication content

without appropriate legal process.

• First Amendment and Privacy Considerations:

Google objects to the potential unmasking of user identities, which may infringe on First Amendment rights and other privacy protections.

3. Defendant's Clarification on Email Usage:

Defendant McCombs wishes to clarify the use of his Google accounts in relation to this matter:

• Primary Business Email:

The email address kmccombs@hst.com is used for all business transactions related to HST and Allstate Health Solutions products.

• Personal and General Business Email:

The email address kmccombs25@gmail.com is Defendant's personal email, which he has maintained since high school. It is used primarily for personal matters and other business unrelated to Allstate Health Solutions. Any notifications related to Allstate business that arrive at this address are automatically forwarded to the kmccombs@hst.com address to ensure proper handling.

• No Complaints:

Defendant has not received any complaints regarding his conduct in business dealings with Allstate and HST. All interactions were carried out in good faith, with reasonable efforts to ensure compliance with relevant regulations.

4. Abuse of the Discovery Process:

Defendant asserts that the subpoena appears to be used primarily to gain leverage by coercing disclosure of information that should be obtained directly from the party controlling the account data rather than from a disinterested non-party.

3

III. ARGUMENT

A. Jurisdictional Defects and Improper Service

• Non-Domestication:

Google is headquartered in California, and its documents are retrievable only from its Santa Clara County office. The subpoena was not properly domesticated in California pursuant to Cal. Civ. Proc. Code §§ 2029.100 et seq. and applicable UIDDA requirements.

• Service on a Non-Party:

The subpoena improperly seeks discovery from Google, a non-party. The appropriate procedure would be to direct such discovery requests to the party in possession of the data, thereby avoiding the undue burden on an unrelated entity.

B. Overbreadth, Lack of Specificity, and Undue Burden

• Insufficient Identifiers:

The subpoena fails to provide specific identifiers (such as precise account information, date ranges, or unique identifiers) necessary to pinpoint the records sought. Given Google's vast user base, this lack of specificity renders any search impractical and overly burdensome.

• Excessive Scope:

By attempting to obtain comprehensive information that could encompass hundreds of millions of user records, the subpoena is overbroad and not narrowly tailored to serve the needs of this litigation.

C. Violations of the Stored Communications Act and Privacy Rights

• Protected Communications:
The subpoena seeks information protected by the Stored Communications Act. Google has objected on the grounds that the production of such content would violate federal law by disclosing the contents of electronic communications.

• Privacy and First Amendment Concerns:
The attempt to unmask identities or obtain user-generated content without sufficient legal safeguards raises significant privacy and First Amendment issues.

4

D. Misuse of Discovery for Unlawful Leverage

• Improper Discovery Tactic:

Defendant contends that the subpoena is being used not for legitimate discovery purposes but as a leverage tool to coerce the production of sensitive information.

• Alternative Avenues Available:
If relevant information is needed, it should be obtained directly from the party controlling the data or through proper channels with appropriate judicial oversight rather than by burdening a non-party with an expansive and vague discovery request.

E. Plaintiff's Lawyer's Mistakes Regarding Defendant's Entity

1. Entity Misunderstanding:

The Plaintiff's lawyer, Andrew R. Perrong, has demonstrated a misunderstanding of Defendant's business structure and practices, which has led to improper subpoenas and time-wasting legal maneuvers. Specifically:

• Incorrect Assumptions About the Business Entity: The Plaintiff's lawyer originally identified the business entity as "Allstate" instead of the correct entity name, Healthcare Solution Team LLC. This initial mistake led to an unnecessary focus on irrelevant data.

• Failure to Direct Discovery to the Right Entity: The subpoena failed to properly address Healthcare Solution Team LLC, which is the entity Defendant operates under for this matter. Instead, Plaintiff's lawyer initially pursued "Allstate," resulting in a waste of resources.

• Failure to Correct the Entity Name Earlier: The Plaintiff's lawyer only corrected this error after a significant delay, during which time unnecessary discovery was pursued against the wrong entity. This mistake highlights a lack of due diligence and prolongs the case unnecessarily.

• Excessive and Unfocused Requests: The confusion regarding entities has led to excessive and unfocused discovery requests that only serve to delay the proceedings rather than move the case forward in a meaningful way.

• Correct Entity Identified Only After Everything Else: It was only after the subpoena was served and significant time had passed that the Plaintiff's lawyer acknowledged the correct business entity, Healthcare Solution Team LLC. This oversight has resulted in unnecessary delays, misdirection of resources, and a significant waste of both the Court's and Defendant's time, as the wrong entity was initially pursued.

IV. CONCLUSION

For the foregoing reasons, Defendant Khalid McCombs respectfully requests that this Court grant his Motion to Quash the subpoena issued to Google LLC in its entirety. Defendant further requests any additional relief the Court deems just and proper, including an award of reasonable fees and costs associated with this motion, particularly considering the unnecessary mistakes and delays caused by the Plaintiff's counsel.

CERTIFICATE OF SERVICE

(Motion to Quash Subpoena Issued to Google LLC)

I hereby certify that on this 23rd day of March, 2025, I served a true and correct copy of the foregoing Motion to Quash Subpoena issued to Google LLC by Certified Mail and via electronic email to the following parties:

Plaintiff's Counsel:
Andrew Roman Perrong, Esq.
N.D. Ill. Gen. Bar #333687
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
a@perronglaw.com

Google LLC, Legal Department:
1600 Amphitheatre Parkway
Mountain View, CA 94043
Email: google-legal-support@google.com

Respectfully submitted,

Khalid McCombs
18200 W 12 Mile Rd, Apt 209
Southfield, MI 48076
Phone: 313-457-3157
Email: knccombs25@gmail.com

Dated: March 23, 2025




PME
REDF0
APR 05

60604

RDC 07

$31

S2324P

**PRIORITY MAIL EXPRESS®**





# UNITED STATES POSTAL SERVICE®

## PRIORITY MAIL EXPRESS®



ER 169 535 705 US

**CUSTOMER USE ONLY**

FROM: (PLEASE PRINT)    PHONE ( 313 ) 457 3157

Khalid McCombs
18200 W 12 Mile Rd, Apt 209
Southfield, MI, 48076

**PAYMENT BY ACCOUNT (if applicable)**
Federal Agency Acct. No. or Postal Service™ Acct. No.

**ORIGIN (POSTAL SERVICE USE ONLY)**

| PO ZIP Code | Scheduled Delivery Date (MM/DD/YY) | Postage |
|---|---|---|
| 48239 | 4/8/25 | $ 31.40 |

| Date Accepted (MM/DD/YY) | Scheduled Delivery Time | Insurance Fee | COD Fee |
|---|---|---|---|
| 4/5/25 | ☐ 10:30 AM ☐ 3:00 PM | $ | $ |

**DELIVERY OPTIONS (Customer Use Only)**
☑ SIGNATURE REQUIRED Note: The mailer must check the "Signature Required" box if the mailer: 1) Requires the addressee's signature; OR 2) Purchases additional insurance; OR 3) Purchases COD service; OR 4) Purchases Return Receipt service. If the box is not checked, the Postal Service will leave the item in the addressee's mail receptacle or other secure location without attempting to obtain the addressee's signature on delivery.
**Delivery Options**
☐ No Saturday Delivery (delivered next business day)
☐ Sunday/Holiday Required (additional fee, where available)*
*Refer to USPS.com® or local Post Office™ for availability.

| Time Accepted | ☐ AM ☐ PM | Return Receipt Fee | Live Animal Transportation F |
|---|---|---|---|
| 4:35 ✗ | Tuesdy | $ | $ |

| Special Handling/Fragile | Sunday/Holiday Premium Fee | Total Postage & Fees |
|---|---|---|
| $ | $ | 31.40 |

| Weight | ☐ Flat Rate | Acceptance Employee Initials | $ |
|---|---|---|---|
| lbs. 450 oz | | B | |

TO: (PLEASE PRINT)    PHONE ( )

Clerk of Court
United States District Court
Northern District of Illinois, Eastern Division
219 South Dearborn Street
Chicago, IL, 60604

ZIP + 4® (U.S. ADDRESSES ONLY)
6 0 6 0 4

■ For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
■ $100.00 insurance included.

**DELIVERY (POSTAL SERVICE USE ONLY)**

| Delivery Attempt (MM/DD/YY) | Time | Employee Signature |
|---|---|---|
| | ☐ AM ☐ PM | |

| Delivery Attempt (MM/DD/YY) | Time | Employee Signature |
|---|---|---|
| | ☐ AM ☐ PM | |

LABEL 11-B, NOVEMBER 2023    PSN 7690-02-000-9996


⬅ **PEEL FROM THIS CORNER**

**PRIORITY MAIL EXPRESS®**
**FLAT RATE ENVELOPE**
■ ANY WEIGHT

PRESS FIRMLY TO SEAL

e free Package Pickup,
n the QR code.



.COM/PICKUP



0001000006

EP13F October 2023
OD: 12 1/2 x 9 1/2






UNITED S
POSTAL SE