

MR FILED 4/8/2025 RM
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

Kelly Bland, on behalf of herself and others similarly situated,
Plaintiff,

v.

Healthcare Solutions Team, LLC and Khalid McCombs,
Defendants.

Case No.: 1:24-CV-07077

## DEFENDANT KHALID MCCOMBS' RESPONSE TO PLAINTIFF'S MOTION TO STRIKE

### INTRODUCTION

Plaintiff's Motion to Strike is an attempt to remove Defendant's filings based on procedural objections rather than engaging with the substantive issues of the case. Striking a filing is an extreme measure under the Federal Rules of Civil Procedure and is generally disfavored by courts. Defendant's filings are relevant, submitted in good faith, and do not meet the standard for striking under Rule 12(f).

### LEGAL ARGUMENT

**1. Plaintiff's Motion Lacks a Legal Basis Under Rule 12(f)**

1

Federal Rule of Civil Procedure 12(f) permits a court to strike material from a pleading only if it is "redundant, immaterial, impertinent, or scandalous." Courts have consistently held that motions to strike are disfavored and should not be used to sidestep addressing issues on the merits.

"Motions to strike are not favored and are usually denied unless the language in the pleading has no possible relation to the controversy." Williams v. Jader Fuel Co., 944 F.2d 1388, 1405 (7th Cir. 1991).

A filing should not be stricken unless it has no bearing on the case or would cause undue prejudice. Otero v. Vito, 603 F. Supp. 2d 612, 617 (E.D. Pa. 2009). Defendant's filings directly relate to the claims and defenses in this case and should not be stricken.

2. Pro Se Filings Are to Be Construed Liberally

The Supreme Court and Seventh Circuit have consistently held that pro se litigants' filings should be given a liberal construction.

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).

The Seventh Circuit has similarly recognized that pro se litigants should not be held to the same technical standards as attorneys. Donald v. Cook Cnty. Sheriff's Dep't, 95 F.3d 548, 555 (7th Cir. 1996).

Plaintiff's motion improperly seeks to impose strict procedural requirements that are contrary to these well-established principles.

2

3. Plaintiff's Motion Serves as a Litigation Tactic Rather Than Addressing the Merits

Rather than responding to the substance of Defendant's filings, Plaintiff instead moves to strike them entirely. Courts generally disfavor motions to strike that are used as a delay tactic or an attempt to avoid responding to legal arguments.

"Motions to strike are rarely granted unless the language in question will cause significant prejudice to one of the parties or delay proceedings." Vakharia v. Little Co. of Mary Hosp., 2 F. Supp. 2d 1028, 1033 (N.D. Ill. 1998).

The fair and proper course would be for Plaintiff to respond to Defendant's arguments rather than seeking to strike them.

4. Defendant's Filings Were Authored Independently Without AI Assistance

Plaintiff alleges that Defendant's filings were generated, at least in part, by generative artificial intelligence. Defendant completely denies this claim.

• Defendant does not have a ChatGPT account and has not used any AI tool to draft or prepare any legal filings.

• Defendant's filings are entirely self-authored and were prepared in good faith.

• Plaintiff has provided no evidence to support this allegation.

Even if AI assistance had been used (which it was not), Plaintiff has cited no rule or authority prohibiting such assistance. The claim is both factually incorrect and legally irrelevant.

3

ADDITIONAL CLARIFICATIONS AND JURISDICTIONAL CONCERNS

Harassment and Improper Subpoenas by Perrong

• "I further wish to note that Perrong has persistently harassed me regarding issues related to AI. At every opportunity, he has raised concerns about the use of AI, and on one occasion, he issued subpoenas that appear to be improper and unauthorized.

• "It is important to note that these subpoenas were objected to by both Google and ChatGPT, highlighting the questionable nature of his actions and further underscoring the procedural irregularities in this matter.

Timeline and Jurisdictional Clarification
"Your Honor, I would also like to clarify critical facts regarding my involvement and the relevant jurisdiction:

• My first policy with HST was written on October 26, 2023.

• I had contact with Kelly on November 27, 2023.

• At the time—and even now—I am not licensed in Illinois.

• Furthermore, Kelly resides in Texas, which raises questions about the relevance and jurisdiction of the claims as they pertain to Illinois law.

These facts demonstrate that I was not actively operating as a licensed agent in Illinois when these events occurred and underscore that the Plaintiff's claims may not properly fall within the intended jurisdiction.

4

Refined Push for Broader Consideration

"If the Court is receptive, I would also suggest that, rather than focusing solely on a procedural challenge such as this Motion to Strike, the Court consider broader jurisdictional issues and the merits of the Plaintiff's claims. The inconsistencies in jurisdiction given my lack of Illinois licensing and the fact that Kelly resides in Texas as well, as the improper actions taken by Perrong, further undermine the basis for the Plaintiff's claims."

CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court deny Plaintiff's Motion to Strike and allow Defendant's filings to remain on the record.

Dated: April 3, 2025

Respectfully submitted,

Khalid McCombs
Pro Se
18200 W 12 Mile Rd, Apt 209
Southfield, Michigan 48076
kmccombs25@gmail.com

CERTIFICATE OF SERVICE

I, Khalid McCombs, hereby certify that on this 3rd day of April 2025, a true and correct copy of the foregoing Defendant's Response in Opposition to Plaintiff's Motion to Strike was served upon the following parties via Certified Mail, U.S. Mail, or Email:

5

Paronich Law, P.C.
Anthony Paronich, Esq.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Email: anthony@paronichlaw.com


Perrong Law LLC
Andrew Roman Perrong, Esq.
N.D. Ill. Gen. Bar #333687
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Email: a@perronglaw.com


Clerk of the Court
United States District Court
Northern District of Illinois, Eastern Division
219 South Dearborn Street
Chicago, IL 60604


Dated: April 3, 2025


Signed: Khalid McCombs

