**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| KELLY BLAND, on behalf of herself and others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> HEALTHCARE SOLUTIONS TEAM, LLC and KHALID MCCOMBS, <br><br> Defendants. | Case No.: 1:24-CV-07077 |

**REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE VARIOUS DOCUMENTS IMPROPERLY FILED BY DEFENDANT KHALID MCCOMBS**

Plaintiff Kelly Bland, by and through the undersigned counsel, and pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, hereby respectfully files this reply in support of her motion to strike Defendant Khalid McCombs' improperly filed documents, and in support thereof, states as follows:

It is readily apparent that Mr. McCombs has relied on made-up, bogus legal citations in his opposition to the Plaintiff's motion, leading to wasted resources and docket clutter. As will be addressed below, at least one citation, which is completely fabricated, strongly suggests that Mr. McCombs is using generative artificial intelligence to prepare the documents he is filing with this Court. This fact can be ascertained from material misrepresentations in at least four authorities Mr. McCombs has filed with this Court, including one authority which reflects a textbook AI "hallucination," as well as three fabricated quotations. Such persistent obstinance and vituperative conduct further counsels that striking Mr. McCombs' improperly filed

documents and warning him to refrain from such conduct in the future, including against the use of AI, as requested in the original motion, is eminently warranted here.

Mr. McCombs cites to four cases in his brief in opposition to the Plaintiff's motion which bear textbook indicia that they were generated by a "hallucinating" AI. At least one opinion cited is completely fabricated and does not exist, and three more do not contain the quotations or propositions claimed, which run contrary to existing law. "A fake opinion is not 'existing law' and citation to a fake opinion does not provide a non-frivolous ground for extending, modifying, or reversing existing law, or for establishing new law." *Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443, 461 (S.D.N.Y. 2023); *United States v. Hayes*, No. 2:24-CR-0280-DJC, 2025 WL 235531, at *7–8 (E.D. Cal. Jan. 17, 2025). Multiple Courts to consider the issue have concluded that citing fake cases, including those generated as "hallucinations" by an AI platform, as Plaintiff suspects occurred here, warranted sanctions. *See id*; *Wadsworth v. Walmart Inc.*, No. 2:23-CV-118-KHR, 2025 WL 608073, at *7 (D. Wyo. Feb. 24, 2025). As the Court explained in *Walmart*:

> A hallucination occurs when an AI database generates fake sources of information. To explain how this occurs:
>
> > AI models are trained on data, and they learn to make predictions by finding patterns in the data. However, the accuracy of these predictions often depends on the quality and completeness of the training data. If the training data is incomplete, biased, or otherwise flawed, the AI model may learn incorrect patterns, leading to inaccurate predictions or hallucinations.
>
> These hallucinations are not unique to the legal profession, as many scientific fields experience the same issue. The instant case is simply the latest reminder to not blindly rely on AI platforms' citations regardless of profession.

2025 WL 608073, at *1.

Nor is Mr. McCombs' *pro se* status, nor his claimed non-use of an AI, an excuse for properly citing to and verifying claimed authority. Rule 11 imposes a non-delegable duty of litigants to verify the authorities they cite in their motions for accuracy and correctness before

filing them with the court. In *Dehghani v. Castro*, for instance, the court sanctioned a litigant who cited to "at least six non-existent cases . . . [that were] likely the handiwork of a ChatGPT or similar artificial intelligence (AI) program's hallucinations." No. 2:25-CV-0052 MIS-DLM, 2025 WL 988009, at *4 (D.N.M. Apr. 2, 2025). There, the litigant had admitted that he used the service of an attorney, Ms. Lewis, through a service called "LAWCLERK" to prepare the documents he filed. *Id.* The Court nevertheless found that "that Mr. Millan's conduct, both in submitting Ms. Lewis's work without verifying its accuracy and in submitting a brief that contains fake citations, violates Rule 11." *Id.*

Here, Mr. McCombs has cited to four non-existent, fabricated authorities in his opposition to the Plaintiff's motion, further demonstrating why the relief requested therein is eminently appropriate and the motion ought to be granted for the reasons articulated therein. The four fake opinions cited by Mr. McCombs in his reply are:

*Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1405 (7th Cir. 1991),

"Otero v. Vito," 603 F. Supp. 2d 612, 617 (E.D. Pa. 2009),

*Haines v. Kerner*, 404 U.S. 519, 520 (1972), and

*Vakharia v. Little Co. of Mary Hosp.*, 2 F. Supp. 2d 1028, 1033 (N.D. Ill. 1998).

The most egregious instance of suspected AI hallucination in Mr. McCombs' opposition is the cited case of "Otero v. Vito," which simply does not exist. The listed citation of 603 F. Supp. 2d 612 is a patent infringement action from the Southern District of the New York, *AstraZeneca AB v. Dr. Reddy's Lab'ys, Ltd.*, 603 F. Supp. 2d 596, 612 (S.D.N.Y. 2009). The cited portion, page 612, addresses a summary judgment analysis of patent infringement for various chemicals, not a motion to strike. Page 617 is the start of an admiralty case, *Padilla v. Maersk Line, Ltd.*, 603 F. Supp. 2d 616, 617 (S.D.N.Y. 2009), granting compensation for unpaid

seamen wages. And while there are several unpublished opinions in a case entitled *Otero v. Vito*, that case was proceeding in the Middle District of Georgia, not the Eastern District of Pennsylvania.

Simply put, the made-up case of "Otero v. Vito" cannot stand for the proposition that a filing should not be stricken unless it has "no bearing" on the case or would cause undue prejudice, not only because the case does not exist, but because that position runs contrary to well-established law. That proposition, as written, appears to have been generated by a self-serving litigant or AI and not a Court. To the contrary, as the Seventh Circuit has stated, motions to strike are favored in circumstances when striking documents from the docket will "remove unnecessary clutter from the case" and thus expedite the timely resolution of the matter. *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). Filing unnecessary and impermissible documents, including discovery documents and documents which bear indicia that they were generated by AI, on the docket, are the exact type of documents that the Rules counsel should be struck.

Mr. McCombs also misattributes quotations that Plaintiff suspects were generated by a hallucinating AI in several cases in that most of the words cited in them, let alone the complete quotations themselves, appear nowhere in the cited cases. More concerningly, those quotations appear to run contrary to established law. *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1405 (7th Cir. 1991) is a prime example. *No federal court*, at any level, has articulated a "no possible relation to the controversy" standard for a motion to strike, and for good reason: that would be at odds with the rules, which permit striking various types of matters, even if they relate to the controversy, including "insufficient" "defenses" and "redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). The cited quotation appears nowhere in *Williams*, and

4

the cited portion deals with the *exclusion* of *trial testimony*, not a motion to strike. And though *Williams* addressed the propriety of a motion to strike affirmative defenses, it did so in the context of whether it was proper for the district court to address the motion at trial, despite such motion being untimely.

Next, consider the Supreme Court's *per curiam* opinion in *Haines v. Kerner*, 404 U.S. 519, 520 (1972). There, the Supreme Court reversed the Seventh Circuit's affirming the dismissal of a *pro se* prisoner's civil rights complaint when that complaint, on its face, stated a claim for relief. But the Supreme Court did not state the exact words in the quote as cited by Mr. McCombs. All that *Haines* stands for is the unremarkable proposition that *pro se* pleadings may be entitled to less stringent construal than those drafted by an attorney. It does not stand for the proposition that a *pro se* party's pleadings are entitled to such treatment in *every instance*, nor that a part proceeding *pro se* may engage in unauthorized practice of law or disregard local and federal rules of court, as Mr. McCombs has done.

Finally, consider Mr. McCombs' citation to *Vakharia v. Little Co. of Mary Hosp.*, 2 F. Supp. 2d 1028, 1033 (N.D. Ill. 1998). Just as in the other cases cited by the Defendant, neither the quotation nor the legal principle cited articulate a "significant prejudice" or "delay proceedings" standard applicable to motions to strike. The words "delay" and "prejudice" appear only in unrelated contexts in that opinion, and other courts have rejected the notion that a party seeking to strike a pleading is required to demonstrate "significant prejudice," as claimed. Rather, the moving party must only show *some* degree of prejudice, which can result, as here, "when the matter complained of has the effect of confusing the issues or where it is so lengthy and complex that it places an undue burden on the responding party." *Anderson v. Bd. of Educ. of City of Chicago*, 169 F. Supp. 2d 864, 868 (N.D. Ill. 2001).

Here, Mr. McCombs' conduct of filing irrelevant documents, which bear indicia that they were generated by AI, including discovery documents, on the docket, confuses the issues at bar and places an undue burden on Plaintiff in formulating responses to documents which are not even permitted to be filed as pleadings. Mr. McCombs wants the Plaintiff to "respond to Defendant's arguments rather than seeking to strike them." That's nonsense. The Plaintiff cannot formulate a coherent response to the pleadings that Mr. McCombs has spammed the docket with, including his deficient discovery responses, which will soon be the subject of a motion to compel. No part of the Rules requires the Plaintiff to file a reply to responses to discovery the Plaintiff has propounded, nor does it counsel how to respond to senseless pleadings, such as the "response regarding consent."

Moreover, the Court should strike as irrelevant the subsequent portions of the Defendant's motion, including unfounded allegations that Plaintiff has issued "improper subpoenas," that counsel has engaged in some form of "harassment" relating to Mr. McCombs' proven AI use and fabricated case citations, regardless of whether or not AI was used. The motion at bar is limited to whether the pleadings the Plaintiff has sought to be struck ought be struck. A response in opposition to a motion is not the appropriate venue to raise some issues as to the timeline of the case or more broadly consider the merits. The Court should therefore also strike as irrelevant, and refuse to consider, Mr. McCombs' so-called "Timeline and Jurisdictional Clarification" and "Refined Push for Broader Consideration."

## **CONCLUSION**

For the foregoing reasons, the Court should strike ECF Nos. 29, 30, 31, 32, 33, and 34 from the docket, caution Mr. McCombs against filing such irrelevant and impermissible documents on the docket in the future, order Mr. McCombs to disclose whether, and in what instances, he has

used an AI in this matter, and issue an order prohibiting Mr. McCombs from using any AI in this matter going forward. The Court should also impose any additional sanctions against Mr. McCombs under its own authority, as it deems warranted, for Mr. McCombs citations to fabricated cases in his opposition.

RESPECTFULLY SUBMITTED AND DATED this April 9, 2025

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
N.D. Ill. Gen. Bar #333687
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 9, 2025, a copy of the foregoing was served electronically on counsel for the Defendant/Defendant via e-mail at kmccombs25@gmail.com, jani.mikel@akerman.com, ryan.roman@akerman.com, as per operation of the CM/ECF filing system. I further certify that I mailed a copy of the foregoing to:

KHALID MCCOMBS
18200 W 12 MILE RD, APT 209
SOUTHFIELD, MI 48076
Tracking Number: 00310903331480013000

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.