**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| KELLY BLAND, on behalf of herself and others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>HEALTHCARE SOLUTIONS TEAM, LLC and KHALID MCCOMBS,<br><br>    Defendants. | Case No.: 1:24-CV-07077 |

**PLAINTIFF'S MOTION TO COMPEL RESPONSES TO DISCOVERY**
**INCLUDING THE PRODUCTION OF CALLING DATA**
**NECESSARY FOR CLASS CERTIFICATION**

This is a straightforward case. The Plaintiff Kelly Bland has alleged that Khalid McCombs made telemarketing calls to numbers on the National Do Not Call Registry on behalf of the defendant Healthcare Solutions Team, LLC. In discovery, Mr. McCombs has produced a list he purchased off the internet of telephone numbers that he then made telemarketing calls to, which includes Ms. Bland. However, he has refused to produce (a) the other lists of telephone numbers he made telemarketing calls that don't include Ms. Bland (though he concedes such lists exist) and (b) actual telephone records showing the calls that were made.

Given the fact that this information is necessary to conduct an expert analysis, the Plaintiff is also moving to compel a complete response to Request for Production ("RFP") No. 19:

> Please produce all documents containing any of the following information for each outbound telemarketing call sent by you or your vendors promoting Allstate:
> a) the date and time;
> b) the caller ID;
> c) any recorded message used;
> d) the result;
> e) identifying information for the recipient; and

f) any other information stored by the call detail records.

The information sought through RFP No. 19 is highly relevant to the numerosity, commonality, and typicality requirements of Rule 23(a), and to the predominance requirement of Rule 23(b). Moreover, the sought-after discovery is relevant to determining class damages.

### Background and Overview

As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

Discovery has revealed that Mr. McCombs placed the telephone calls at issue. To obtain the numbers he would call, Mr. McCombs purchased non-consensual leads from a Pakistani seller, "Techpro" a/k/a @mansoorijaz, on a website called Fiverr, where goods and services are sold, for the sum of five dollars. Responsive to the Plaintiff's discovery responses, on March 11, 2025, Defendant submitted screenshots of his order with "Techpro" and a spreadsheet entitled "ACA-26Nov2023-1". Thereafter, that same day, counsel for Plaintiff, Anthony Paronich, outlined the deficiencies in the discovery as to the limited scope of Ms. McCombs' production, specifically in that the single lead list produced was the lead list that contained the Plaintiff's information, and not all the lead lists from this particular seller, nor for the scope of other lead lists that Mr. McCombs may have purchased and placed calls on.

2

In other words, Mr. McCombs provided the customer list for a *single order* for a *single day*, a list dated November 26, 2023 for an order that was delivered on November 27, 2023.

Thereafter, on March 16, 2025, Mr. McCombs made "supplemental" responses to the Plaintiff's Requests for Production, which again did not make any additional production, nor address the Plaintiff's concerns. To that end, that same day, Attorney Paronich clarified that, "no calling data has been provided. Furthermore, it is becoming clear that this list from Fiverr is not the only source of telemarketing calls you have made. Your amended response needs to be updated to include *all lists and all such sources.*"

Mr. McCombs supplemented that production on March 24, 2025 by submitting copies of a November 21, 2023 conversation he had with "Techpro" a/k/a @mansoorijaz, regarding the purchase of lead lists. Mr. McCombs did not produce a full copy of that conversation, nor did he produce any additional lead lists.

On April 1, 2025, Mr. McCombs further responded and stated, "I have already provided all relevant lead data in my possession, including the list that contains Kelly Bland's information. Any request beyond this is unduly burdensome and not proportional to the needs of the case. I do not have any additional responsive documents." When pressed, Mr. McCombs could nor articulate why producing additional lead lists constituted an undue burden and were not relevant to this action, particularly in light of the class definition.

A copy of Mr. McCombs discovery responses and Amended Response are attached as Exhibit 1.

This motion to compel follows.

**Meet and Confer Efforts**

Pursuant to LR 37.2, the Plaintiff's meet and confer efforts included multiple attempts to confer with Mr. McCombs regarding the discovery at issue. This included communications with Mr. McCombs on the following dates: March 11, 15, 16, 24 and April 1, 2025. Despite Mr. McCombs decision to proceed *pro se*, he certainly understands the dispute at issue. His last communication indicated, "I have already provided all relevant lead data in my possession, including the list that contains Kelly Bland's information. Any request beyond this is unduly burdensome and not proportional to the needs of the case."

**Legal Standard**

Rule 26(b)(1) provides, in pertinent part:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

"Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *United States v. Haddox*, No. 2:08-CV-208PPSPRC, 2009 WL 3586957, at *2 (N.D. Ind. Oct. 27, 2009). Rather, "relevancy is construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *United States v. Autumn Ridge Condo. Ass'n, Inc.*, 265 F.R.D. 323, 326 (N.D. Ind. 2009).

Rule 37 permits a party to request an order from the Court compelling discovery. *Id*. "When the discovery sought appears relevant, the party opposing the discovery bears the burden of proof

to establish the discovery's lack of relevance by demonstrating that it is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Jones v. Hamilton Cnty. Sheriff's Dept.*, No. IP 02-0808-C-H/K, 2003 WL 21383332, at *3 (S.D. Ind. June 12, 2003).

<strong>Argument</strong>

**I.    The Call Records Plaintiff seeks are highly relevant to contested elements of Rule 23 and damages.**

The Call Records Plaintiff seeks are highly relevant to the numerosity, commonality, typicality, and predominance elements of Rule 23 as well as the calculation of class-wide damages.

As an initial matter, where defendants contest elements of Rule 23 in proposed class actions under the TCPA, courts routinely require the production of information necessary to support those requirements. *See, e.g.*, *Cahill v. GC Servs. Ltd. P'ship*, No. 3:17-cv-01308-GPCMDD, 2018 WL 1791910, at *4 (S.D. Cal. Apr. 16, 2018) ("RFPs 10-13 and 18 are relevant at least to the issues of numerosity and commonality. The lists are reasonably calculated to identify the number of recipients of calls made during the class period, which is crucial to determine whether the class is so numerous to make joinder impracticable. The call lists are also relevant to the commonality requirement under Rule 23(a), for which plaintiff must show the class 'suffered the same injury ... such that the ... class claims will share common questions of law or fact" with those of the named plaintiffs.'"); *Mbazomo v. ETourandTravel, Inc.*, No. 2:16-CV-02229-SB, 2017 WL 2346981, at *5 (E.D. Cal. May 30, 2017) (compelling the production of call data because "the Court agrees with the weight of authority on this matter that call logs and dialing lists are relevant to the commonality prong of the class certification inquiry. The requested list would also be relevant to Plaintiff's need to show numerosity.") (internal citation omitted). As this Court has explained:

5

Moreover, the information plaintiff seeks in the contested first and second requests for production is clearly relevant to class discovery; specifically, to the issues of numerosity, commonality, and typicality. As explained above, plaintiff proposes a class of persons who received faxed advertisements without a proper opt out notice, with whom Quill did not have an EBR, and from whom Quill did not have prior express permission or invitation to send such faxes (Compl. at ¶ 20). Plaintiff's requests seek, for example, copies of all faxed advertising documents, documents showing express permission or invitation to receive such faxes, and documents indicating an EBR with the recipients of the facsimiles.

*As we made clear to Quill in multiple court hearings, the Court cannot permit Quill on one hand to contest class certification and on the other hand deny plaintiff the discovery relevant to its position that a class should be certified*.

*Whiteamire Clinic, P.A. v. Quill Corp.*, No. 12 C 5490, 2013 WL 5348377, at *3 (N.D. Ill. Sept. 24, 2013) (emphasis added); *see also Central Alarm Signal, Inc. v. Business Fin. Servs., Inc.*, No. 14-14166, 2016 WL 3595627, at *2 (E.D. Mich. July 5, 2016) (granting motion to compel in putative TCPA class action, in part, because "the Court cannot permit [Defendant] on the one hand to contest class certification and on the other hand deny plaintiff the discovery relevant to its position that a class should be certified.") (quoting *Whiteamire Clinic, P.A.*, 2013 WL 5348377, at *3); *Ossola v. Am. Express Co.*, No. 13 C 4836, 2015 WL 5158712, at *7 (N.D. Ill. Sept. 3, 2015) ("Call data is relevant, and thus produced as standard practice . . . in cases where the defendant is the alleged dialer.").

In the same vein, "[o]utbound dial lists are relevant to establish the issues of numerosity and commonality under Federal Rule of Civil Procedure 23(a) and are therefore discoverable." *Thomas v. Fin. Corp. of Am.*, No. 3:19-CV-152-E, 2019 WL 5157022, at *1 (N.D. Tex. Oct. 10, 2019) (compelling the production of similar data sought here); *Doherty v. Comenity Capital Bank & Comenity Bank*, No. 16CV1321-H-BGS, 2017 WL 1885677, at *4 (S.D. Cal. May 9, 2017) ("The Court finds that outbound dial lists are relevant to establish the issues of numerosity and commonality under Federal Rule of Civil Procedure 23(a) and are therefore discoverable.").

Not surprising, then, is that courts across the country, including in this circuit, routinely compel TCPA class action defendants to provide analogous information relevant to the sizes of proposed classes. As the Northern District of Indiana has also explained:

> When certifying a class, the Court must find numerosity, commonality, typicality, and predominance. Fed. R. Civ. P. 23. Considering Federal Rule 23's threshold requirements, precertification discovery is appropriate to determine whether a class can be properly certified, and discovery should be sufficiently broad to allow a putative class plaintiff, like Mr. Fralish, a chance to meet these requirements.

> *       *       *

> Nevertheless, courts in class-action TCPA cases have consistently held that information regarding plaintiffs and putative class members who were called by a defendant or by others on a defendant's behalf, such as outbound call lists and the number of calls made to those recipients are relevant to the numerosity and commonality requirements listed in Rule 23. . . . Although the requested information here is not precisely a call list, it does seek to quantify the number of calls and is therefore analogous to the outbound call lists that have been found relevant to the numerosity and commonality requirements. Thus, the requested text message-related information is relevant to class certification in a way that is analogous to the relevance of call logs in these other TCPA class actions. Moreover, text messages are analogous to phone calls in other TCPA cases such that the text data requested through ROGs 7–16 and RFPs 7–14, 17, 19, 34–35 is relevant to the Rule 23 numerosity and commonality requirements for class certification applicable in this case.

> *       *       *

> As Digital has not shown the point at which the burden of producing this discovery outweighs its benefits, Digital has not met its burden and its undue burden objections are overruled.

> For the foregoing reasons, Mr. Fralish is entitled to the class related data he seeks through Interrogatories 7–16 and RFPs 7–14, 17, 19, 34–35.

*Fralish v. Digital Media Sols., Inc.*, No. 3:21-cv-00045-JD-MGG, 2021 WL 5370104, at *9-10 (N.D. Ind. Nov. 17, 2021) (compelling the production of class data in a putative TCPA class action) (internal citations and quotations omitted); *accord Fralish v. Deliver Tech., LLC*, No. 3:20-CV-00353-DRL-MGG, 2021 WL 3285528, at *9 (N.D. Ind. Aug. 2, 2021) ("For the foregoing reasons, Plaintiff is entitled to the class related data he seeks through RFPs 7-14 & 33, and ROGs 9-15.").

7

Also analogous, a Court in the Eastern District of Pennsylvania has held in a TCPA case while compelling the same data:

> Frey has shown that the outbound call list is relevant to class certification and to the merits of his claim. *See, e.g.*, *Gossett v. CMRE Fin. Servs.*, 142 F.Supp.3d 1083, 1087 (S.D. Cal. 2015) ("This court finds that the outbound call lists are relevant to the class claims and meritorious claims and defenses in this case and overrules [the defendant's] objections to the requests."). The call records can be used to determine which calls were made to cell phone numbers, a fact that is relevant to the numerosity and typicality requirements of Rule 23(a). *See Thrasher v. CMRE Fin. Servs., Inc.*, No. 14-cv-1540, 2015 WL 1138469 at *2 (S.D. Cal. March 13, 2015) ("The court finds that the outbound call list is reasonably calculated to identify the number and recipients of calls made during the class period, which is relevant to Rule 23 requirements."). (*See* Doc. No. 36 at p. 12 (defining the putative class as all individuals to whom Frontier or its vendor made a non-emergency telephone call "to a cellular telephone number or to a number where the recipient is charged for the call").) It is also relevant to the question of liability and damages under the TCPA. *See* 47 U.S.C. § 227(b)(1)(A)(3) (prohibiting calls "using any automatic telephone dialing system . . . to any telephone number assigned to a . . . cellular telephone service . . . ."); *id.* § 227(b)(3)(B) (creating a private right of action to recover "for actual monetary loss" caused by a violation of the TCPA or "to receive $500 in damages for each such violation").
>
> EAG argues that Frey is not entitled to this personal identifying information pre-class certification, but, as discussed below, the Court did not bifurcate the discovery period in this matter. As such, Frey was required to seek discovery on both his individual claim and his class claim at the same time and could not wait until after the Court ruled on his motion for class certification to request this relevant information.

*Frey v. Frontier Utils. Ne. Llc*, No. 19-2372-KSM, 2020 U.S. Dist. LEXIS 260620 *5-6 (E.D. Pa. Apr. 13, 2020). For the same reasons in *Frey*, the motion to compel should be granted here. Here, there is a single discovery period. As one court summarized when granting a motion to compel for the calling records in a TCPA case:

> This information will assist Plaintiff's experts in determining which phone numbers were tied to cellular phones, which calls were for telemarketing purposes, which numbers were on the National Do Not Call Registry ("NDNCR") and which calls were made using an automatic telephone dialing system ("ATDS"). The information is therefore relevant to the numerosity, commonality, and typicality inquiries the Court will undertake to decide Plaintiff's motion for class certification under Rule 23.

8

*See Mey v. Frontier Commc'ns Corp.*, No. 13-cv-01191-MPS, ECF No. 102 (D. Conn. Dec. 5, 2014). Here, like *Mey*, the Plaintiff, or her expert, will determine which calls qualify for membership in the class in order to prepare this case for class certification. Because the sought-after Call Records are plainly relevant to contested elements of Rule 23, including numerosity, this Court should compel their production.

Pertinent here, a TCPA plaintiff may bring an action to recover for actual monetary loss from a violation of the TCPA, or to receive up to $500 in damages for each such violation, whichever is greater. 47 U.S.C. § 227(c)(5). Because courts calculate damages under the TCPA based on the number of violations—in this case, the number of telemarketing calls delivered to class members during the class period—discovery is highly relevant to damages suffered by absent class members. For this additional reason, the Call Records Plaintiff seeks—which she will use to identify potential class members—are highly relevant and this Court should compel their production.

### Conclusion

For the reasons stated herein, the Plaintiff's motion to compel should be granted.

Dated: April 10, 2025

*/s/ Anthony I. Paronich*
Anthony I. Paronich
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
Fax: (508) 318-8100
anthony@paronichlaw.com

*Counsel for Plaintiff and the proposed class*

78158861;4