IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

KELLY BLAND, on behalf of herself and others similarly situated,

Plaintiff,

v.

THE ALLSTATE CORPORATION D/B/A ALLSTATE HEALTH SOLUTIONS and KHALID MCCOMBS,

Defendants.

Case No.: 1:24-CV-07077

DEFENDANT KHALID MCCOMBS' RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

---

INTERROGATORIES

1. Identify each person who provided the information to answer interrogatories in this case and specify the interrogatories about which each such person provided information.

Response: I, Khalid McCombs, provided the information to answer these interrogatories based on my personal knowledge and documentation maintained in relation to this case.

2. Identify all employees or vendors involved in making outbound calls as part of the campaign that contacted the Plaintiff.

Response: The lead list that included the Plaintiff's contact information was independently purchased by me, Khalid McCombs, from a third-party vendor on Fiverr, which had a 4.4 out of 5 rating at the time of purchase. The vendor represented that the leads were compliant with all applicable laws and regulations. I did not contract with any third parties to generate leads, nor did I use a dialing system platform to make calls.

3. Identify and describe the work of each employee or vendor identified in response to Interrogatory No.

Response: The only vendor involved was the third-party seller on Fiverr who provided the lead list. The vendor's responsibilities included sourcing and supplying leads represented as compliant with applicable laws. No other employees or vendors were involved.

4. Identify all third parties or sub-vendors used by your vendors to work for you as part of your relationship with any vendor identified in response to Interrogatory No. 2.

Response: I am not aware of any sub-vendors or third parties used by the vendor who provided the lead list. The transaction was conducted directly through Fiverr.

5. Identify each of the individuals that spoke with Plaintiff from your company or any of its vendors.

Response: I, Khalid McCombs, was the only individual who directly communicated with the Plaintiff.

6. If you contend that Plaintiff provided consent to receive solicitation telephone calls, state all facts in support of that contention and identify the date(s) on which and the means by which you contend consent was obtained.

Response: Plaintiff's contact information was obtained from a purchased lead list, which was represented as compliant. Additionally, I sent Plaintiff an email containing a quote, which demonstrates her prior engagement and consent to be contacted.

7. If you contend that a third party made the calls alleged in the complaint, identify that third party and state all facts in support of the same.

Response: I do not contend that a third party made the calls. I personally handled all communication with the Plaintiff.

8. Identify all communications you've had with any third party, other than your counsel, regarding this lawsuit.

Response: I have not communicated with any third parties regarding this lawsuit.

9. Identify by make, model, structure, and location the system(s), platform(s), and/or equipment used by you, or any vendor, to contact the Plaintiff.

Response: I did not use any telemarketing system or platform. The Plaintiff was contacted based on a purchased lead list, and communication was made using standard methods.

10. Identify and describe your relationship with Allstate.

Response: I am an independent agent contracted through HST to sell Allstate Health products. I did not obtain the lead from Allstate, nor was this part of any Allstate-directed telemarketing campaign.

11. State all facts in support of any affirmative defenses you have raised.

Response: The Plaintiff's information was obtained in good faith from a vendor who represented compliance. Furthermore, the Plaintiff has a history of similar lawsuits, which raises concerns regarding the legitimacy of her claims.

12. Identify any person whom you have disciplined, reprimanded, or taken action against for making allegedly unlawful outbound calls.

Response: I am the sole individual responsible for outreach, and no disciplinary actions have been taken.

REQUESTS FOR PRODUCTION OF DOCUMENTS

1. Produce all non-privileged documents used to research or draft responses to interrogatories.

Response: I will produce any non-privileged documents, including lead-related records and communications, in my possession.

2. Produce all documents supporting or contradicting any affirmative defense.

Response: I will produce the lead list containing Plaintiff's contact information and any relevant email communications.

3. Produce all documents related to Plaintiff, including all evidence of your relationship with Plaintiff.

Response: I will produce the purchased lead list and email communications with Plaintiff.

4. Produce all documents relating to any vendor's failure to comply with your policies.

Response: I am not aware of any failure by the vendor to comply with policies or agreements.

5. Produce all complaints or do-not-call requests concerning outbound calls made by you or your vendor.

Response: I have not received any complaints or do-not-call requests prior to this lawsuit.

6. Produce all agreements with any vendor that provided Plaintiff's telephone number.

Response: I purchased the lead list through Fiverr and did not enter into any additional agreements.

7. Produce all communications with any vendor that provided Plaintiff's telephone number.

Response: Communication with the vendor was limited to the transaction conducted on Fiverr.

8. Produce all agreements with any third party that dialed the calls to Plaintiff.

Response: No third party was used for dialing calls to Plaintiff.

9. Produce all communications with any third party that dialed the calls to Plaintiff.

Response: No third party was involved in making calls.

10. Produce all agreements with Allstate.

Response: I will provide my independent contractor agreement with HST for selling Allstate products.

11. Produce all communications with Allstate relating to telemarketing or lead generation.

Response: I have no such communications.

12. Produce all insurance policies covering the allegations in the lawsuit.

Response: I do not have any applicable insurance coverage.

13. Produce all indemnification agreements under which a third party may be responsible for satisfying a judgment.

Response: I do not have any indemnification agreements.

14. Produce all documents relating to TCPA compliance policies.

Response: I did not have formal written TCPA policies beyond good-faith reliance on the vendor's representations.

15. Produce all call detail records for telemarketing calls promoting Allstate.

Response: I did not use an automated dialing system or telemarketing platform, and no such records exist.

16. Please produce all documents relating to insurance coverage of the acts alleged by Plaintiff, including, but not limited to, all potentially applicable policies issued by any insurer and all communications with any such insurers, including, but not limited to, reservation-of-rights letters, regardless of whether or not such coverage purports to exclude the acts alleged in this matter and regardless of whether or not such insurers have declined coverage in this matter.

Response: I do not have any insurance policies that provide coverage for the allegations in this case. Additionally, I have had no communications with any insurers regarding coverage for this matter.

17. Please produce all indemnification agreements under which a third party may be responsible for satisfying all or part of a judgment that may be entered against you in this action, and all communications with those third parties.

Response: I do not have any indemnification agreements with any third parties that would cover any potential judgment in this case. Additionally, I have had no communications with any third parties regarding indemnification.

18. Please produce all documents related to policies for compliance with the TCPA or the FCC's regulations thereunder and all documents necessary to construct a timeline of when each policy was in force. This request specifically includes, but is not limited to, policies related to the following:

a) compliance with the TCPA, including, but not limited to, the rules, regulations, opinions, advisories, comments, or filings of the Federal Communications Commission that relate to the TCPA or 47 C.F.R. § 64.1200;

b) obtaining or verifying prior express consent;

c) complying with the E-SIGN Act, 15 U.S.C. §§ 7001 et seq.

Response: As an independent contractor, I did not have formal, written TCPA compliance policies. Instead, I relied in good faith on the vendor's representations that the leads provided were compliant with applicable laws and regulations. I do not have any additional responsive documents.

19. Please produce all documents containing any of the following information for each outbound telemarketing call sent by you or your vendors promoting Allstate:

a) the date and time;

b) the caller ID;

c) any recorded message used;

d) the result;

e) identifying information for the recipient; and

f) any other information stored by the call detail records.

Response: I, Khalid McCombs, did not use a dialer system, an automated telemarketing platform, or any pre-recorded messages when communicating with the Plaintiff. Therefore, I do not have call detail records or any related documents responsive to this request. If I locate any relevant records, I will produce them accordingly.

20. All communications with any third party concerning this litigation other than your attorney.

Response: I have not had any communications with third parties regarding this litigation. If I become aware of any such communications, I will supplement this response accordingly.

Dated: March 7, 2025

Khalid McCombs

18200 W 12 Mile Rd, Apt 209 kmccombs25@gmail.com

(313) 457-3157

Dated: March 7, 2025

CERTIFICATE OF SERVICE I hereby certify that a true and correct copy of the foregoing document has been sent to Anthony I. Paronich, counsel for Plaintiff, via [Mailing Method, e.g., Certified Mail, Return Receipt Requested], on March 7, 2025 at the following address:

6

Anthony I. Paronich

Paronich Law,

P.C. 350 Lincoln Street, Suite 2400 Hingham, MA 02043

Tel: (617) 485-0018

Email: anthony@paronichlaw.com


[Signature] Khalid McCombs

IN THE UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

KELLY BLAND, on behalf of herself and others similarly situated, Plaintiff,

v.

THE ALLSTATE CORPORATION D/B/A ALLSTATE HEALTH SOLUTIONS and KHALID MCCOMBS, Defendants.

Case No.: 1:24-CV-07077

DEFENDANT KHALID MCCOMBS' AMENDED RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

Dated: March 15, 2025 ,

TO: Anthony I. Paronich, Counsel for Plaintiff,

Paronich Law, P.C.,

350 Lincoln St, Ste 2400,

Hingham, MA, 02043

Dear Mr. Paronich: I am writing in response to your correspondence regarding the adequacy of my initial discovery responses. After reviewing your comments, I understand your concerns and have amended my responses accordingly. Please find the revised responses below.

Initial Disclosures:

I apologize for the omission of the initial disclosures. I will promptly provide my initial disclosures, which will include the names, addresses, and telephone numbers of all individuals likely to have discoverable information, as well as a description of the documents, electronically stored information, and tangible things in my possession or control that support my claims or defenses. I will ensure that these disclosures are submitted within 14 days of this response.

AMENDED RESPONSES TO INTERROGATORIES:

1. Interrogatory No. 2 – Telephone Dialing System:

Original Response: I did not use any telemarketing system or platform.

Amended Response: I did not use any automated telemarketing system or third-party dialing platform to contact the Plaintiff. The calls were made manually using my personal cell phone. I did not contract any employees to make calls on my behalf. The lead list that included the Plaintiff's contact information was purchased directly from a vendor on Fiverr, and I made the calls personally.

—— 2. Interrogatory No. 9 – System or Platform Used: Original Response: "I did not use any telemarketing system or platform.

Amended Response: I did not use any telemarketing system or platform to contact the Plaintiff. The calls made to the Plaintiff were manual, using my personal cell phone, and not through an automated dialer or other similar systems. There are no additional systems or platforms to identify as part of this communication.

AMENDED RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS (RPD):

3. RPD No. 19 – Call Detail Records:

Original Response: I did not use an automated dialing system or telemarketing platform, and no such records exist.

Amended Response: I did not use an automated dialing system or telemarketing platform to make calls to the Plaintiff. The communication was done manually through my personal cell phone. As a result, there are no call detail records, such as those typically generated by an automated system or dialer. If any phone company records related to the calls exist, I will investigate and provide those if they are discovered.

—— 4. RPD No. 20 – Communications with Allstate Regarding this Litigation:

2

Original Response: "I have not had any communications with third parties regarding this litigation.

Amended Response: I apologize for the oversight. I have not had any communications with Allstate or any third party regarding this specific litigation. However, I will make an effort to confirm and provide any documents that may come to light through further review. If such communications arise, I will supplement my response accordingly.

Additional Clarifications and Documents:

• Agreement with Allstate: As mentioned in my previous responses, I am an independent agent contracted through HST to sell Allstate products. I will provide the agreement with HST for my independent contractor status relating to Allstate at the earliest opportunity.

• Communications with Allstate About Lead Generation: I have not had any communications with Allstate about lead generation or acquiring new customers, nor did I obtain the Plaintiff's contact information through any lead generation efforts initiated by Allstate. The lead list in question was independently purchased from a third-party vendor on Fiverr, which was represented as compliant with applicable laws.

I trust that these amended responses and clarifications address your concerns. If you have any further questions or need additional documents, please feel free to reach out. I remain committed to ensuring the discovery process moves forward in good faith and in full compliance with the Federal Rules of Civil Procedure.

Thank you for your attention to this matter.

Sincerely,

Khalid McCombs

18200 W 12 Mile Rd, Apt 209

[kmccombs25@gmail.com](kmccombs25@gmail.com)

(313) 457-3157

3

CERTIFICATE OF SERVICE I hereby certify that a true and correct copy of the foregoing document has been sent to Anthony I. Paronich, counsel for Plaintiff, via [Mailing Method, e.g., Certified Mail, Return Receipt Requested], on March 15, 2025, at the following address:

Paronich Law, P.C.

Anthony I. Paronich

350 Lincoln Street, Suite 2400

Hingham, MA 02043

anthony@paronichlaw.com

Respectfully submitted,

Khalid McCombs

4