

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

Kelly Bland, on behalf of herself and others similarly situated,
Plaintiff,

v.

Healthcare Solutions Team, LLC and Khalid McCombs,
Defendants.

Case No.: 1:24-CV-07077

**DEFENDANT KHALID MCCOMBS' AMENDED RESPONSE TO PLAINTIFF'S MOTION TO STRIKE**

INTRODUCTION

Plaintiff's Motion to Strike is a procedural tactic that seeks to avoid addressing the substantive issues of this case. Striking a filing is an extreme measure under Federal Rule of Civil Procedure 12(f) and is generally disfavored by courts. Defendant's filings are relevant, submitted in good faith, and do not meet the criteria for striking under Rule 12(f).

LEGAL ARGUMENT

1. Plaintiff's Motion Lacks Legal Basis Under Rule 12(f)

Federal Rule of Civil Procedure 12(f) allows a court to strike material from a pleading only if it is "redundant, immaterial, impertinent, or scandalous." Courts generally disfavor motions to strike, particularly where the material has a potential bearing on the controversy. See Williams v. Jader Fuel Co., 944 F.2d 1388, 1405 (7th Cir. 1991); Heller Financial, Inc. v. Midwhey Powder Co., Inc., 883 F.2d 1286, 1294 (7th Cir. 1989).

2. Pro Se Filings Should Be Liberally Construed

1

The Supreme Court and the Seventh Circuit consistently hold that pro se filings should be given a liberal construction. See Haines v. Kerner, 404 U.S. 519 (1972); Donald v. Cook County Sheriff's Dep't, 95 F.3d 548 (7th Cir. 1996). Plaintiff's motion improperly seeks to impose strict procedural requirements that contradict these well established principles.

3. Plaintiff's Motion is a Litigation Tactic

Rather than addressing the substance of Defendant's filings, Plaintiff seeks to strike them in order to avoid engaging with the legal arguments presented. Courts generally disfavor motions to strike used as delay tactics or to sidestep the issues. See Vakharia v. Little Co. of Mary Hosp., 2 F. Supp. 2d 1028 (N.D. Ill. 1998). The fair and proper course is for Plaintiff to respond to Defendant's filings rather than seeking to strike them.

4. Defendant's Filings Were Authored Independently

Plaintiff's claim that Defendant's filings were generated using AI tools is unfounded. Defendant categorically denies using AI tools to draft or prepare any legal filings. Defendant's filings were prepared entirely without AI assistance and in good faith.

• Defendant does not have a ChatGPT account and has not used any AI tool to prepare legal documents.

• Plaintiff has provided no evidence to support this allegation, and the claim is factually incorrect and legally irrelevant.

ADDITIONAL CLARIFICATIONS AND JURISDICTIONAL CONCERNS

2

1. Harassment and Improper Subpoenas by Perrong

Defendant has been repeatedly harassed by Attorney Perrong regarding AI concerns. Additionally, subpoenas issued by Mr. Perrong appeared improper and unauthorized. Both Google and ChatGPT objected to these subpoenas, highlighting the questionable nature of his actions.

2. Timeline and Jurisdictional Clarification

Defendant respectfully submits the following facts for clarification:

- Defendant wrote his first policy with HST on October 26, 2023.

- Contact with Plaintiff occurred on November 27, 2023.

- Defendant is not licensed in Illinois.

- Plaintiff resides in Texas, which raises jurisdictional concerns about the applicability of Illinois law.

These facts demonstrate that Defendant was not operating as a licensed agent in Illinois when these events occurred, which may undermine the jurisdictional basis for the Plaintiff's claims.

CONCLUSION

For the reasons stated above, Defendant respectfully requests that the Court deny Plaintiff's Motion to Strike and allow Defendant's filings to remain on the record.

Dated: April 6, 2025

3.

Respectfully submitted,

Khalid McCombs
Pro Se
18200 W 12 Mile Rd, Apt 209
Southfield, Michigan 48076
kmccombs25@gmail.com

## CERTIFICATE OF SERVICE

I, Khalid McCombs, hereby certify that on this 6th day of April 2025, a true and correct copy of the foregoing Defendant's Response in Opposition to Plaintiff's Motion to Strike was served upon the following parties via Certified Mail, U.S. Mail, or Email:

Paronich Law, P.C.
Anthony Paronich, Esq.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Email: anthony@paronichlaw.com

Perrong Law LLC
Andrew Roman Perrong, Esq.
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Email: a@perronglaw.com

Clerk of the Court
United States District Court
Northern District of Illinois, Eastern Division
219 South Dearborn Street
Chicago, IL 60604

Dated: April 6, 2025

Signed: Khalid McCombs

5




PRESS FIRMLY TO SEAL

PRIORITY MAIL
FLAT RATE ENVELOPE
POSTAGE REQUIRED

RECEIVED

**UNITED STATES POSTAL SERVICE** — Retail

APR 1

**US POSTAGE PAID**
$10.10
Origin: 48239
04/06/25
2525220239-45

P

**PRIORITY MAIL®**

0 Lb 2.20 Oz
RDC 03

EXPECTED DELIVERY DAY: 04/09/25

C005

SHIP TO:
219 S DEARBORN ST
CHICAGO IL 60604-1702



USPS TRACKING® #

9505 5135 2203 5096 9902 44



FROM:



UNITED STATES POSTAL SERVICE® | PRIORITY MAIL

VISIT US AT USPS.COM
ORDER FREE SUPPLIES ONLINE

FROM: Khalid McCombs
18200 W 12 mile Rd, Apt 209
Southfield, MI, 48076

TO: Clerk of Court
United States District Court
Northern District of Illinois, Eastern Division
219 South Dearborn Street
Chicago, IL, 60604

Label 228, December 2023    FOR DOMESTIC AND INTERNATIONAL USE