IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Case No.: 1:24-CV-07077

KELLY BLAND, on behalf of herself and others similarly situated,
Plaintiff,

v.

THE ALLSTATE CORPORATION D/B/A ALLSTATE HEALTH SOLUTIONS
and KHALID MCCOMBS,
Defendants.

DEFENDANT KHALID MCCOMBS' MOTION TO QUASH SUBPOENA ISSUED TO FIVERR

Defendant Khalid McCombs, by and through his undersigned counsel, respectfully moves this Court to quash the subpoena issued by Plaintiff's counsel to Fiverr, LLC, dated, March 15, 2025 on the grounds that Plaintiff's counsel has committed multiple errors in the issuance of the subpoena, including the use of the wrong entity name and improper service.

In support of this motion, Defendant states as follows:

1. Incorrect Entity Name in Subpoena

Plaintiff's counsel has issued a subpoena to Fiverr, LLC, which incorrectly names the entity involved in the case. The subpoena refers to "Allstate Corporation" as the entity under subpoena, which is not the proper party in this case, as Allstate Corporation is not responsible for the actions alleged in the complaint. Instead, the Defendant in this case is Khalid McCombs, a licensed insurance agent working independently under a business relationship with Allstate Health Solutions.

The use of the incorrect entity name in the subpoena constitutes a significant procedural error. A subpoena must correctly identify the entity to which it is directed, and failing to do so compromises the integrity of the discovery process.

1

2. Improper Service of Subpoena

The subpoena issued to Fiverr, LLC, was not properly domesticated in the jurisdiction required by the relevant laws governing subpoenas. Fiverr, LLC, is a third-party vendor based outside the jurisdiction, and Plaintiff's counsel did not adhere to the procedural requirements for serving a subpoena to a non-party in this situation.

According to the Uniform Interstate Depositions and Discovery Act (UIDDA) and applicable federal rules, subpoenas must be served in accordance with the laws of the state where the non-party resides or is located. Failure to comply with these laws renders the subpoena invalid and unenforceable. Plaintiff's counsel failed to domesticate the subpoena in accordance with these requirements, and as such, it should be quashed.

3. Subpoena Seeks Irrelevant Information

The subpoena issued to Fiverr, LLC, also seeks information that is irrelevant to the claims in this case. The Plaintiff's request to Fiverr for information related to a third-party email account and any associated records is not directly tied to the Defendant's actions, and such information is not necessary to resolve the issues in this case. The broad and expansive nature of the subpoena, combined with the misidentification of the party to whom the subpoena is addressed, constitutes an improper use of the discovery process.

4. Harassment and Unnecessary Burden on Defendant

The issuance of an improperly issued and overly broad subpoena to Fiverr, LLC, places an undue burden on Defendant Khalid McCombs and seeks to harass a third-party vendor that was not properly named or identified in the initial case filings. Defendant has already shown that his actions in this matter were compliant with telemarketing regulations, and the Plaintiff's counsel's overreach in subpoenaing Fiverr for unrelated and irrelevant data is an attempt to burden Defendant with unnecessary discovery processes that serve no legitimate purpose.

5. Legal Precedents Supporting the Quashing of Improper Subpoenas

It is well-established under Rule 45 of the Federal Rules of Civil Procedure that a court may quash a subpoena when the subpoena:

• Fails to name the proper party,

• Is issued improperly,

• Seeks irrelevant or overly broad information, or

• Places an undue burden on the party or non-party to whom it is directed.

In this case, all of these factors are present, and the subpoena issued by Plaintiff's counsel should be quashed as a result.

REQUEST FOR RELIEF

Based on the aforementioned errors and procedural defects, Defendant Khalid McCombs respectfully requests that the Court:

1. Quash the subpoena issued by Plaintiff's counsel to Fiverr, LLC, on the grounds of improper party identification, improper service, irrelevance, and undue burden.

2. Order Plaintiff's counsel to issue a corrected subpoena, properly identifying the correct parties and ensuring compliance with relevant rules and regulations.

3. Provide any other relief the Court deems just and proper.

WHEREFORE, Defendant Khalid McCombs respectfully requests that the Court grant this Motion to Quash and provide any other relief deemed necessary.

Here's the updated Certificate of Service with the filing date of March 23, 2025:

CERTIFICATE OF SERVICE

I, Khalid McCombs, hereby certify that on this 23rd day of March, 2025, a true and correct copy of the Subpoena Response was served upon the following parties via Certified Mail, U.S. Mail, or Email:

Fiverr
8 Eliezer Kaplan St.
Tel Aviv 6473409
Israel
privacy@fiverr.com

Perrong Law LLC

3

Andrew Roman Perrong, Esq.
N.D. Ill. Gen. Bar #333687
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
215-225-5529 (CALL-LAW)
a@perronglaw.com
Attorney for Plaintiff

Clerk of the Court
United States District Court
Northern District of Illinois
219 South Dearborn Street
Chicago, IL 60604

Dated: March 23, 2025

Respectfully submitted,

Khalid McCombs

Pro Se
Khalid McCombs
18200 W 12 Mile Rd, Apt 209
Southfield, Michigan, 48076
kmccombs25@gmail.com



**US POSTAGE PAID**
$10.10
Origin: 48239
03/23/25
2525220239-07

**PRIORITY MAIL®**

0 Lb 8.40 Oz
RDC 03

EXPECTED DELIVERY DAY: 03/26/25

C005

SHIP TO:
219 S DEARBORN ST
CHICAGO IL 60604-1702



USPS TRACKING® #

9505 5135 2201 5082 8569 52

RECEIVED
APR 09 2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

FILED
APR 09 2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT





FROM: Khalid McCombs
18200 W 12 Mile Rd, Apt 20
Southfield, MI, 48076

TO: Clerk of the Court
United States District Court
Northern District of Illinois
219 Dearborn St
Chicago, IL, 60604