

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Case No.: 1:24-CV-07077

KELLY BLAND, on behalf of herself and others similarly situated,
Plaintiff,

v.

THE ALLSTATE CORPORATION D/B/A ALLSTATE HEALTH SOLUTIONS and KHALID MCCOMBS,
Defendants.

DEFENDANT KHALID MCCOMBS' MOTION TO QUASH SUBPOENA

Defendant Khalid McCombs, in pro se, respectfully moves this Court to quash the subpoena issued to Google LLC on March 15, 2025, and in support thereof states as follows:

I. INTRODUCTION

1. On March 15, 2025, a subpoena was issued by Andrew R. Perrong, Perrong Law, LLC, requesting documents and testimony related to certain Google accounts.

2. Google LLC responded on March 18, 2025, objecting to the subpoena on multiple grounds, including jurisdictional defects, improper service, overbreadth, lack of specificity, undue burden as a non-party, and potential violations of the Stored Communications Act.

1

3. Defendant Khalid McCombs contends that the subpoena is not only procedurally defective but is being used as a tool to gain leverage through the unlawful discovery of sensitive information. Additionally, Defendant highlights significant errors in the issuance of the subpoena related to the misidentification of the Defendant entity. Accordingly, Defendant respectfully requests that the Court quash the subpoena in its entirety.

## II. FACTUAL BACKGROUND

1. Issuance of the Subpoena:

On March 15, 2025, Andrew R. Perrong of Perrong Law, LLC served a subpoena directed at Google LLC requesting production of documents and testimony related to one or more Google accounts allegedly connected to this litigation.

2. Google's Response:

Google LLC, a non-party to the litigation, responded on March 18, 2025, objecting to the subpoena on several grounds:

• Jurisdiction and Proper Service:

Google asserts that the subpoena was not properly domesticated in California and that service on a non-party located in Santa Clara County is improper.

• Insufficient Information:

The subpoena fails to adequately identify the relevant Google account(s) by omitting necessary details such as specific identifiers, reliable date ranges, or clear designations.

• Undue Burden and Stored Communications Act:

Google contends that the request imposes an undue burden by seeking sensitive data protected under the Stored Communications Act, which prohibits the disclosure of electronic communication content

without appropriate legal process.

• First Amendment and Privacy Considerations:

Google objects to the potential unmasking of user identities, which may infringe on First Amendment rights and other privacy protections.

3. Defendant's Clarification on Email Usage:

Defendant McCombs wishes to clarify the use of his Google accounts in relation to this matter:

• Primary Business Email:

The email address kmccombs@hst.com is used for all business transactions related to HST and Allstate Health Solutions products.

• Personal and General Business Email:

The email address kmccombs25@gmail.com is Defendant's personal email, which he has maintained since high school. It is used primarily for personal matters and other business unrelated to Allstate Health Solutions. Any notifications related to Allstate business that arrive at this address are automatically forwarded to the kmccombs@hst.com address to ensure proper handling.

• No Complaints:

Defendant has not received any complaints regarding his conduct in business dealings with Allstate and HST. All interactions were carried out in good faith, with reasonable efforts to ensure compliance with relevant regulations.

4. Abuse of the Discovery Process:

Defendant asserts that the subpoena appears to be used primarily to gain leverage by coercing disclosure of information that should be obtained directly from the party controlling the account data rather than from a disinterested non-party.

## III. ARGUMENT

### A. Jurisdictional Defects and Improper Service

• Non-Domestication:

Google is headquartered in California, and its documents are retrievable only from its Santa Clara County office. The subpoena was not properly domesticated in California pursuant to Cal. Civ. Proc. Code §§ 2029.100 et seq. and applicable UIDDA requirements.

• Service on a Non-Party:

The subpoena improperly seeks discovery from Google, a non-party. The appropriate procedure would be to direct such discovery requests to the party in possession of the data, thereby avoiding the undue burden on an unrelated entity.

### B. Overbreadth, Lack of Specificity, and Undue Burden

• Insufficient Identifiers:

The subpoena fails to provide specific identifiers (such as precise account information, date ranges, or unique identifiers) necessary to pinpoint the records sought. Given Google's vast user base, this lack of specificity renders any search impractical and overly burdensome.

• Excessive Scope:

By attempting to obtain comprehensive information that could encompass hundreds of millions of user records, the subpoena is overbroad and not narrowly tailored to serve the needs of this litigation.

### C. Violations of the Stored Communications Act and Privacy Rights

• Protected Communications:
The subpoena seeks information protected by the Stored Communications Act. Google has objected on the grounds that the production of such content would violate federal law by disclosing the contents of electronic communications.

• Privacy and First Amendment Concerns:
The attempt to unmask identities or obtain user-generated content without sufficient legal safeguards raises significant privacy and First Amendment issues.

D. Misuse of Discovery for Unlawful Leverage

• Improper Discovery Tactic:

Defendant contends that the subpoena is being used not for legitimate discovery purposes but as a leverage tool to coerce the production of sensitive information.

• Alternative Avenues Available:
If relevant information is needed, it should be obtained directly from the party controlling the data or through proper channels with appropriate judicial oversight rather than by burdening a non-party with an expansive and vague discovery request.

E. Plaintiff's Lawyer's Mistakes Regarding Defendant's Entity

1. Entity Misunderstanding:

The Plaintiff's lawyer, Andrew R. Perrong, has demonstrated a misunderstanding of Defendant's business structure and practices, which has led to improper subpoenas and time-wasting legal maneuvers. Specifically:

• Incorrect Assumptions About the Business Entity: The Plaintiff's lawyer originally identified the business entity as "Allstate" instead of the correct entity name, Healthcare Solution Team LLC. This initial mistake led to an unnecessary focus on irrelevant data.

• Failure to Direct Discovery to the Right Entity: The subpoena failed to properly address Healthcare Solution Team LLC, which is the entity Defendant operates under for this matter. Instead, Plaintiff's lawyer initially pursued "Allstate," resulting in a waste of resources.

• Failure to Correct the Entity Name Earlier: The Plaintiff's lawyer only corrected this error after a significant delay, during which time unnecessary discovery was pursued against the wrong entity. This mistake highlights a lack of due diligence and prolongs the case unnecessarily.

• Excessive and Unfocused Requests: The confusion regarding entities has led to excessive and unfocused discovery requests that only serve to delay the proceedings rather than move the case forward in a meaningful way.

5

• Correct Entity Identified Only After Everything Else: It was only after the subpoena was served and significant time had passed that the Plaintiff's lawyer acknowledged the correct business entity, Healthcare Solution Team LLC. This oversight has resulted in unnecessary delays, misdirection of resources, and a significant waste of both the Court's and Defendant's time, as the wrong entity was initially pursued.

IV. CONCLUSION

For the foregoing reasons, Defendant Khalid McCombs respectfully requests that this Court grant his Motion to Quash the subpoena issued to Google LLC in its entirety. Defendant further requests any additional relief the Court deems just and proper, including an award of reasonable fees and costs associated with this motion, particularly considering the unnecessary mistakes and delays caused by the Plaintiff's counsel.

CERTIFICATE OF SERVICE

(Motion to Quash Subpoena Issued to Google LLC)

I hereby certify that on this 23rd day of March, 2025, I served a true and correct copy of the foregoing Motion to Quash Subpoena issued to Google LLC by Certified Mail and via electronic email to the following parties:

Plaintiff's Counsel:
Andrew Roman Perrong, Esq.
N.D. Ill. Gen. Bar #333687
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
a@perronglaw.com

Google LLC, Legal Department:
1600 Amphitheatre Parkway
Mountain View, CA 94043
Email: google-legal-support@google.com

Respectfully submitted,

Khalid McCombs
18200 W 12 Mile Rd, Apt 209
Southfield, MI 48076
Phone: 313-457-3157
Email: knccombs25@gmail.com

Dated: March 23, 2025



PRIORITY MAIL®

PRESS FIRMLY TO SEAL

PRIORITY MAIL®

FLAT RATE ENVELOPE
POSTAGE REQUIRED

PRIOR MAIL

United States Postal Service®
VISIT US AT USPS.COM®
Label 106A, Nov 2018

VISIT US AT USPS.COM®
Label 106A, Nov 2018

**UNITED STATES POSTAL SERVICE.**  Retail

P | US POSTAGE PAID
$10.10

Origin: 48239
03/23/25
2525220239-07

PRIORITY MAIL®

0 Lb 8.40 Oz

RDC 03

EXPECTED DELIVERY DAY: 03/26/25

C005

SHIP TO:
219 S DEARBORN ST
CHICAGO IL 60604-1702



USPS TRACKING® #



9505 5135 2201 5082 8569 52



APR 0 9 2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

FILED

APR 0 9 2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT



**UNITED STATES POSTAL SERVICE®**

**PRIORITY® MAIL**

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

FROM: Khalid McCombs
18200 W 12 Mile Rd, Apt 209
Southfield, MI, 48076

TO: Clerk of the Court
United States District Court
Northern District of ILLINOIS
219 Dearborn St
Chicago, IL, 60604



Label 228, December 2023     FOR DOMESTIC AND INTERNATIONAL US