

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Case No.: 1:24-CV-07077

KELLY BLAND, on behalf of herself and others similarly situated,
Plaintiff,

v.

HEALTHCARE SOLUTIONS TEAM, LLC and KHALID MCCOMBS,
Defendants.

DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

1. Identify all telephone numbers used by you to make telephone calls to Plaintiff, including the number(s) of any text-enabled devices.

RESPONSE:
Defendant used a single personal phone number for both personal and business matters at the time, as they were a new independent agent just starting out. This number was used in good faith to conduct legitimate business, including contacting potential clients like Plaintiff.

2. Identify all persons who participated in any way in the telephone calls to Plaintiff.

RESPONSE:
Defendant, Khalid McCombs, was the only person who participated in the telephone communications with Plaintiff. As an independent contractor with no employees, Defendant is the sole operator of their

1

business and has never delegated communications to any third party.

3. Identify the source from which you obtained Plaintiff's telephone number.

RESPONSE:
Plaintiff's phone number was obtained through a lead list purchased from a third-party vendor on Fiverr. The vendor explicitly represented that the leads were opt-in and DNC-scrubbed, meaning that every individual on the list, including Plaintiff, had provided prior express consent to be contacted.

4. Identify all documents relating to your acquisition of Plaintiff's telephone number.

RESPONSE:
Defendant possesses records of the lead list provided by the vendor, along with written communications confirming the leads were opt-in and DNC-scrubbed. These documents directly contradict Plaintiff's claim of receiving unwanted communications and expose a deliberate attempt to mislead the court. Defendant is prepared to provide these documents as necessary.

5. Identify all persons and entities with knowledge of facts relating to the telephone calls to Plaintiff.

RESPONSE:
Aside from Defendant, the third-party lead vendor has knowledge of the circumstances surrounding the acquisition of Plaintiff's contact information. Notably, Plaintiff herself has firsthand knowledge, having actively participated in the communications and verbally providing her email address to Defendant. The abrupt shift from cooperation to litigation raises serious doubts about Plaintiff's motives.

6. If you contend that Plaintiff provided consent to receive solicitation telephone calls, state all facts in support of that contention and identify the date(s) on which and the means by which you contend consent was obtained.

2

RESPONSE:
Defendant contends that Plaintiff provided prior express consent to be contacted, as evidenced by the opt-in lead list purchased from the third-party vendor. The vendor explicitly confirmed the leads were DNC-scrubbed and compliant with TCPA regulations. Furthermore:

• The original lead list did not contain email addresses. Plaintiff voluntarily provided her email address during a phone call with Defendant to receive life insurance quotes. The fact that Plaintiff's email was later introduced in this litigation is highly suspicious, especially since the vendor confirmed they do not provide email addresses.

• After Plaintiff received the requested quotes via email, she called Defendant directly. During this call, Plaintiff explicitly stated she "could sue but wouldn't." This interaction demonstrates not only that Plaintiff was fully aware of and engaged in the communications, but also that her subsequent lawsuit is nothing more than a calculated ploy.

• Plaintiff's documented history of engaging in similar lawsuits suggests a disturbing pattern of behavior aimed at exploiting the legal system for financial gain. The sudden pivot from cooperation to litigation reeks of opportunism.

• Defendant was a new agent at the time, navigating the complexities of building a business. In their career, Defendant has written over 200 life and health policies across three companies, with HST being the least sold. Plaintiff is the only person to ever file a complaint against Defendant, further highlighting the anomaly of this situation.

This lawsuit appears to be nothing more than a manufactured claim for profit, exploiting a good-faith effort by a new agent trying to build their business legitimately.

7. Identify all documents you contend support your claims or defenses in this action.

RESPONSE:
Defendant possesses the following documents:

3

- The lead list obtained from the third-party vendor, showing Plaintiff's prior consent.

- Vendor communications explicitly confirming that the leads were opt-in and DNC-scrubbed.

- Proof that the lead list contained no email addresses, supporting Defendant's assertion that Plaintiff voluntarily provided her email.

- Records of Defendant's communications with Plaintiff, including the emails Plaintiff requested.

- Any publicly available records of Plaintiff's history of similar lawsuits, establishing a pattern of exploiting TCPA regulations for personal gain.

Defendant reserves the right to supplement this response as further evidence becomes available.

8. Identify all communications between you and Plaintiff.

RESPONSE:
Defendant communicated with Plaintiff through text messages and emails related to the requested quotes. Additionally, Plaintiff personally called Defendant and verbally provided her email address for the sole purpose of receiving those quotes.

During this call, Plaintiff explicitly acknowledged the communications and stated she "could sue but wouldn't." This conversation exposes the frivolous nature of this lawsuit and demonstrates Plaintiff's pattern of baiting legitimate businesses into contact before weaponizing the legal system.

CLOSING STATEMENT:

Plaintiff's claims are not only misleading but part of a calculated pattern of exploitation. The evidence overwhelmingly shows that Defendant acted in good faith as a new independent agent, relying on a third-party vendor's assurances that the leads were opt-in and DNC-scrubbed. Plaintiff voluntarily provided her email address during a phone call and actively engaged in the communication process, only to later weaponize these interactions to manufacture a lawsuit.

Furthermore, the fact that the original lead list contained no email addresses raises serious questions about how Plaintiff's email surfaced in this case, a glaring inconsistency that undermines her credibility. Plaintiff's direct call to Defendant, where she acknowledged the communications and claimed she

4

"could sue but wouldn't," further exposes the opportunistic nature of this litigation.

Defendant has written over 200 policies across multiple companies without a single complaint except from Plaintiff. This lawsuit is nothing more than a bad-faith attempt to exploit the legal system and unfairly target a new agent who was simply trying to build a legitimate business.

Defendant respectfully requests that this Court see through the Plaintiff's deceptive tactics and dismiss this case in its entirety.

CERTIFICATE OF SERVICE

I, Khalid McCombs, hereby certify that on this 23rd day of March, 2025, a true and correct copy of the foregoing Defendant's Response to Plaintiff's Complaint was served upon the following parties via Certified Mail, U.S. Mail, or Email:

Paronich Law, P.C.
Anthony Paronich
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Email: anthony@paronichlaw.com

Clerk of the Court
United States District Court
Northern District of Illinois
219 South Dearborn Street
Chicago, IL 60604

Dated: March 23, 2025

Respectfully submitted,

Khalid McCombs


Pro Se
Khalid McCombs
18200 W 12 Mile Rd, Apt 209
Southfield, Michigan, 48076
kmccombs25@gmail.com




**UNITED STATES POSTAL SERVICE** — Retail

**US POSTAGE PAID**
**$10.10**
Origin: 48239
03/23/25
2525220239-07

**PRIORITY MAIL®**

0 Lb 8.40 Oz
RDC 03

EXPECTED DELIVERY DAY: 03/26/25

C005

SHIP TO:
219 S DEARBORN ST
CHICAGO IL 60604-1702

USPS TRACKING® #

9505 5135 2201 5082 8569 52



APR 09 2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

FILED



**UNITED STATES POSTAL SERVICE** | **PRIORITY MAIL**

FROM: Khalid McCombs
18200 W 12 Mile Rd, Apt 209
Southfield, MI, 48076

TO: Clerk of the Court
United States District Court
Northern District of Illinois
219 Dearborn St
Chicago, IL, 60604


