MR
**FILED** RM
4/10/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Case No.: 1:24-CV-07077

KELLY BLAND, on behalf of herself and others similarly situated,
Plaintiff,

v.

THE ALLSTATE CORPORATION D/B/A ALLSTATE HEALTH SOLUTIONS
and KHALID MCCOMBS,
Defendants.

DEFENDANT'S RESPONSE TO PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS
BY KHALID MCCOMBS

Defendant Khalid McCombs ("Defendant") submits the following responses to Plaintiff's Second Set of Discovery Requests. In doing so, Defendant vehemently disputes the Plaintiff's allegations, exposes numerous errors and unfounded assumptions made by Plaintiff's counsel, and asserts that the entire case is based on a series of misrepresentations and unethical practices.

REQUESTS FOR PRODUCTION

1. With respect to the file previously produced at ACA-26Nov2023-1 lead list.xlsx, please produce all documents that evidence any prior consent to contact those telephone numbers.

RESPONSE:
Defendant asserts that consent was established through the opt-in lead generation process. The vendor from whom the lead list was purchased repeatedly represented that the list was DNC scrubbed and consisted solely of opt-in leads. I have proof of these vendor representations, which confirm that the leads did not include email addresses. No additional documents evidencing consent exist beyond those

1

already provided.

2. With respect to the file previously produced at ACA-26Nov2023-1 lead list.xlsx, please produce all documents that evidence any established business relationship with any of those individuals.

RESPONSE:
The lead list was procured from a reputable vendor on Fiverr under an opt-in system. No explicit business relationships were required to be established prior to contact, and the vendor's assurances regarding the compliance of the lead list suffice. Defendant objects to this request as the underlying lead generation process itself establishes the necessary business relationship through implied consent.

3. With respect to the file previously produced at ACA-26Nov2023-1 lead list.xlsx, please produce all documents that evidence that each number was not on the Do Not Call Registry when contacted.

RESPONSE:
The vendor explicitly confirmed that the lead list was DNC scrubbed prior to its delivery. I have records of this communication. Defendant relied in good faith on these representations, and any claim to the contrary is unfounded.

4. With respect to the file previously produced at ACA-26Nov2023-1 lead list.xlsx, please produce all documents that evidence that co-Defendant Allstate was not the actual or intended beneficiary of each lead.

RESPONSE:
This request is irrelevant. The lead list was independently procured, and Defendant contacted individuals without any direction from Allstate. Any suggestion otherwise is a diversionary tactic.

2

5. Please produce copies of any input and output from any Artificial Intelligence (AI) service or program, including, but not limited to, ChatGPT, Bard, Gemini, CoPilot, or DeepSeek, including all prompts, chats, chat logs, and records of queries, used in any manner to draft any document filed with the Court or served upon any counsel for Plaintiff or co-Defendant in this case.

RESPONSE:
Defendant flatly objects to this request as it is based on baseless assumptions. I have never used any AI tools such as ChatGPT, Bard, Gemini, CoPilot, or DeepSeek to draft any documents filed with the Court or served on Plaintiff. I do not have any subscriptions or records from any AI service in relation to this case. These unfounded allegations are merely a diversion from the substantive issues.

6. Please identify all individuals or entities with whom you have contracted, whether directly or indirectly, to assist in drafting, sending, or procuring leads for telemarketing purposes, including, but not limited to, any lead vendors, list brokers, or third-party service providers.

RESPONSE:
I contracted with one vendor on Fiverr the only third-party entity engaged for procuring leads. This vendor repeatedly represented that the leads were DNC compliant and opt-in. Notably, the leads did not contain email addresses. Plaintiff provided her email address separately, and upon receipt of that information, I sent the quote via email. It is important to emphasize that Kelly gave explicit consent to be contacted. After receiving the quote, she called me threatening to sue, later stating she wouldn't pursue legal action, yet ultimately filing this lawsuit. This conduct seriously undermines her credibility and supports the conclusion that her litigation history is part of an opportunistic, baseless strategy.

7. Please describe the methods and tools you used to confirm compliance with applicable Do Not Call laws and regulations when contacting the Plaintiff.

RESPONSE:
I relied entirely on the vendor's repeated representations that the lead list was DNC scrubbed and comprised of opt-in leads. Given the vendor's assurances and my good-faith reliance on them, I had no reason to conduct independent verification. I contacted only those numbers provided, acting in compliance with all applicable telemarketing laws.

3

8. Please provide a detailed explanation of why you believe the Plaintiff's claims in this case are without merit.


RESPONSE:
Defendant believes the Plaintiff's claims are without merit for the following reasons:


• Entity Misidentification: Plaintiff's counsel has repeatedly misidentified the entity involved in this case. They erroneously referred to the Defendant as "Allstate" when the correct entity is Health Care Solutions LLC. This fundamental error has led to the issuance of four subpoenas under the wrong entity name an error so egregious that even Google objected to one of them. Such mistakes are unethical and unprofessional, wasting the Court's and Defendant's time.


• Good Faith Reliance: I relied on the vendor's representations that the leads were DNC compliant and opt-in. I acted in good faith and in full compliance with applicable regulations.


• Proof of Consent: The leads did not include email addresses, which is proof that Plaintiff provided her email address separately. Defendant sent the quote to her via email only after she gave it to me, further demonstrating that she consented to be contacted.


• Unwarranted Litigation History: Kelly Bland has a history of TCPA litigation. Her decision to file this lawsuit—especially after threatening legal action and then stating she would not sue illustrates an opportunistic, baseless strategy designed to extract damages.


• Defendant's Proven Track Record: In my two years as a licensed agent, I have sold over 200 policies with three different companies, with Health Care Solutions LLC being the least active channel. This isolated complaint is in stark contrast to my otherwise unblemished record.


• Misconduct by Plaintiff's Counsel: The errors committed by Plaintiff's counsel including, the false allegations regarding my use of AI, the incorrect service address, and the misidentification of the entity—are not only legally significant but also amount to unethical behavior that has unnecessarily prolonged this litigation.


CONCLUSION

4

For the reasons stated above, Defendant Khalid McCombs respectfully asserts that the Plaintiff's claims are entirely without merit. The numerous procedural errors and misidentifications including the wrongful issuance of four subpoenas under an incorrect entity name demonstrate a pattern of unprofessional and unethical conduct by Plaintiff's counsel. These mistakes, coupled with the fact that I acted in good faith relying on the vendor's representations regarding the leads, waste both the Court's and Defendant's time. Furthermore, the Plaintiff's history of opportunistic TCPA litigation only further discredits her claims.

Accordingly, Defendant respectfully requests that this Court dismiss Plaintiff's claims in their entirety and grant any additional relief, including the award of reasonable attorneys' fees and costs incurred as a result of Plaintiff's counsel's misconduct.

CERTIFICATE OF SERVICE

I, Khalid McCombs, hereby certify that on this 23rd day of March, 2025, a true and correct copy of the Second Set of Interrogatories was served upon the following parties via Certified Mail, U.S. Mail, or Email:

Perrong Law LLC
Andrew Roman Perrong, Esq.
N.D. Ill. Gen. Bar #333687
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Email: a@perronglaw.com
Attorney for Plaintiff

Clerk of the Court
United States District Court
Northern District of Illinois
219 South Dearborn Street
Chicago, IL 60604

Dated: March 23, 2025

Respectfully submitted,
Khalid McCombs
Pro Se
Khalid McCombs
18200 W 12 Mile Rd
Southfield, Michigan 48076
kmccombs25@gmail.com



PRESS FIRMLY TO SEAL

# PRIORITY MAIL®

FLAT RATE ENVELOPE
POSTAGE REQUIRED

**United States Postal Service®**
VISIT US AT USPS.COM®
Label 106A, Nov 2018

VISIT US AT USPS.COM®
Label 106A, Nov 2018

---

**UNITED STATES POSTAL SERVICE.**  *Retail*

| P | US POSTAGE PAID | Origin: 48239 |
|---|---|---|
| | **$10.10** | 03/23/25 |
| | | 2525220239-07 |

## PRIORITY MAIL®

0 Lb 8.40 Oz
**RDC 03**

EXPECTED DELIVERY DAY: 03/26/25

C005

SHIP TO:
219 S DEARBORN ST
CHICAGO IL 60604-1702



### USPS TRACKING® #



9505 5135 2201 5082 8569 52



APR 0 9 2025

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

FILED

APR 0 9 2025

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

---

**UNITED STATES POSTAL SERVICE®**   **PRIORITY® MAIL**

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

FROM: Khalid McCombs
18200 W 12 Mile Rd, Apt 209
Southfield, MI, 48076

TO: Clerk of the Court
United States District Court
Northern District of ILLINOIS
219 Dearborn St
Chicago, IL, 60604

Label 228, December 2023    FOR DOMESTIC AND INTERNATIONAL US

