

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KELLY BLAND, on behalf of herself and others similarly situated,
Plaintiff,

v.

HEALTHCARE SOLUTIONS TEAM, LLC and KHALID MCCOMBS,
Defendants.

Case No.: 1:24-CV-07077

DEFENDANT'S SUPPLEMENTAL MOTION TO DISMISS

Defendant, Khalid McCombs, respectfully submits this Supplemental Motion to Dismiss, in addition to his original Motion to Dismiss, filed on January 18, 2025, to provide new facts and legal arguments in support of dismissing the Plaintiff's claims.

LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court should grant a motion to dismiss if the plaintiff's complaint fails to state a claim upon which relief can be granted. A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. In this case, Defendant asserts that the Plaintiff's claims are both factually unsupported and legally deficient, and thus fail to meet the required threshold.

The Supreme Court's decision in Ashcroft v. Iqbal, 556 U.S. 662 (2009), further clarifies this standard. In Iqbal, the Court emphasized that a complaint must provide more than bare allegations and conclusions. The complaint must provide factual allegations that make the claim plausible, not just conceivable. The Plaintiff in this case fails to meet that standard, as her allegations are based on unsupported assertions and lack the required factual basis to survive a motion to dismiss.

1. Consent to Communications

The Plaintiff, Kelly Bland, voluntarily opted into receiving communications from the Defendant. The lead in question was obtained through a vendor who explicitly confirmed that the leads were Opt-in Leads, meaning that the Plaintiff had already expressed interest in receiving communication about services like the ones provided by the Defendant. Additionally, the vendor confirmed that the calls were DNC scrubbed and fully compliant with relevant telemarketing laws. The lead list provided by the vendor did not contain the Plaintiff's email address. The vendor confirmed this fact twice, indicating that any email communication sent by the Defendant could only have occurred after the Plaintiff voluntarily provided her email address during a verbal conversation. This directly contradicts the Plaintiff's allegations of unsolicited contact and serves as clear evidence that consent was given.

2. Good Faith Effort and Vendor Representation

The Defendant reasonably relied on the vendor's representation that the leads were properly scrubbed against the DNC list and compliant with applicable regulations. Given the vendor's positive reputation and previous satisfactory transactions, the Defendant had no reason to question the accuracy of these assurances. The absence of the Plaintiff's email address in the original lead list further underscores that the Defendant obtained this information directly from the Plaintiff, reflecting her interest and consent.

3. Mistake in Lead Vendor Handling

It was later discovered that, despite the vendor's assurances, there was an error in the handling of the lead list that resulted in the inadvertent inclusion of a lead that was on the DNC list. However, this mistake was not due to any malicious intent on the part of the Defendant, who acted in good faith to comply with all regulations. Upon realizing this error, the Defendant took immediate steps to enhance lead vetting procedures.

4. Defendant's Clean Record and Experience

At the time of the alleged violation, the Defendant was a newly licensed agent trying to build their business. Since then, the Defendant has sold over 200 policies with three different companies over the course of two years—selling the fewest policies under HST. Importantly, this matter involving Kelly Bland represents the only complaint the Defendant has ever received. This isolated incident does not reflect a

2

pattern of misconduct but rather a rare mistake amid an otherwise exemplary track record.

5. Plaintiff's History of Similar Litigation

Discovery reveals that the Plaintiff, Kelly Bland, has a history of filing similar lawsuits. This pattern strongly suggests that the current claim is part of a broader strategy aimed at targeting vendors, agents, and companies through telemarketing-related claims. Given the facts of this case, particularly the Plaintiff's voluntary provision of her email address and lack of evidence of unsolicited contact, it appears the Plaintiff is exploiting the TCPA for personal financial gain.

6. Lack of Merit and Opportunistic Litigation

The Plaintiff's claims lack merit and appear to be part of a broader strategy to exploit technicalities in telemarketing laws for personal gain. The Defendant acted in accordance with all applicable laws, obtained valid consent, ensured proper lead scrubbing, and complied with relevant regulations. The Plaintiff's history of filing similar lawsuits and the opportunistic nature of this case suggest that this litigation is aimed at extracting damages rather than addressing legitimate grievances.

7. Plaintiff's Own Statements

In addition to the evidence above, it is important to note that after the Defendant provided the Plaintiff with a quote, the Plaintiff personally called the Defendant. During this call, the Plaintiff acknowledged that she had the option to sue the Defendant but stated that she would not do so. Despite this, the Plaintiff is now pursuing this legal action, which raises questions about the Plaintiff's intent and credibility in bringing this lawsuit.

ADDITIONAL GROUNDS FOR DISMISSAL

In addition to the substantive defenses outlined above, the Defendant requests that this Court take judicial notice of the following egregious errors and misconduct by Plaintiff's counsel, which have disrupted these proceedings and wasted judicial resources:

1. Incorrect Entity in the Case:

3

Plaintiff's counsel misidentified the correct entity by erroneously naming Allstate Corporation as the responsible party, despite evidence that Allstate is not the entity involved in the alleged actions.

2. Baseless Allegations Involving ChatGPT:

Plaintiff's counsel falsely alleged that the Defendant used ChatGPT to draft communications related to this case without any supporting evidence. This baseless accusation is irrelevant and serves only to distract from the core issues.

3. False Claims Regarding Address:

When serving the Defendant, Plaintiff's counsel could not successfully complete service or locate the Defendant's correct address. Subsequently, Plaintiff's counsel falsely accused the Defendant of providing a fake address. It has since been established that the Defendant's address was correct, which demonstrates that Plaintiff's counsel failed to do their job properly. This false accusation—along with other baseless claims, such as the erroneous ChatGPT accusation—shows a pattern of unethical behavior and procedural misconduct by Plaintiff's counsel. These actions mislead the Court and demonstrate the tactics employed by Plaintiff's counsel, calling into question the credibility and fairness of the Plaintiff's claims.

4. Illegal Subpoena to Google:

Plaintiff's counsel issued a subpoena to Google LLC seeking documents related to the Defendant's personal email address without proper jurisdiction and in violation of the Stored Communications Act. Google objected to the subpoena, citing improper service and overreach.

5. Improper Subpoena for Irrelevant Email Address:

Rather than targeting the Defendant's business email (kmccombs@hst.com), Plaintiff's counsel issued a subpoena targeting a personal Google email address—kmccombs25@gmail.com—which is unrelated to the Defendant's business dealings. This demonstrates bad faith and a lack of due diligence.

6. Pattern of Procedural Misconduct:

4

Federal courts have previously criticized Plaintiff's counsel for procedural gamesmanship, such as filing unilateral motions for default judgment and making unfounded allegations. This case fits within that pattern of aggressive and ethically questionable litigation tactics.

7. Reliance on Misleading Allegations:

Plaintiff's counsel has a history of incorporating misleading factual assertions into case filings, contributing to unnecessary delays and wasted judicial resources. In this case, the erroneous claims regarding service addresses and baseless references to ChatGPT reflect a continued pattern of misconduct.

8. Request for Personal Information When Defendant Was Not a Licensed Agent:

Plaintiff's counsel has gone further by attempting to subpoena personal information about the Defendant for periods when the Defendant was not even a licensed agent. This request for irrelevant and private information during a time when the Defendant was not conducting business as a licensed agent is both invasive and inappropriate, further demonstrating the aggressive and unethical behavior employed by Plaintiff's counsel.

9. Waste of Judicial Resources:

Plaintiff's counsel's repeated missteps including; misidentification of the Defendant entity and the issuance of improper subpoenas have wasted the Court's and the Defendant's resources, further highlighting the frivolous nature of these proceedings.

JURISDICTIONAL CHALLENGE

Additionally, the Defendant asserts that this Court lacks personal jurisdiction over him. Although Kelly Bland is a resident of Texas, the Defendant resides and is licensed in Michigan and has never conducted business in Chicago, Illinois. The Defendant has never engaged in direct communication with the Plaintiff in Illinois, and all business and communications in question were conducted with the Plaintiff who voluntarily provided her contact information.

As a result, the Defendant respectfully asserts that the Plaintiff has not demonstrated sufficient grounds for personal jurisdiction in this Court, particularly given that all relevant actions occurred outside of Illinois and without any direct ties to this jurisdiction.

5

## CONCLUSION

For the reasons stated above, Defendant respectfully requests that this Court dismiss the Plaintiff's claims in their entirety and grant any further relief the Court deems just and proper.

### CERTIFICATE OF SERVICE

I, Khalid McCombs, hereby certify that on this 23rd day of March, 2025, a true and correct copy of this Supplemental Motion to Dismiss was served upon the following parties via Certified Mail, U.S. Mail, or Email:

Perrong Law LLC
Andrew Roman Perrong, Esq.
N.D. Ill. Gen. Bar #333687
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Email: a@perronglaw.com
Attorney for Plaintiff

Clerk of the Court
United States District Court
Northern District of Illinois
219 South Dearborn Street
Chicago, IL 60604

Dated: March 23, 2025

Respectfully submitted,

Khalid McCombs

Pro Se
Khalid McCombs
18200 W 12 Mile Rd
Southfield, Michigan 48076
kmccombs25@gmail.com

6

**FROM:** Khalid McCombs
18200 W 12 Mile Rd, Apt 209
Southfield, MI, 48076

**TO:** Clerk of the Court
United States District Court
Northern District of Illinois
219 Dearborn St
Chicago, IL, 60604

---

**UNITED STATES POSTAL SERVICE** — Retail

US POSTAGE PAID
**$10.10**
Origin: 48239
03/23/25
2525220239-07

PRIORITY MAIL®
0 Lb 8.40 Oz
RDC 03
EXPECTED DELIVERY DAY: 03/26/25
C005

SHIP TO:
219 S DEARBORN ST
CHICAGO IL 60604-1702

USPS TRACKING® #
9505 5135 2201 5082 8569 52

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT
FILED
APR 09 2025