**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

KELLY BLAND, on behalf of herself and others similarly situated,

     Plaintiff,

v.

HEALTHCARE SOLUTIONS TEAM, LLC and KHALID MCCOMBS,

     Defendants.

Case No.: 1:24-CV-07077

**PLAINTIFF KELLY BLAND AND DEFENDANT HEALTHCARE SOLUTIONS TEAM, LLC'S OPPOSED JOINT MOTION TO RESET DISCOVERY SCHEDULE**

Pursuant to Fed. R. Civ. P. 6(b) and Local Rule 5.3(a), Plaintiff Kelly Bland ("Bland"), and Defendant Healthcare Solutions Team, LLC ("HST") (together, the "Parties") hereby move the Court for an order resetting the discovery schedule entered on December 2, 2024 (Dkt. 14) and granting the Parties an additional ninety (90) days, through and including October 9, 2025, to complete fact discovery. As grounds for their Motion, the Parties state as follows:

1.     On December 2, 2024, Hon. Judge Harjani entered a discovery schedule setting several discovery deadlines including: (1) written discovery requests to be issued by December 23, 2024; (2) Notices of depositions with agreed upon dates to be issued by March 13, 2025; (3) Rule 45 subpoenas to be issued by March 13, 2025; and (6) Fact discovery must be completed by July 11, 2025. (Dkt. 14)

2.     In the same Order, Hon. Judge Harjani referred discovery supervision to Magistrate Judge Hotaling, including the adjustments of all deadlines as needed. *Id.*

3.      The Parties request an additional ninety (90) days, through and including October 9, 2025, to complete fact discovery. There are good faith grounds for the Parties' request for additional time to complete fact discovery.

4.      First, on March 21, 2025, the Court granted Plaintiff's Motion to Substitute Party Name, substituting HST for The Allstate Corporation. (Dkt. 28). As a result, HST and Plaintiff had to restart written discovery. HST and Plaintiff still need to respond to pending written discovery and produce documents in response to those requests. Additionally, prior to the production of any documents, the Parties need to confer on and prepare a Stipulated Protective Order and an ESI Protocol, all of which requires additional time.

5.      Second, there is significant ongoing motion practice which is affecting discovery. Plaintiff and McCombs both have several pending discovery motions, including Motions to Strike and Motions to Quash several Rule 45 Subpoenas issued by Plaintiff, which need to be resolved in order for written discovery to be completed.

6.      All the Parties have served written discovery requests to date. The Parties still need to issue Rule 45 subpoenas, and they are conferring regarding depositions. To date, no oral discovery has taken place. As such, to the extent these internal deadlines need to be reset, the Parties respectfully request that the deadlines to notice depositions and to serve Rule 45 subpoenas be reset consistent with the requested October 9, 2025, deadline for fact discovery.

7.      Rule 6(b)(1)(A) states: "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires."

8.      The Parties are filing this Motion prior to the expiration of the fact discovery deadline.

9.      The Parties make this Motion in good faith and an extension of fact discovery is in the best interest of all parties and judicial economy.  The extension is not sought for the purposes of delay.

10.      Moreover, Plaintiff's counsel, counsel for HST, and McCombs all conferred regarding the requested extension via e-mail on April 15, 2025. Plaintiff's counsel and counsel for HST are in agreement and believe that an extension is necessary. McCombs opposes the Motion for extension.

11.      Accordingly, Plaintiff and HST ask that the Court reset the fact discovery deadline and extend it for ninety (90) days, through and including October 9, 2025.

**WHEREFORE**, Plaintiff Kelly Bland and Defendant Healthcare Solutions Team, LLC respectfully request that this Court enter an Order resetting the discovery schedule entered on December 2, 2024 (Dkt. 14) and granting an additional extension of ninety (90) days, through and including October 9, 2025, to complete fact discovery.

<u>**CERTIFICATE OF CONFERENCE**</u>

**I HEREBY CERTIFY** that on April 15, 2025, Ryan Roman, counsel for Defendant Healthcare Solutions Team, LLC, e-mailed Anthony Paronich, counsel for Plaintiff Kelly Bland and Defendant Khalid McCombs, regarding this Motion. Plaintiff Kelly Bland does not oppose the requested extension. However, Mr. McCombs opposes the requested extension.

Dated: April 16, 2025                           Respectfully submitted,

                                    **AKERMAN LLP**

                                    */s/Jani K. Mikel*
                                    **JANI K. MIKEL**
                                    Illinois Bar No. 6331445
                                    71 South Wacker Drive, 47th Floor
                                    Chicago, Illinois  60606
                                    Telephone:  (312) 634-5700
                                    Facsimile:  (312) 424-1900

Primary Email: jani.mikel@akerman.com
Secondary Email: elise.ada@akerman.com

**- and -**

RYAN ROMAN
*\* Pro Hac Vice To Be Filed*
**AKERMAN LLP**
201 East Las Olas Boulevard, Suite 1800
Fort Lauderdale, Florida 33301
Telephone: (954) 463-2700
Facsimile: (954) 463-2224
Primary Email: ryan.roman@akerman.com
Secondary Email: lauren.chang-williams @akerman.com

*Counsel for Defendant Healthcare Solutions Team, LLC*

4

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on April 16, 2025, the foregoing document was filed with the Court's electronic filing system on the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/s/ Jani K. Mikel*
JANI K. MIKEL
Illinois Bar No. 6331445
