IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KELLY BLAND, on behalf of herself and others similarly situated,<br><br> Plaintiff,<br><br>v.<br><br>HEALTHCARE SOLUTIONS TEAM, LLC and KHALID MCCOMBS,<br><br> Defendants. | Case No.: 1:24-CV-07077 |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO COMPEL RESPONSES TO DISCOVERY INCLUDING THE PRODUCTION OF CALLING DATA <u>NECESSARY FOR CLASS CERTIFICATION</u>**

*Pro se* defendant Khalid McCombs ("Mr. McCombs") does not dispute the relevance of the documents sought by the Plaintiff Kelly Bland, but claims that because he has provided all of the materials at issue related to Ms. Bland individually (he hasn't) her motion to compel should be denied. This is wrong on two levels.

First, Mr. McCombs has not produced all of the records sought that relate to Ms. Bland. Indeed, while he has produced a list of the purchased non-consensual leads from a Pakistani seller, "Techpro" a/k/a @mansoorijaz, on a website called Fiverr, where goods and services are sold, for the sum of five dollars, he has not produced all records of telemarketing calls to those individuals. It's unclear if he called those individuals 2, 3 of 10 times each. This is undisputedly relevant to the analysis of damages. This is because a TCPA plaintiff may bring an action to recover for actual monetary loss from a violation of the TCPA, or to receive up to $500 in damages for each such violation, whichever is greater. 47 U.S.C. § 227(c)(5).

78158861;4

Second, Mr. McCombs does not dispute that he has purchased other lists that he made telemarketing calls to for Healthcare Solutions Team, LLC ("HST"). However, he simply refuses to produce such documents claiming their "unrelated" but provides no reasoning or case law. On this same issue, the Plaintiff has already provided a TCPA case directly on point compelling the same data:

> EAG argues that Frey is not entitled to this personal identifying information pre-class certification, but, as discussed below, the Court did not bifurcate the discovery period in this matter. As such, Frey was required to seek discovery on both his individual claim and his class claim at the same time and could not wait until after the Court ruled on his motion for class certification to request this relevant information.

*Frey v. Frontier Utils. Ne. Llc*, No. 19-2372-KSM, 2020 U.S. Dist. LEXIS 260620 *5-6 (E.D. Pa. Apr. 13, 2020). For the same reasons in *Frey*, the motion to compel should be granted here. Here, there is a single discovery period and all of the telemarketing calls that Mr. McCombs made during the class period should be produced. This case is not going to be "expanded into a class action" as Mr. McCombs claims, it already is. Indeed, Mr. McCombs cites the following case *Whiteamire Clinic v. Quill Corp.,* No. 12 C 5490, 2013 WL 5348377, at *3 (N.D. Ill. Sept. 24, 2013) ("The Court cannot permit Defendant on one hand to contest class certification and on the other hand deny plaintiff the discovery relevant to its position."). The Plaintiff agrees, but Mr. McCombs is using this quote for an unclear proposition. To be clear, the Defendants have not conceded class certification. And since they have not, the Plaintiff must receive discovery related to class certification, which she is seeking through this motion.

Finally, in an unfortunate continued trend in the parties' meet and confer correspondence and in submissions to this Court, Mr. McCombs has included case quotes that simply *do not exist*. First, Mr. McCombs offers the case of *United States v. Autumn Ridge Condo Ass'n, Inc.,* 265 F.R.D. 323, 326 (N.D. Ind. 2009) for the proposition that "Relevancy is construed broadly but is

not unlimited.". However, that quote does not exist nor do the words "unlimited" or "relevancy" appear in the case. Second, the quote in *Fralish v. Digital Media Sols., Inc.,* No. 3:21-cv-00045-JD-MGG, 2021 WL 5370104, at *9 (N.D. Ind. Nov. 17, 2021) reads "Discovery must be sufficiently broad but not unduly burdensome" also does not exist. The Plaintiff points these out to the Court because if Mr. McCombs is misquoting cases (or making up quotes that don't exist), it is in the Court's interest, as well as the parties, to learn of any artificial tools being utilized or assistance he's receiving in drafting his pleadings.

## Conclusion

For the reasons stated herein, the Plaintiff's motion to compel should be granted.

Dated: April 17, 2025

*/s/ Anthony I. Paronich*
Anthony I. Paronich
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
Fax: (508) 318-8100
anthony@paronichlaw.com

*Counsel for Plaintiff and the proposed class*

78158861;4