**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| KELLY BLAND, on behalf of herself and others similarly situated, | |
| Plaintiff, | |
| v. | Case No.: 1:24-CV-07077 |
| HEALTHCARE SOLUTIONS TEAM, LLC and KHALID MCCOMBS, | |
| Defendants. | |

**OPPOSITION TO KHALID MCCOMBS' MOTIONS TO QUASH**

Plaintiff Kelly Bland, by and through the undersigned counsel, files this response in opposition to Defendant Khalid McCombs' Motion to Quash (ECF No 39). For the reasons that follow, the Court should deny the motion, which was again filed in contravention of this Court's meet and confer requirements, including as they pertain to discovery disputes.

## I. INTRODUCTION AND FACTUAL BACKGROUND

Plaintiff brought this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, alleging Defendants violated the TCPA by placing multiple call to Plaintiff without her prior express written consent to the Plaintiff's number on the National Do Not Call Registry. (Complaint, ECF No. 1).

Following the Parties' Rule 26(f) conference, the parties have exchanged discovery requests. Of relevance here, the Plaintiff also issued third party subpoenas to four entities[1]: Visible Mobile, the subject telephone carrier that Mr. McCombs used to send the calls at issue, Fiverr, the

---

[1] The Court has ordered Plaintiff to provide copies of these subpoenas. They are enclosed herein as Exhibits A through D, respectively.

marketplace where Mr. McCombs purchased the subject leads, Google, Mr. McCombs' email provider, and OpenAI OpCo d/b/a ChatGPT, the service Plaintiff suspects Mr. McCombs has been using to draft his pleadings in this matter, including those which are the subject of the Plaintiff's motion to strike. The Plaintiff issued these subpoenas, *inter alia*, to obtain classwide calling data and as further support of the Plaintiff's motion to strike and for future potential motions practice if it is revealed that Mr. McCombs is, in fact, using AI in this matter.

## II.    LEGAL STANDARD

Under FED. R. CIV. P. 45(d)(3)(A), the court must, upon timely motion, quash or modify a subpoena that "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Such motions should be rarely, if ever, granted, particularly because "the party seeking to quash a subpoena bears a heavy burden of proof." *Irons v. Karceski*, 74 F.3d 1262, 1264 (D.C. Cir. 1995).

Importantly and critically here, as a preliminary matter, a party has "no standing to seek to quash a subpoena directed to a non-party" unless the party seeking to quash can show that the subpoena would violate their "privilege" or a "personal right." *Buonavolanto v. LG Chem, Ltd.*, No. 18 C 2802, 2019 WL 8301068, at *1 (N.D. Ill. Mar. 8, 2019). A court may quash a subpoena for privilege or personal right if it requires, for example, "the assertion of work product or attorney-client privilege, interference with business relationships, or production of private information about the party that may be in the possession of a third party." *Parker v. Four Seasons Hotels, Ltd.*, 291 F.R.D. 181, 187 (N.D. Ill. 2013); FED. R. CIV. P. 45(d)(3)(B). In all other cases, including "relevance, burden or service objections," upon some of which Mr. McCombs moves, "fall to the subpoena's recipient to make." *Id.* Finally, the moving party bears

2

a "heavy burden" in that it is required to demonstrate that the discovery sought is impermissible such as to justify the motion to quash. *Leon v. Indiana Univ. Health Care Assocs., Inc.*, No. 1:22-CV-00937-JRS-MG, 2023 WL 11845649, at *1 (S.D. Ind. Nov. 1, 2023); *In re Smirman*, 267 F.R.D. 221, 223 (E.D. Mich. 2010).

### III.   ARGUMENT

The motion to quash should be denied for at least two reasons. *First,* Defendant lacks standing to quash the instant third-party subpoenas. *Second,* the merits and deficiencies Mr. McCombs identifies in each of the subpoenas are baseless and in most cases border on the frivolous. The information sought here is necessary and relevant to Plaintiff's and class's claims and defenses, particularly because the identification of the entities involved in placing the calls and providing lead lists including the Plaintiff and other class members are necessary to proving the Plaintiff's and class's claims.

*A. Mr. McCombs lacks standing to quash the subpoenas.*

"The law is clear that generally, a party does not have standing to quash a subpoena to a non-party." *Parker*, 291 F.R.D. at 187. If the movant can show the subpoena would violate their privilege or a personal right, they *might* have standing. *Id.* That said, a party seeking to quash a third-party subpoena must meet a heavy burden of proof and the circumstances under which a party has standing to contest a subpoena are "limited." *Id.*

Defendant's motions are no model of clarity, but below is the universe of bases on which Defendant moves to quash:

- Incorrect Entity Name
- Improper Service
- Relevance
- Harassment and Burden
- "Lack of Connection" (i.e. relevance)

- "Misuse of Discovery Process" (i.e. relevance and burden)
- "Overly Broad and Unreasonable" (i.e. burden)
- "Phone Carrier and Access to Records" (i.e. relevance)
- "Impossibility of Compliance" (i.e. scope)
- "Unethical Request" (i.e. scope)
- "No Complaints" (i.e. relevance)
- "Abuse of the Discovery Process" (i.e. relevance and harassment)

Notably absent from Mr. McCombs' motion is the identification of *any* one of the "limited circumstances" that this Court has held a party has standing to attempt to quash a subpoena directed to a non-party. *Id.* Mr. McCombs pleads no work product or attorney-client privilege. He claims no private information that would be otherwise privileged but in the possession of a third party, such as communications in the possession of one's spouse. Moreover, the subpoenas are not directed to any of Mr. McCombs clients, so they plainly do not interfere with any business relationship. As courts in this circuit have held time and again, when Mr. McCombs simply parrots ordinary objections, including "relevance, burden, or service objections," those are *not his to make*. *Id.*; *Kessel v. Cook Cnty.*, No. 00 C 3980, 2002 WL 398506, at *2 (N.D. Ill. Mar. 14, 2002) ("The Court has conducted a review of the documents and considered plaintiffs' objections to production. The Court notes that with respect to each document withheld or redacted, the plaintiffs seek to justify non-production on the grounds, among others, of relevance, burdensomeness and over breadth. . . . [T]he Court believes that those objections properly lie with the subpoenaed party, and not with the plaintiffs.").

Tellingly, none of the four parties that the Plaintiff has subpoenaed has objected on any of these grounds nor filed any of their own motions to quash. Just because Mr. McCombs is a party to these proceedings does not give him the right to move to quash the subpoenas on grounds reserved to their third-party recipients. As this Court has noted, "to grant standing to a party because it says it has an interest in the 'administration of the legal proceeding' would

effectively wipe out the rule entirely. Every time a third party received a subpoena, regardless of whether there had been a pre-existing discovery order or not, a party could seek to quash it simply by asserting its objections and stating it had 'an interest in the administration of the legal proceeding.'" *Parker*, 291 F.R.D. at 187 (quoting *Phipps v. Adams*, No. 3:11-CV-147-GPM-DGW, 2012 WL 3074047, at *2–*3 (S.D. Ill. July 30, 2012)). The Court should deny Mr. McCombs' motions as an initial matter on standing grounds.

*B. Mr. McCombs motion fails on the merits.*

But even turning to the merits of each of these subpoenas reveals that Mr. McCombs' objections lack any cognizable basis and are frivolous. Other of his objections amount to little more than nonsensical ramblings.

Start with Mr. McCombs' contention that the Plaintiff has named an "incorrect entity name" in his subpoenas. However, a cursory review of each of these subpoenas reveal that that contention is entirely baseless. Each of the subpoenas was issued to the respective third party's legal operating entity. Mr. McCombs seems to take issue with the fact that the subpoenas were issued while this case was still proceeding against an incorrectly named entity, Allstate, but this Court granted the parties' joint motion to substitute party to name the correct Defendant, Healthcare Solutions Team, LLC. (ECF No. 27). At the time they were issued, the subpoenas contained the correct caption and the Court's motion to substitute party cured any issues with respect to the incorrect operating entity originally named in this case. Nor were any subpoenas issued to "Allstate Corporation." As such, this court can dispatch with this objection easily.

Continue with Mr. McCombs' contention that the subpoenas were improperly served. These assertions are curious, as the Rules neither require nor direct the issuer of a subpoena to file the proof of service on the docket. FED. R. CIV. P. 45(b)(4). Even so, the Uniform Interstate

Depositions and Discovery Act does not apply to federal subpoenas, nor do federal subpoenas require domestication when served outside of the territorial bounds of this Court. FED. R. CIV. P. 45(b)(2) ("A subpoena may be served at any place within the United States."). If any of the third parties who have been subpoenaed feel that they were served improperly, they are free to raise such issues in their own motions to quash, and the Plaintiff will respond to them in due course.

Mr. McCombs also attacks the relevance of the information sought in each of the subpoenas. However, even to the extent that the Court considers these issues, Mr. McCombs' arguments flunk the liberal relevancy requirements of Rule 401. The TCPA has a four-year statute of limitations, and the Plaintiff is attempting to ascertain, through calling records, records of purchased leads, and email records, the scope and data pertaining to the classwide claims. Such information is probative to the Plaintiff's (and Class's) affirmative TCPA claims and is therefore relevant. 28 U.S.C. § 1658; *Giovanniello v. ALM Media, LLC*, 726 F.3d 106, 115 (2d Cir. 2013). Moreover, the subpoena to OpenAI regarding Mr. McCombs' use of ChatGPT is clearly relevant because, as articulated in the Plaintiff's motion to quash, the use of AI in these proceedings raises questions as to the propriety of Mr. McCombs' multiple baseless filings, including this one, and raise defenses thereto, including on UPL and Rule 11 grounds.

Mr. McCombs also perplexingly argues that the subpoenas constitute an undue burden on him because he allegedly doesn't possess the records or because he anticipates the volume of production will be substantial. He also argues that a third-party's burden in responding to a subpoena somehow means that counsel is "harassing" both Mr. McCombs and the subpoenaed party. As this Court has remarked, "the Court finds that any concerns about privacy or potential harassment should yield to the interest of producing documents that may lead to discovery of admissible evidence to defend against plaintiffs' claims." *Kessel*, 2002 WL 398506, at *4.

Perhaps Mr. McCombs misunderstands the nature and process of a subpoena. The entire purpose of the third party subpoenas the Plaintiff seeks is to obtain an alternative means of obtaining data that the Defendant claims is not within his possession, care, custody, or control. In any event, if the parties subpoenaed feel that the subpoenas impose an undue burden on them or were presented for some improper purpose, they are free to object to the same as appropriate.

Finally, none of the subpoenas sought, including the subpoena sought from Google, implicate the Stored Communications Act in that they do not seek the disclosure of the *contents* of emails or other stored communications. As an initial matter, Mr. McCombs is using the subject email address as the email address in this litigation, including the email address that he is placing on all the pleadings he is filing with this Court. To be clear, the Plaintiff is *not* impermissibly seeking the *contents* of the Defendant's emails; he is only seeking *metadata* (the dates, times, sender, and recipients) of those emails, as evidenced by the text of the subpoena itself. As the Court noted in *Sys. Prods. & Sols., Inc. v. Scramlin*, No. 13-CV-14947, 2014 WL 3894385, at *8 (E.D. Mich. Aug. 8, 2014):

> Metadata associated with electronic communications, however, are not considered to be content protected by the SCA. *Chevron Corp. v. Donziger*, Case No. 12–mc–80237 CRB (NC), 2013 WL 4536808, at *6 (N.D.Cal. Aug. 22, 2013). In fact, the SCA expressly permits the disclosure of such data. 18 U.S.C. § 2702(c)(6) (an electronic communication service provider "may divulge a record or other information pertaining to a subscriber to or customer of such service (not including the contents of communications ... ) ... to any person other than a government entity."). This allowance includes a subscriber's name, address, records of session times and durations, telephone or instrument number, or other subscriber number or identity. *Donziger*, 2013 WL 4536808, at *6 (citing § 2703(c)(2)); *see also Optiver Australia Pty. Ltd. & Anor. v. Tibra Trading Pty. Ltd. & Ors.*, No. C 12–80242 EJD (PSG), 2013 WL 256771, at *3 (N.D.Cal. Jan.23, 2013) (allowing "non-content metadata" to be disclosed to plaintiff pursuant to a discovery subpoena).

As the Plaintiff is not seeking any information protected by the SCA, Mr. McCombs' motion to quash on this basis should be denied as well. It should also be noted that Mr. McCombs

misrepresents the procedural history of this subpoena. Google did not "respond" on March 18 or serve any objections based on any jurisdictional defects, either, as Defendant falsely asserts.

What's more, courts in the TCPA context routinely have allowed subpoenas seeking substantially similar information to proceed. *E.g.*, *Jackson v. Aragon Advert., LLC*, No. 4:23-MC-00812, 2023 WL 7413332, at *3 (M.D. Pa. Nov. 9, 2023) (rejecting contention that subpoena for call lists, customer lists, and telephone records was unduly burdensome and granting motion to compel); *Taylor v. Universal Auto Grp. I, Inc.*, No. 14-MC-50, 2015 WL 1810316, at *5 (S.D. Ohio Apr. 17, 2015) (compelling production of "documents, communications, databases, and emails containing lists of the phone numbers" a defendant called in the possession of a third party); *Demarzo v. Healthcare Tr. of Am., Inc*., No. 20-61693-CIV, 2021 WL 6693755, at *2 n.1 (S.D. Fla. Apr. 7, 2021) ("Defendant, however, fails to explain how disclosure of the particular information requested would invade the privacy interests of any third party. Nor does Defendant allege that it would violate any privacy law."); *Lucas v. Telemarketer Calling From (407) 476-5670 & Other Tel. Numbers*, No. 1:12-CV-630, 2014 WL 12656102, at *2 (S.D. Ohio May 22, 2014) (compelling telephone service provider to produce calling records); *Hi Q, Inc. v. Zeetogroup, LLC*, No. 22-CV-1440-LL-DDL, 2023 WL 4096224, at *5 (S.D. Cal. June 20, 2023) (compelling deposition of marketing partner in TCPA class action).

Therefore, even considering the merits of Mr. McCombs' ill-pled arguments, such arguments have no basis and do not provide any reason to justify quashing the instant subpoenas.

## **CONCLUSION**

For the foregoing reasons, Mr. McCombs' motions to quash (ECF No. 39) ought be denied.

RESPECTFULLY SUBMITTED AND DATED this April 16, 2025

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
N.D. Ill. Gen. Bar #333687
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com


*Attorney for Plaintiff*


**CERTIFICATE OF SERVICE**

I hereby certify that on April 16, 2025, a copy of the foregoing was served electronically

on counsel for the Defendant/Defendant via e-mail at kmccombs25@gmail.com,

jani.mikel@akerman.com, ryan.roman@akerman.com, as per operation of the CM/ECF filing

system. I further certify that I mailed a copy of the foregoing to:

KHALID MCCOMBS
18200 W 12 MILE RD, APT 209
SOUTHFIELD, MI 48076
Tracking Number: 00310903331480013026


*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.