MR FILED 4/22/2025 R.M
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Kelly Bland, on behalf of herself and others similarly situated,
Plaintiff,

v.

Case No.: 1:24-cv-07077

DEFENDANT KHALID MCCOMBS' AMENDED MOTION TO DISMISS PLAINTIFF'S CLAIMS UNDER THE TCPA

INTRODUCTION

Defendant Khalid McCombs respectfully moves to dismiss Plaintiff Kelly Bland's claims under the Telephone Consumer Protection Act (TCPA) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff's Complaint fails to plausibly allege the use of an Automatic Telephone Dialing System (ATDS) as defined by the Supreme Court in Facebook v. Duguid, 141 S. Ct. 1163 (2021). Furthermore, Plaintiff's claims are undermined by documented evidence of prior express consent obtained through a third-party opt-in process and Defendant's manual dialing practices.

Additionally, it is important to note that the lead list provided by the vendor did not contain email addresses, as confirmed by the vendor. The only method of obtaining Plaintiff's contact information was through verbal communication with Kelly Bland, who expressed interest and provided consent during the interaction. This further supports Defendant's compliance with TCPA standards and demonstrates no intent to engage in deceptive practices or litigation tactics.

LEGAL ARGUMENT

1. Plaintiff Fails to Allege Use of an ATDS

The Supreme Court in Facebook v. Duguid, 141 S. Ct. 1163 (2021), clarified that an ATDS must have the capacity to generate numbers randomly or sequentially, not merely store and dial numbers from

1

a preexisting list. Plaintiff's Complaint does not allege facts showing Defendant used such a system. Defendant manually dialed Plaintiff's number using a personal iPhone, which requires human intervention and does not meet the statutory definition of an ATDS.

2. Plaintiff Provided Prior Express Consent

Plaintiff's number was obtained through a reputable lead vendor's opt-in process, which satisfies TCPA consent requirements. Courts have consistently upheld that consent obtained through opt-in methods is valid under the TCPA (Perrong v. Montgomery County Democratic Committee, Civil Action No. 22-cv-4475 (E.D. Pa.)). Defendant also obtained verbal consent during prior communications with Plaintiff, further confirming compliance with TCPA standards.

3. Manual Dialing Practices Do Not Violate the TCPA

Defendant manually dialed Plaintiff's number using an iPhone, which requires human intervention for each call. Courts have repeatedly held that manually dialed calls do not constitute violations under the TCPA (Facebook v. Duguid, 141 S. Ct. at 1171). Plaintiff's allegations fail to show any use of automated technology regulated by the TCPA.

4. Plaintiff's Counsel's History of Similar

Claims Undermines Credibility
Plaintiff's counsel has filed numerous TCPA claims dismissed under similar circumstances:

• Perrong v Montgomery County Democratic Committee, Civil Action No. 22-cv-4475 (E.D. Pa.): Dismissed due to lack of ATDS use and valid consent through opt-in leads.

• Perrong v REWeb Real Estate LLC, No. CV 19-4228, 2020 WL 4924533 (E.D. Pa. Aug. 21, 2020): Dismissed sua sponte for lack of personal jurisdiction over defendants whose business activities were limited to Florida.
This pattern suggests reliance on speculative litigation tactics rather than substantive claims.

CONCLUSION

For these reasons, Defendant respectfully requests that this Court dismiss Plaintiff's claims under the TCPA with prejudice. Plaintiff has failed to plausibly allege a violation of TCPA provisions regarding ATDS use or consent requirements, and Defendant has provided documented evidence demonstrating compliance.

2

Dated: April 17, 2025

Respectfully submitted,

Khalid McCombs
Pro Se
18200 W 12 Mile Rd, Apt 209
Southfield, Michigan 48076
kmccombs25@gmail.com

CERTIFICATE OF SERVICE

I, Khalid McCombs, hereby certify that on this 17th day of April 2025, a true and correct copy of the foregoing Defendant's Amended Motion to Dismiss Under the TCPA was served upon the following parties via Certified Mail, U.S. Mail, or Email:

Paronich Law, P.C.
Anthony Paronich, Esq.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Email: anthony@paronichlaw.com

Perrong Law LLC
Andrew Roman Perrong, Esq.
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Email: a@perronglaw.com

Clerk of the Court
United States District Court
Northern District of Illinois, Eastern Division
219 South Dearborn Street
Chicago, IL 60604

Dated: April 17, 2025

Signed: Khalid McCombs

2 Documents

FROM: Khalid McCombs
18200 W 12 Mile Rd, Apt 209
Southfield, MI, 48076

RECEIVED
APR 22 2025
THOMAS G. BRUTON
CLERK U.S. DISTRICT COURT

TO: Clerk of Court
United States District Court
Northern District of Illinois,
Eastern Division
219 South Dearborn Street
Chicago, IL, 60604

---

**PRIORITY MAIL** — Retail
US POSTAGE PAID $10.10
Origin: 48239
04/17/25
2525220239-21

0 Lb 2.70 Oz
RDC 03
EXPECTED DELIVERY DAY: 04/21/25
C005

SHIP TO:
219 S DEARBORN ST
CHICAGO IL 60604-1702

USPS TRACKING #
9505 5135 2202 5107 0361 53