UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

KELLY BLAND, on behalf of herself and others similarly situated,
Plaintiff,

v.

HEALTHCARE SOLUTIONS TEAM, LLC and KHALID MCCOMBS,
Defendants.

Case No.: 1:24-CV-07077

RESPONSE IN OPPOSITION TO JOINT MOTION TO EXTEND DISCOVERY AND NOTICE OF INTENT TO PURSUE COUNTERCLAIMS

I, Khalid McCombs, respectfully oppose the Parties' joint motion to extend the discovery deadline by ninety (90) days, through October 9, 2025, and hereby give notice of my intent to pursue counterclaims for abuse of process, bad faith litigation, and fraud if this case is not dismissed.

1. The Claims Are Wholly Without Merit and Jurisdictionally Deficient

The allegations against me are fundamentally flawed and lack substantive merit. I have never conducted business in Illinois, nor have I purposefully directed any activities toward Illinois residents. The Plaintiff resides in Texas, and I am based in Michigan. As the Supreme Court clarified in Bristol-Myers Squibb Co. v. Superior Court, 582 U.S. 255, 262 (2017), "a defendant's relationship with a third party, standing alone, is an insufficient basis for jurisdiction." There is no basis for personal jurisdiction over me in this District.

Furthermore, in Kelly Bland v. Everdays, Inc., Judge Cureton recommended dismissal for lack of general personal jurisdiction, emphasizing that Bland's claims lacked proper jurisdictional basis (N.D. Tex., Case No. 4:24-cv-00946, Jan. 28, 2025). This pattern of jurisdictional deficiencies underscores the lack of legitimacy in Bland's filings.

2. The TCPA Claims Lack Legal Merit and Are Based on Flawed Facts

The core allegations involve purported violations of the TCPA. However, the calls at issue were manually dialed using an iPhone, which does not meet the statutory definition of an Automatic Telephone Dialing System ("ATDS") as clarified in Facebook, Inc. v. Duguid, 592 U.S. 395, 401

1

(2021). The list was supplied by a reputable vendor who confirmed that all leads were opt-in and scrubbed against the National Do Not Call Registry, in full compliance with 47 U.S.C. § 227(b)(1)(A) and 47 C.F.R. § 64.1200(c)(2). No email addresses were included unless individuals expressly provided them, making it impossible for the Plaintiff's information to have been obtained without her prior consent.

Courts have dismissed similar claims where plaintiffs failed to establish the use of an ATDS or proper jurisdiction, as in Perrong v. Montgomery County Democratic Committee, 2023 WL 4600423, which reaffirmed that manual dialing excludes liability under the TCPA.

3. Plaintiff's Pattern of Abusive and Opportunistic Litigation

Kelly Bland has filed over 30 TCPA lawsuits in the past three years across various jurisdictions, often facing jurisdictional challenges and court dismissals. For example, in Bland v. Everdays, Inc. (N.D. Texas, Case No. 4:24-cv-00946), the court recommended transferring the case to Delaware due to lack of general jurisdiction, highlighting Bland's pattern of filing claims with insufficient jurisdictional ties.

Similarly, Bland's attorney, Andrew Perrong, is known for engaging in questionable litigation tactics, including filing suits based on minimal facts, leveraging procedural gamesmanship, and facing sanctions for misconduct. In Perrong v. DVD II Group, LLC, 2023 WL 3229934 (E.D. Pa. May 3, 2023), Perrong was ordered to show cause why sanctions should not be issued for "gamesmanship of the lowest order," including attempting to induce default and then seeking sanctions. Courts have condemned Perrong's habitual filing practices as "gamesmanship of the lowest order," and he has been admonished for improper conduct multiple times.

Such conduct demonstrates that Bland and Perrong are more interested in leveraging litigation for strategic or nuisance purposes than pursuing genuine claims. Their pattern of serial filings, jurisdictional overreach, and procedural misconduct warrants skepticism and underscores the need for dismissal.

4. No Good Cause Exists for an Extension Under Rule 16(b)(4)

Federal Rule of Civil Procedure 16(b)(4) permits modifications of scheduling orders only for "good cause." Here, the parties have had adequate time to conduct discovery, and the issues are straightforward. The substitution of parties and pending motions do not constitute good cause, as courts have consistently held that diligence and legitimate reasons are required to justify extensions (Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)).

Extending discovery would only enable further abuse, prejudice my right to a prompt resolution,

2

and waste judicial resources. The evidence already demonstrates the absence of any basis for liability, making further discovery unnecessary.

5. Plaintiff's and Counsel's Abusive Litigation Practices

Kelly Bland's pattern of serial TCPA filings, often with minimal factual basis and jurisdictional flaws, combined with her attorney Andrew Perrong's history of procedural gamesmanship and sanctions, strongly suggest that this litigation is driven by opportunism rather than legitimate claims. In Perrong v. DVD II Group, LLC, the court explicitly condemned Perrong's conduct as "gamesmanship of the lowest order," and ordered him to show cause why sanctions should not be issued. Similar judicial condemnations have been issued in other cases, emphasizing that Perrong's tactics are designed to prolong litigation and impose costs rather than seek genuine redress.

6. Conclusion

For all the foregoing reasons, I respectfully request that the Court deny the joint motion to extend discovery and proceed toward dismissal of this baseless case. Additionally, I reserve the right to pursue counterclaims for abuse of process, bad faith litigation, and fraud, given the pattern of misconduct by Bland and Perrong.

Dated: April 17 , 2025

Respectfully submitted,

Khalid McCombs
Pro Se
18200 W 12 Mile Rd, Apt 209
Southfield, Michigan 48076
kmccombs25@gmail.com

CERTIFICATE OF SERVICE

I, Khalid McCombs, hereby certify that on this 17th day of April 2025, I served a true and correct copy of the foregoing Defendant's Response in Opposition to Joint Motion to Extend Discovery and Notice of Intent to Pursue Counterclaims upon the following parties by Certified Mail, U.S. Mail, or Email:

3

Paronich Law, P.C.
Anthony Paronich, Esq.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Email: anthony@paronichlaw.com


Perrong Law LLC
Andrew Roman Perrong, Esq.
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Email: a@perronglaw.com


Clerk of the Court
United States District Court
Northern District of Illinois, Eastern Division
219 South Dearborn Street
Chicago, IL 60604


Dated: April 17, 2025


Signed: Khalid McCombs



**FROM:** Khalid McCombs
18200 W 12 Mile Rd, APT 20
Southfield, MI, 48076

RECEIVED
APR 22 2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**TO:** Clerk of Court
United States District Court
Northern District of Illinois,
Eastern Division
219 South Dearborn Street
Chicago, IL, 60604