

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KELLY BLAND, on behalf of herself and others similarly situated,
Plaintiff,

v.

HEALTHCARE SOLUTIONS TEAM, LLC and KHALID MCCOMBS,
Defendants.

Case No.: 1:24-CV-07077

SUPPLEMENTAL DECLARATION OF KHALID MCCOMBS IN SUPPORT OF MOTION TO QUASH SUBPOENAS

I, Khalid McCombs, declare under penalty of perjury as follows:

1. Licensing and Relevant Timeframe:

I was not licensed to sell insurance until November 21, 2022. The subpoenas seek records dating back to August 12, 2020 over two years before I was licensed or engaged in any relevant business activity. Any records from before November 21, 2022, are irrelevant to this case.

2. No Outbound Sales or Lead Purchases After Kelly:

After my initial involvement with Kelly, I did not purchase any more leads or conduct outbound sales for HST. All subsequent sales through HST were to clients who contacted me directly from prior business relationships, not from purchased leads.

G3. No AI or OpenAI Account or Involvement:

1

The plaintiff repeatedly attributes alleged errors or unwanted communications to "AI" or automated systems. I do not have, nor have I ever had, any AI or OpenAI account or subscription, and I have not used AI in any business communications or lead generation. Any subpoena seeking such records is impossible to comply with and wholly irrelevant.

4. Improper Subpoena to Personal Gmail and Legal Barriers:

The plaintiff originally served me at my HST business email (kmccombs@hst.com), which contains all relevant sales information for HST. Instead of limiting discovery to this account, the plaintiff insisted on subpoenaing my personal Gmail, which is not connected to HST business, constituting an invasion of privacy and a fishing expedition.
Under the Stored Communications Act (18 U.S.C. § 2702), Google and other email providers are generally prohibited from disclosing the contents of emails in response to civil subpoenas, and courts have repeatedly quashed such subpoenas as unlawful. If the plaintiff wants email content, they must request it directly from me via discovery, not from Google.

5. Objections from Google and OpenAI:

Both Google and OpenAI objected to the subpoenas, citing their overbreadth, irrelevance, and improper issuance. This further demonstrates the subpoenas' bad faith and lack of legal basis.

6. Fiverr Account Irrelevance:

The subpoenas request all of my Fiverr account history. I have only made two lead purchases from a single Fiverr vendor, and only one of those purchases involved the plaintiff, Kelly. The remainder of my Fiverr activity is unrelated and irrelevant to this matter.

7. Visible Account Subpoena:

The subpoena seeks information from my Visible mobile account for periods when I did not have a Visible account. At the time I contacted Kelly, I did not have a Visible account, nor was I using Visible's services. Demanding records from a provider I did not use is unreasonable, irrelevant, and impossible to comply with. Courts have consistently held that subpoenas must be limited to relevant information and cannot require production of records that do not exist or are not in the possession of the recipient.

2

8. Pattern of Harassment and Improper Purpose:

The plaintiff issued four subpoenas immediately after I declined to answer a question about AI in the joint status report, suggesting a retaliatory and harassing motive rather than a legitimate search for evidence. Collectively, these subpoenas are overly broad, seek irrelevant information, and request records for accounts I do not own or control. Such requests are unreasonable, oppressive, and appear to be an improper fishing expedition into my private affairs.

9. Plaintiff's Litigation History and Tactics:

Plaintiff Kelly Bland, often represented by Andrew Perrong, is known for frequent TCPA litigation, having filed over 30 such cases in the last three years. This pattern suggests a strategy of bait-and-switch or manufactured claims, rather than genuine consumer protection.

10. Details of the Current Dispute:

• Kelly Bland verbally provided her email address and requested a quote; her email was not on any lead list I purchased.

• After I sent the requested quote, Ms. Bland called me, threatened to sue, then said she would not pursue legal action, yet later filed this lawsuit.

• This sequence appears to be a deliberate tactic to entrap and litigate, not resolve a legitimate grievance.

11. Legal Basis:

Under Federal Rule of Civil Procedure 45(d)(3), a court must quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies," or "subjects a person to undue burden." See United States v. Nixon, 418 U.S. 683, 699 (1974) ("The subpoena must be limited to evidentiary and relevant materials.").

12. Request for Relief:

For these reasons, I respectfully request that the Court quash all subpoenas in their entirety, or at a minimum, limit their scope strictly to the brief period and specific activity related to my two one-time lead purchases from the Fiverr vendor. I further request the Court consider sanctions for abusive litigation tactics, grant any further relief deemed just and proper, and permit my counterclaims for abuse of process and harassment.
I declare under penalty of perjury that the foregoing is true and correct.

Respectfully submitted,

Dated- April, 19, 2025

Khalid McCombs
Pro Se
18200 W 12 Mile Rd, Apt 209
Southfield, Michigan 48076
kmccombs25@gmail.com

CERTIFICATE OF SERVICE

I, Khalid McCombs, hereby certify that on this 19th day of April 2025, a true and correct copy of the foregoing Defendant's Supplemental Declaration in Support of Motion to Quash Subpoenas was served upon the following parties via Certified Mail, U.S. Mail, or Email:

Paronich Law, P.C.
Anthony Paronich, Esq.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Email: anthony@paronichlaw.com

Perrong Law LLC
Andrew Roman Perrong, Esq.
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Email: a@perronglaw.com

Clerk of the Court

4

United States District Court
Northern District of Illinois, Eastern Division
219 South Dearborn Street
Chicago, IL 60604

Dated: April 19 , 2025

Signed: Khalid McCombs

PRIORITY MAIL
FLAT RATE ENVELOPE
POSTAGE REQUIRED

PRESS FIRMLY TO SEAL
PRESS FIRMLY TO SEAL





Retail

UNITED STATES POSTAL SERVICE

US POSTAGE PAID
$10.10
Origin: 48239
04/19/25
2525220239-25

P

PRIORITY MAIL®

0 Lb 2.30 Oz
RDC 03

EXPECTED DELIVERY DAY: 04/22/25

C005

SHIP TO:
219 S DEARBORN ST
CHICAGO IL 60604-1702

USPS TRACKING® #



9505 5135 2203 5109 9964 61

RECEIVED
APR 24 2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

FROM:

UNITED STATES POSTAL SERVICE® | PRIORITY MAIL
VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

FROM: Khalid McCombs
18200 W 12 Mile Rd, Apt 209
Southfield, MI, 48076

TO: Clerk of Court
United States District Court
Northern District of Illinois
Eastern Division
219 South Dearborn Street
Chicago, IL, 60604

Label 228, December 2023    FOR DOMESTIC AND INTERNATIONAL USE




PS00001