

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KELLY BLAND, on behalf of herself and others similarly situated,
Plaintiff,

v.

HEALTHCARE SOLUTIONS TEAM, LLC and KHALID MCCOMBS,
Defendants.

Case No.: 1:24-CV-07077

DEFENDANT KHALID MCCOMBS'S AMENDED ANSWER AND COUNTERCLAIMS

Defendant Khalid McCombs ("McCombs"), proceeding pro se, hereby submits his Amended Answer and asserts the following counterclaims against Plaintiff Kelly Bland ("Plaintiff") and, where appropriate, her counsel:

I. PARTIES

1. Defendant Khalid McCombs ("McCombs") is an individual and insurance agent residing in Southfield, Michigan.

2. Plaintiff Kelly Bland ("Plaintiff") is an individual who has brought this action under the Telephone Consumer Protection Act ("TCPA").

II. JURISDICTION AND VENUE
3. This Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331 and 1367.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

1

III. FACTUAL BACKGROUND

5. Defendant was not licensed to sell insurance until November 21, 2022. Plaintiff's subpoenas seek records from as early as August 12, 2020-over two years before Defendant's licensure or relevant business activity (Exhibit 8).

6. After Defendant's initial interaction with Plaintiff, Defendant did not purchase additional leads or conduct outbound sales for Healthcare Solutions Team. All subsequent sales were to clients who contacted Defendant directly from prior business relationships (Exhibit 9).

7. The vendor who supplied Defendant's lead list confirmed in writing that all leads were DNC (Do Not Call) scrubbed and opt-in, and that no email addresses were included (Exhibit 6).

8. Defendant has never used artificial intelligence or automated systems in business communications or lead generation.

9. Plaintiff's counsel issued subpoenas for Defendant's personal Gmail, Fiverr, and Visible accounts before engaging in proper discovery and immediately after Defendant declined to answer a question about AI in the joint status report (Exhibit 2).

10. Google and OpenAI objected to these subpoenas as overbroad, irrelevant, and improper (Exhibit 2).

11. Plaintiff's subpoenas requested Defendant's entire Fiverr account history and information from Defendant's Visible mobile account for periods when Defendant did not use these services, making compliance impossible (Exhibit 2).

12. Plaintiff and/or her counsel attempted to serve Defendant at multiple addresses, including places where Defendant does not reside, and falsely claimed Defendant's actual address was "fake." Plaintiff's filings referenced Defendant's vehicle registration status in a misleading way, falsely implying wrongdoing (Exhibit 1, Exhibit 7).

13. Plaintiff has filed numerous lawsuits under the TCPA, reflecting a pattern of serial TCPA litigation. Research shows that a small group of law firms and serial plaintiffs are responsible for the majority of TCPA filings.

14. Plaintiff has refused to provide detailed call logs, documentation, or evidence of consent in response to Defendant's interrogatories, despite admitting to a 26-minute and a 7-minute call with Defendant and multiple text messages (Exhibit 10).

15. Defendant has suffered significant emotional, reputational, and financial harm as a direct result of Plaintiff's and her counsel's actions, including anxiety, loss of sleep, and the need to seek therapy (Exhibit 11).
Vehicle Registration and Plate Confiscation Notice

16. Plaintiff's filing included an image of my Michigan vehicle registration record in which most other personal and administrative information was intentionally blocked out. The only visible portion was the "NOT A VALID PLATE – ENFORCEMENT: CONFISCATE PLATE – FRAUDULENT APPLICATION OR INSURANCE" message at the top. Plaintiff and her counsel provided no explanation or narrative whatsoever-only the image was presented, with no context or clarification as to what the enforcement message meant or how such messages are generated. No statement was made to clarify that this is an automated, interim administrative notice-not a judicial finding of fraud or wrongdoing. By presenting only the enforcement message and omitting most other information or explanation, Plaintiff's filing creates a misleading impression of culpability that is not supported by any court determination or evidence of actual fraud (Exhibit 5).

17. According to the Michigan Secretary of State and LEIN guidance, this administrative flash message is automatically placed on a vehicle record when insurance cannot be validated at the time of registration or renewal, and the owner does not respond to a notice within 20 days. This is not a judicial finding of fraud or wrongdoing-no court has adjudicated any liability or found fraudulent conduct in my case. The flash message is an interim administrative action, not a final legal determination (Exhibit 5).

18. Michigan law allows the Secretary of State to suspend or cancel a registration or plate if insurance is not validated, but the owner must be given notice and an opportunity to be heard before any cancellation for alleged fraud or misuse. The "confiscate plate" instruction is a precautionary enforcement measure, not a criminal penalty or evidence of guilt. Owners are advised to contact the Insurance Fraud Prevention Unit to resolve insurance discrepancies (Exhibit 5).

19. I am unable to locate my original registration document at this time. The only version in the filings is incomplete and contains enforcement notations without context. However, I have attached my insurance card and policy information for the relevant period, which is the primary proof required under Michigan law to show that the vehicle was legally insured and eligible for registration at that time. See MCL 257.328(1) (requiring drivers to produce proof of insurance upon request); Michigan Secretary of

3

State, "No-Fault Insurance" guidance (Exhibit 5).

20. Plaintiff's use of this administrative notice in court filings misrepresents its significance and unfairly suggests wrongdoing where none has been adjudicated. The registration issue should be viewed as a discovery matter, not as evidence of substantive liability or fraud (Exhibit 5).

IV. COUNTERCLAIMS

A. Abuse of Process

21. Plaintiff and/or her counsel misused legal process by issuing irrelevant and overbroad subpoenas, targeting personal accounts unrelated to this matter, and attempting improper service. This constitutes abuse of process, which is a common law tort involving the misuse of legal process for an ulterior purpose, such as harassment or to gain an unfair advantage, and is actionable when it causes harm to the litigant. See Willis v. Parker, 814 F.2d 1356, 1357 (9th Cir. 1987) (abuse of process found where process is used for a purpose other than that for which it was designed); Wex, Abuse of Process (Exhibit 2, Exhibit 1).

22. Plaintiff's conduct included making false claims about Defendant's address and insurance record, all as part of a pattern to unfairly undermine Defendant's character and gain advantage. Examples of abuse of process include using litigation to harass, intimidate, or coerce, and abusing discovery to burden the other party with irrelevant or excessive requests. See Kaiser Found. Health Plan, Inc. v. Superior Court, 136 Cal. App. 4th 1021, 1031 (2006) (abuse of process where discovery was used for improper purposes) (Exhibit 7, Exhibit 5).

23. These actions were not in furtherance of any legitimate litigation objective, but were intended to oppress, harass, and intimidate Defendant as a pro se litigant.

24. As a result, Defendant suffered financial loss, including but not limited to a $250 platform payment, substantial lost business income and commissions, out-of-pocket litigation expenses, emotional distress, and reputational harm (Exhibit 4, Exhibit 11).
B. Intentional Infliction of Emotional Distress (IIED)

25. Plaintiff's and her counsel's actions-including repeated issuance of unnecessary subpoenas, invasion of privacy, pursuit of a manufactured claim, false statements about Defendant's address and insurance record, and tactics surrounding service-were extreme and outrageous. Persistent harassment, public

4

humiliation, and false accusations are recognized examples of conduct supporting an IIED claim. See McGrath v. Fahey, 533 N.E.2d 806, 809 (Ill. 1988) (conduct must be "so extreme as to go beyond all possible bounds of decency") (Exhibit 1, Exhibit 7, Exhibit 5).

26. Plaintiff and her counsel knew or should have known their conduct would cause Defendant severe emotional distress, as evidenced by Defendant's need tò seek therapy (Exhibit 11).

27. As a direct and proximate result, Defendant has suffered and continues to suffer severe emotional distress, anxiety, financial harm, lost business opportunities, and out-of-pocket expenses (Exhibit 11).

C. Request for Sanctions

28. Plaintiff's pattern of litigation abuse in this case-including misuse of discovery and willingness to make false statements to the Court-warrants the imposition of sanctions under Federal Rule of Civil Procedure 11, which authorizes courts to sanction parties or attorneys who present pleadings for improper purposes or without factual support. Rule 11 sanctions are appropriate for filings made to harass, cause unnecessary delay, or needlessly increase litigation costs. See Chambers v. NASCO, Inc., 501 U.S. 32, 45-46 (1991).

29. Defendant requests reimbursement for out-of-pocket costs and reasonable compensation for the significant time spent defending against these claims (Exhibit 4).

D. Manufactured TCPA Claim and Lack of Standing

30. Plaintiff's conduct in this case reflects a manufactured or entrapment-based TCPA claim, as she initiated contact and requested a quote before threatening litigation. Under the TCPA, prior express consent is a recognized defense, and the burden is on the plaintiff to show lack of consent. See Van Patten v. Vertical Fitness Group, LLC, 847 F.3d 1037, 1044 (9th Cir. 2017) ("Express consent is a complete defense to a TCPA claim") (Exhibit 10).

31. To the extent Plaintiff alleges harm, she cannot establish Article III standing because she solicited the communications at issue. See Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016) (standing requires concrete injury).

VI. PRAYER FOR RELIEF

5

WHEREFORE, Defendant Khalid McCombs respectfully requests that the Court:

a. Dismiss Plaintiff's claims with prejudice;

b. Award compensatory damages in an amount to be determined at trial, including but not limited to the $250 payment to maintain Defendant's business, all lost business income, commissions, and other out-of-pocket expenses incurred as a result of Plaintiff's and her counsel's conduct (Exhibit 4);

c. Award punitive damages as warranted by the evidence;

d. Impose sanctions on Plaintiff and/or her counsel for abusive litigation tactics, including monetary sanctions and/or reimbursement of Defendant's costs and time;

e. Grant such other and further relief as the Court deems just and proper.

VII. EXHIBIT LIST

- Exhibit 1: Proof of service attempts and related correspondence

- Exhibit 2: Objection letters to Plaintiff's subpoenas and third-party objections

- Exhibit 3: Email correspondence and evidence of retaliatory discovery

- Exhibit 4: Documentation of $250 platform payment

- Exhibit 5: Plaintiff's filing with misleading vehicle registration notation, annotated, with insurance documentation

- Exhibit 6: Vendor communications confirming DNC scrubbing and opt-in status

- Exhibit 7: Evidence of false address claims by Plaintiff's counsel

- Exhibit 8: State insurance license

- Exhibit 9: Lead list

- Exhibit 10: Plaintiff's interrogatory responses admitting to 7- and 26-minute calls

- Exhibit 11: Reserved for future documentation of therapy, once available

- Exhibit 12: Reserved for future documentation regarding emotional support animal, once available

- Exhibit 13: Reserved for any additional future documentation as needed

Respectfully submitted,

Dated- April 26 , 2025

Khalid McCombs
Pro Se
18200 W 12 Mile Rd, Apt 209
Southfield, Michigan 48076
kmccombs25@gmail.com

VIII. CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2025, I served a copy of the foregoing Motion for Leave to Amend Answer to Add Counterclaims and the attached Proposed Amended Answer and Counterclaims on all counsel of record by U.S. Mail and electronic mail at the addresses listed below:

Paronich Law, P.C.

Anthony Paronich, Esq.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Email: anthony@paronichlaw.com


Perrong Law LLC
Andrew Roman Perrong, Esq.
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Email: a@perronglaw.com


Clerk of the Court
United States District Court
Northern District of Illinois, Eastern Division
219 South Dearborn Street
Chicago, IL 60604


Dated: April 26 , 2025


Signed- Khalid McCombs

8

 Visible

1:03 AM

71%

Proof Job #685437

Page 1

 **Ex 1**

Case: 1:24-cv-07077 Document #: 17-2 Filed: 12/24/24 Page 2 of 14 PageID #:86

Serve Attempt #3
Date / Time: October 6, 2024 8:34 pm
Address: 27740 Gateway Blvd, apt 207, Farmington Hills, MI 48334
Photo: See Exhibit 3a below
Geolocation: https://google.com/maps?q=42.4989255,-83.3428136
Description of attempt: No answer at the door, no names on the mailboxes or buzzer

Serve Attempt #4
Date / Time: October 7, 2024 9:35 am
Address: 27740 Gateway Blvd, apt 207, Farmington Hills, MI 48334
Photo: See Exhibit 4a below
Geolocation: https://google.com/maps?q=42.4987438,-83.342258
Description of attempt: Attempted this morning but again no answer at the buzzer. However, I did try the other side entrance to see if perhaps I could see some movement since inside there are doors that are closed preventing me from seeing whether people are looking out their doors or not. I did leave a card on this side of the entrance and I'm still currently awaiting a call back

Serve Attempt #5
Date / Time: October 10, 2024 7:36 pm
Address: 27740 Gateway Blvd, apt 207, Farmington Hills, MI 48334
Photo: See Exhibit 5a below
Geolocation: https://google.com/maps?q=42.4987813,-83.342815
Description of attempt: No answer at the front or back. But card did disappear

Total Cost: $194.00

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he/she verily believes the same to be true.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FACTS HEREIN ARE TRUE AND CORRECT.

Executed in

Genesee County

MI        on        10/16/2024

/s/ *Kevin Schwarze*

Signature
Kevin Schwarze
+1 (248) 635-0807

Proof Job #685437

Page 2

Case: 1:24-cv-07077 Document #: 17-2 Filed: 12/24/24 Page 3 of 14 PageID #:87



Exhibit 1.i)



Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043



google-legal-support@google.com
www.google.com

March 18, 2025

*Via Email*
a@perronglaw.com

Andrew R. Perrong
Perrong Law, LLC
2657 Mount Carmel Ave.
Glenside, Pennsylvania 19038
215-225-5529

Re: *Kelly Bland vs. The Allstate Corporation*, **United States District Court for the Northern District of Illinois, 1:24-cv-07077 (Internal Ref. No. 87245485)**

Dear Andrew R. Perrong:

Google LLC ("Google"), a non-party to your litigation, has received your subpoena, dated March 15, 2025, in the above-referenced matter (the "Subpoena"). As we understand it, your Subpoena requests documents or testimony related to the purported Google accounts outlined in your Subpoena.

Without waiving our objections, Google may be willing to produce responsive non-content data, to the extent it exists and is available. Any productions made by Google are subject to the objections and limitations set forth below. Google further hereby makes the following objections to the Subpoena.

**Jurisdiction**

Google objects to the Subpoena to the extent that it has been issued by a court without subpoena power over non-party Google, and has not been properly domesticated in California as required by Cal. Civ. Proc. Code §§ 2029.100, *et seq*, see also the Uniform Interstate Depositions and Discovery Act ("UIDDA"). Subpoena power over a non-party does not extend beyond state lines, and Google is headquartered in California and documents and information regarding its business are retrievable and will be produced only from its headquarters in Santa Clara County, California. Accordingly, Google accepts and responds to subpoenas issued from Santa Clara Superior Court and properly served upon Google, or the appropriate office of Google's registered agent, Corporation Service Company (CSC) (*see* https://support.google.com/faqs/answer/6151275?hl=en). California law provides a mechanism for obtaining a subpoena from a California court for use in judicial proceedings pending in other state court jurisdictions. *See* Cal. Civil Proc. Code § 2029.100 *et seq*.

**GIL Entity**

To the extent that a Google account you are requesting information for, relates to services provided by Google Ireland Limited (GIL), which is incorporated in Ireland and which operates under Irish law, Google objects to those requests. In order to provide the information related to accounts whose services are provided by Google Ireland Limited, Google requires binding legal



Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043

google-legal-support@google.com
www.google.com

process issued by an Irish court or under Irish law which must be validly served on Google Ireland.

**Request for Google Workspace User(s)**
To the extent that your request implicates a Google Workspace account, Google objects to the Subpoena because the appropriate entity to whom you should direct your request is the owner of the Workspace domain. The owner of the domain has custody and control over data associated with their domain, and accordingly legal process seeking such data should be directed towards the owner of the Workspace account. If you are seeking content related to a Google Workspace account, you have several options at your disposal as to how you can lawfully obtain this information:
1. You can ask the administrator for the content. The administrator can find instructions for downloading the organization's data at https://support.google.com/a/answer/100458.
2. Google users can obtain and produce their account content themselves by using Google Takeout, available at www.google.com/takeout/; or
3. You can request a court to order the administrator to comply with #1.

**Insufficient Information**
If there is limited information provided in the Subpoena such as the lack of proper and reliable identifiers, date ranges or proper names, Google objects to the Subpoena because it is unable to determine whether there is a relevant account in our records. Google cannot respond to the subpoena if it fails to sufficiently identify a Google account. Google has hundreds of millions of users, making it impossible to ensure that searches based on proper name, company name, birthday, social security number, presumed location, or similar information accurately identify the correct records.

**Service**
Google objects to the Subpoena to the extent it was improperly served. *See* Cal. Civ. Proc. Code § 2029.400; Fed. R. Civ. P. § 45(b)(1).

**User Notification**
Google objects to the Subpoena to the extent it fails to allow sufficient time for Google to notify the affected user and for the user to assert his or her rights in response. Google provides its users at least 21 days to object to your request or to inform Google of their intent to file a motion to quash. If your subpoena sufficiently identifies a Google account, Google intends to forward notice of this matter, including your name and contact information, to the user at the email address associated with the Google Account.

**First Amendment**
Google objects to the Subpoena to the extent that the Subpoena asks for Google to disclose the identity of Google users who posted certain reviews or certain content, which implicates the First Amendment rights of Google users to engage in anonymous speech. *Glassdoor, Inc. v. Superior Court*, 9 Cal. App. 5th 623 (Cal. Ct. App. 2017) (holding that online provider had

Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043



google-legal-support@google.com
www.google.com

standing to assert First Amendment objections to subpoena seeking to unmask anonymous users, and requiring a litigant to demonstrate a prima facie cause of action and provide evidence supporting its claim); *Krinsky v. Doe 6*, 159 Cal. App. 4th 1154, 1164-64 (Cal. App. Ct. 2008) (stating that "[s]peech on the Internet is...accorded First Amendment protection," and that, "[o]nce notified of a lawsuit by the website host or ISP, a defendant may then assert his or her First Amendment right to speak anonymously through an application for a protective order or...a motion to quash the subpoena."). California law requires a court to evaluate whether a plaintiff has made a prima facie showing of its cause of action before a plaintiff can compel a provider such as Google to disclose identifying information regarding an anonymous online speaker. *Glassdoor*, 9 Cal. App. 5th at 636 ("It is the court, not counsel, that must determine whether a prima facie showing of actionable statements has been made."). Litigants must further make "a showing of specific facts demonstrating discovery of [the Google users'] identities] [is] reasonably calculated to lead to the discovery of admissible evidence." *Digital Music News LLC v. Superior Court*, 226 Cal. App. 4th 216, 226 (2014), disapproved of on other grounds, *Williams v. Superior Court*, 3 Cal. 5th 531 (2017); *see also ZL Technologies, Inc. v. Does 1-7*, 13 Cal. App. 5th 603, 617 (2017) (plaintiffs can obtain identifying information from a provider when a court determines discovery of a person's identity is "necessary" to pursue the claim). Although there is no indication you have done so, if a court has considered and imposed the First Amendment safeguards required before a litigant may be permitted to unmask the identity of an anonymous speaker, please provide us with a copy of any relevant documents. Moreover, please provide us with a copy of the plaintiff's complaint in this matter so that we can assess whether the plaintiff has or will be able to meet the First Amendment standard or demonstrate a compelling need for this discovery.

**Violation of Federal Law**
    To the extent the Subpoena can be construed to include information we are prohibited from disclosing, Google objects on the grounds that Section 2702(a) of the federal Stored Communications Act ("SCA") prohibits Google from disclosing the content of electronic communications or content stored on behalf of the user, pursuant to a subpoena. The SCA prohibits Google from disclosing the content of electronic communications, including the headers for e-mails containing specific terms, pursuant to a subpoena. The production you seek would cause Google to disclose the presence or absence of communications containing specified content. A subpoena is not sufficient legal process for Google to disclose the existence of communications containing specific content. It is our position that this is a disclosure prohibited by the Stored Communications Act. 18 U.S.C. § 2702(a) *see e.g., Suzlon Energy Ltd. v. Microsoft Corp*, 671 F.3d 726, 730 (9th Cir. 2011); *Theofel v. Farey-Jones*, 359 F.3d 1066 (9th Cir. 2004); *Mintz v. Mark Bartelstein & Assocs.*, Inc. 885 F. Supp. 2d 987, 993-94 (C.D. Cal. 2012); *In re Subpoena Duces Tecum to AOL, LLC.*, 550 F.Supp.2d 606, 611 (E.D. Va. 2008); *Flagg v. City of Detroit*, 252 F.R.D. 346, 366 (E.D. Mich. 2008); *Viacom Int'l Inc. v. YouTube Inc.*, 253 F.R.D. 256 (S.D.N.Y. 2008); *O'Grady v. Superior Court of Santa Clara*, 139 Cal. App. 4th 1423, 1441-43 (2006).

    Instead, the appropriate way to seek such content is to direct your request to the account

Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043



google-legal-support@google.com
www.google.com

holder who has custody and control of the data in the account, is not bound by the SCA, and is the party to whom discovery requests should be directed. *Suzlon*, 671 F.3d 726, 730-31; *Mintz*, 885 F. Supp. 2d at 993-94; *O'Grady*, 139 Cal. App. 4th at 1446-47. If the account holder is a party to the underlying litigation, you may serve a document request on the account holder for the content sought. *See Mintz*, 885 F. Supp. 2d at 993-94; *O'Grady*, 13 Cal. App. 4th at 1446-67; *see also Flagg*, 252 F.R.D. at 348, 366-67. Google users can obtain and produce their account content themselves, or by using Google Takeout, available at www.google.com/takeout/.
To the extent you are seeking the production of content based on a signed consent form, Google objects to the request because Google is unable to verify that the person signing the form is the account owner.

Additionally, if the Subpoena seeks preservation of the contents related to a user's account, Google objects to the Subpoena on the grounds that it requests that Google preserve the content of electronic communications or content stored on behalf of the user. Preservation is for information that Google would ultimately be able to produce under the SCA.

**Authentication**

You do not need Google to authenticate any records. Google cannot authenticate the identity of the person who drafted or received a communication. Moreover, under California law, any of the following can authenticate the content in question: the owner of the account; any witness with knowledge; any participant to the communications; circumstantial evidence; or the person who collects the content for production. *See* Cal. Evid. Code § 1410 (No restriction on "the means by which a writing may be authenticated."); *id.* § 1421 (Writing can be authenticated by its contents.). The Court of Appeal has held that a printout of an online profile was sufficiently authenticated by the police investigator that downloaded the printout, noting that the "threshold authentication burden for admissibility is not to establish validity or negate falsity in a categorical fashion, but rather to make a showing on which the trier of fact reasonably could conclude the proffered writing is authentic." *People v. Valdez*, 201 Cal. App. 4th 1429, 1434-37 (2011). Thus, defendant, his or her authorized representative, a defense investigator, or any witness with knowledge are all proper parties to authenticate content, and authentication by Google is therefore unnecessary.

**Obligations of Parties to Litigation**

Google, a nonparty to the litigation objects to the subpoena because it would impose an undue burden to. *See* Fed. R. Civ. P. 45(d)(1). Provided that the account in question appears to belong to a party-opponent in the litigation, a third-party subpoena is not justified. *See Haworth, Inc. v. Herman Miller, Inc.*, 998 F.2d 975, 978 (Fed. Cir. 1993) (upholding refusal to enforce subpoena issued to non-party where same documents were available from party opponent); *Hasbro, Inc. v. Serafino*, 168 F.R.D. 99, 100 (D. Mass. 1996) ("If documents are available from a party," it is "preferable to have them obtained pursuant to Rule 34 rather than subpoenaing them from a non-party witness.") (internal alterations and citation omitted); *Musarra v. Digital Dish, Inc.*, No. 2:05-CV-545, 2008 WL 4758699, at *4 (S.D. Ohio Oct. 30, 2008) ("[T]he Court will not impose on this non-party the burden of producing documents presumably available to plaintiffs from a party to this litigation."); *Calcor Space Facility, Inc. v. Superior Court*, 53 Cal.

Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043



google-legal-support@google.com
www.google.com

App. 4th 216, 225 (1997) ("As between parties to litigation and nonparties, the burden of discovery should be placed on the latter only if the former do not possess the material sought to be discovered.").

To the extent these records are sought to verify the completeness or accuracy of discovery from a party to the litigation, the Federal Rules of Civil Procedure do not permit third-party subpoenas for hypothetical impeachment evidence. *See, e.g., Cusumano v. Microsoft Corp.*, 162 F.3d 708, 712 (1st Cir. 1998) (affirming the trial court's denial of a Rule 45 subpoena where the information was sought "for purposes akin to impeachment."); *Musarra*, 2008 WL 4758699, at *3-4 (rejecting plaintiff's request for non-party discovery to "compare[] and contrast[]" with defendants' production). If you have reason to suspect that another party has not complied with their discovery obligations, you have other means available that do not place an undue burden on a third party. For example, you can request that the other party produce account data while under supervision by the court or by a special master or obtain the services of an e-discovery consultant. *See, e.g., Seven Seas Cruises S. De R.L. v. V. Ships Leisure SAM*, No. 09-23411-CIV, 2011 WL 772855, at *7 (S.D. Fla. Feb. 19, 2011), report and recommendation adopted, No. 09-23411-CIV, 2011 WL 772902 (S.D. Fla. Feb. 28, 2011) (granting a motion to compel after finding that defendant's production contained significant gaps, and ordering defendant to "retain the services of a qualified third party E-Discovery consultant or vendor and perform a search."). *See also Logtale, Ltd. v. IKOR, Inc.*, No. C-11-05452 CW (DMR), 2013 WL 3967750, at *3 (N.D. Cal. July 31, 2013) (noting "obvious gaps and underproduction," and suggesting that, if there were "continuing problems. . . the court [would] order [defendants] to retain the services of an e-discovery vendor and . . . submit sworn, detailed declarations regarding their document preservation and collection efforts.").

**Deposition/Testimony**
Google objects to the Subpoena to the extent it calls for a deposition or testimony and does not intend to make a witness available on the requested date pursuant to its objections below.

1.  Google objects on the grounds that the Subpoena imposes an undue burden on Google, a non-party. Google also objects on the grounds that the information sought can be obtained through less burdensome means, including from the parties to the case or through the production of documents in response to the Subpoena.

2.  Google objects to the extent that the Subpoena is seeking testimony to authenticate records produced by Google. Such testimony is unnecessary and unduly burdensome as records can be authenticated by Certificate of Authenticity.

3.  Google objects to the extent that the Subpoena calls for testimony more properly sought from an expert witness, including but not limited to testimony regarding how Google's products or services work.

4.  Google objects on the grounds that the Subpoena is vague, overbroad, duplicative, cumulative, and oppressive. Google further objects to the extent the Subpoena is served for the purpose of annoying and harassing Google, a non-party.

5.  Google objects on the grounds that the Subpoena demands that Google, a non-party, appear as a witness at its own expense. To the extent that Google appears as a witness pursuant to the Subpoena, Google shall only do so upon compensation allowed under

Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043



google-legal-support@google.com
www.google.com

applicable law for any costs, including attorney fees, related to the deposition.

6. Google objects to the time and place set by the Subpoena for the deposition. The time and place of the requested deposition was selected unilaterally, without consulting with Google about the availability of its witness(es) or its counsel. To the extent Google produces a witness to provide deposition testimony in response to the Subpoena, Google shall do so at a mutually agreeable time and place.

7. Google objects to any Topics to the extent they seek testimony regarding confidential financial, proprietary or trade secret information, or any information subject to a confidentiality agreement or protective order.

8. Google objects to the Topics to the extent it seeks testimony protected by any privilege, including the attorney-client privilege, work product immunity doctrine, common interest privilege, or any other applicable privilege, immunity, or restriction on discovery.

9. Google objects to the Topics to the extent they seek testimony regarding information that is not within Google's knowledge.

10. Google objects to the Topics to the extent that they are vague, ambiguous, unlimited in time or scope, or fails to identify the testimony sought with reasonable particularity.

11. Google objects to the Topics to the extent they seek testimony regarding information that is not proportionate to the needs of the case, not relevant to any party's claims or defenses, or not reasonably calculated to lead to the discovery of admissible evidence.

12. Google objects to the Topics to the extent that they seek testimony or impose obligations beyond what is permissible under applicable law.

**Additional Objections**

1. Google objects to the Subpoena to the extent it seeks to impose an undue burden on a disinterested non-party. Google further objects to the Subpoena to the extent it seeks information already in a party's possession or available to a party from some other source (including public sources) that is more convenient, less burdensome or less expensive. Google objects to the Subpoena to the extent it seeks electronically stored information that is not reasonably accessible to Google.

2. Google objects to the Subpoena to the extent it seeks information that is not proportionate to the needs of the case, not relevant to any party's claims or defenses, or not reasonably calculated to lead to the discovery of admissible evidence.

3. Google objects to the Subpoena to the extent it specifies a date of production or date of deposition that is unreasonable and unduly burdensome, including because it may not afford Google time to provide sufficient notice to the user.

4. Google objects to the Subpoena to the extent that it is vague, ambiguous, unlimited in time or scope, or fails to identify the information sought with reasonable particularity. Accordingly, Google further objects to the Subpoena to the extent it purports to require Google to preserve the requested information. Therefore you should not assume that Google will undertake steps to preserve any information in response to your Subpoena. Google is willing to meet and confer to discuss any preservation request.

5. Google objects to the Subpoena to the extent it seeks to impose obligations on Google beyond what is permissible under applicable law.

Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043



google-legal-support@google.com
www.google.com

6. Google objects to the subpoena to the extent it seeks information in the possession, custody or control of any other entity besides Google LLC.

7. Google objects to the Subpoena to the extent it requests information created subsequent to the issuance of the legal process.

8. Non-party Google is located in Santa Clara County, California, which is also where Google resides. Google therefore objects to the Subpoena because it designates a place for compliance that is more than 100 miles from its headquarters. *See* Fed. R. Civ. P. 45(c)(2)(A).

9. Google also objects to the Subpoena to the extent it seeks information containing confidential financial, proprietary or trade secret information, or any information subject to a confidentiality agreement or protective order.

10. Google further objects to the Subpoena to the extent it seeks information protected by any privilege, including the attorney-client privilege, work product immunity doctrine, common interest privilege, or any other applicable privilege, immunity, or restriction on discovery.

Google reserves the right to further object to the Subpoena in any additional response.

If you have any questions, please feel free to contact the undersigned at the Legal Support Department alias at GOOGLE-LEGAL-SUPPORT@GOOGLE.COM. Additionally, should you wish to seek any judicial relief in connection with this matter, Google requests the opportunity to meet and confer in advance of any such filing. Thank you.

Regards,

Google Legal Investigations Support



# WILSON
# SONSINI

Wilson Sonsini Goodrich & Rosati
Professional Corporation

1301 Avenue of the Americas
40th Floor
New York, New York 10019-6022

O: 212.999.5800
F: 866.974.7329

BENJAMIN D. MARGO
Internet: BMARGO@wsgr.com

March 31, 2025

***Via U.S. Express Mail and Email***

Andrew Roman Perrong, Esq.
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, PA 19038
a@perronglaw.com

Re:   **Subpoena to OpenAI, L.L.C.**
      **Kelly Bland v. The Allstate Corporation (N.D. Ill., No. 1:24-cv-07077)**

Dear Mr. Perrong:

I write on behalf of OpenAI, L.L.C. ("OpenAI") regarding your subpoena in this matter dated March 15, 2025 (the "Subpoena"). The Subpoena generally seeks user data relating to Khalid McCombs, a party to the case.

OpenAI recently received a copy of Mr. McCombs's motion to quash the Subpoena, dated March 23, 2025. The motion asserts that the Subpoena is procedurally deficient, that it "demands records related to a ChatGPT account[] which is entirely irrelevant to the allegations in this case," that "Plaintiff seeks records covering periods before Defendant [McCombs] was even licensed as an insurance agent" in 2022, that "Defendant does not have any affiliation with the ChatGPT account" at issue "in relation to this case," and that "Plaintiff's counsel is using discovery not to seek meaningful evidence but to burden Defendant with unnecessary legal maneuvers." These objections having been lodged by the user in the form of a motion to quash, it would be inappropriate to conduct discovery in connection with the Subpoena before those objections are adjudicated. OpenAI objects to any effort to pursue discovery via the Subpoena unless and until the motion to quash is denied.

As a general matter, OpenAI is willing to consider producing documents in response to valid subpoenas when the scope of any search and production is tailored to documents that are relevant and proportional to the needs of the case, and avoids unreasonable burden on OpenAI. But this Subpoena is procedurally invalid, as it violates the Court's scheduling order. *See* ECF No. 14. The Court's order dictates that "Rule 45 subpoenas [are] to be issued by March 13, 2025," but your Subpoena is dated March 15, 2025 and was not served until March 17, 2025.

AUSTIN   BEIJING   BOSTON   BOULDER   BRUSSELS   HONG KONG   LONDON   LOS ANGELES   NEW YORK   PALO ALTO

SALT LAKE CITY   SAN DIEGO   SAN FRANCISCO   SEATTLE   SHANGHAI   WASHINGTON, DC   WILMINGTON, DE



**WILSON**
**SONSINI**

Andrew Roman Perrong, Esq.
March 31, 2025
Page 2

Further, the Subpoena appears to be an effort to indiscriminately obtain all ChatGPT user data associated with a party to the case, with no indication of how that might be relevant to your Telephone Consumer Protection Act claims. Accordingly, it is unclear on what theory this data is discoverable from OpenAI, and why it would not be better sought from your client's litigation adversary, Khalid McCombs. On its face, the Subpoena fails to satisfy the requirements of Federal Rule of Civil Procedure 45(d)(1).

Accordingly, OpenAI reserves all rights and provides the following objections and responses to your Subpoena and its incorporated document requests.

OpenAI objects to the Subpoena on the grounds that it is unduly burdensome and unreasonable because its requests for "All" or "Any" documents are overbroad and not reasonably tailored in scope. OpenAI further objects that the Subpoena calls for information covering an unspecified time period, data accessible via party discovery from Mr. McCombs himself, and information not relevant to any claims or defenses in the case and not proportionate to the needs of the case. OpenAI further objects that the undefined terms "log data," "user content," "communication information," and "[a]ny other information … provided by the … user/account" are vague and ambiguous. The Subpoena accordingly does not provide the information that would be necessary to plan a reasonable search for documents, and does not particularize the documents it is seeking.

OpenAI objects to the Subpoena to the extent its requests call for information that is protected under the federal Electronic Communications Privacy Act of 1986 and similar state laws. OpenAI further objects to the Subpoena to the extent it seeks electronically stored information that is not reasonably accessible, and to the extent it purports to require anything more than a reasonable search from reasonably accessible sources of information. OpenAI also objects to the Subpoena to the extent it covers documents or information that are confidential, including information covered by privacy rules, trade-secret information belonging to OpenAI or a third party, or information subject to a confidentiality agreement or protective order. OpenAI further objects to the Subpoena to the extent it covers documents or information covered by attorney-client privilege, attorney work product protection, or any other privilege from discovery. OpenAI objects to the production of user data without justification and without giving the user an appropriate opportunity to object.

OpenAI objects to the instructions in the Subpoena, which purport to impose obligations beyond the scope of applicable rules. OpenAI also objects to the Subpoena's failure to designate a place of compliance. For the record, any compliance with the Subpoena would take place in San Francisco, California where OpenAI is headquartered, and the place of

**WILSON
SONSINI**

Andrew Roman Perrong, Esq.
March 31, 2025
Page 3

compliance for purposes of Rule 45 would be in the Northern District of California. OpenAI reserves the right to make additional objections as appropriate.

I invite you to contact me at bmargo@wsgr.com to discuss the Subpoena if and when the pending motion to quash the Subpoena is denied.

Sincerely,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

*/s Benjamin D. Margo*

Benjamin D. Margo

cc: Khalid McCombs
(kmccombs25@gmail.com)



Visible 12:47 AM @ 53%

---

 **Andrew Perrong**  Mar 15

to me, Anthony ⌄

| From | Andrew Perrong   a@perronglaw.com |
|------|-----------------------------------|
| To | Lid McCombs   kmccombs25@gmail.com |
| Cc | Anthony Paronich<br>anthony@paronichlaw.com |
| Date | Mar 15, 2025 at 7:11 PM |
| 🔒 | Standard encryption (TLS)<br>Learn more |

Mr. McCombs,

We are in receipt of these. In accordance with the Standing Order regarding Artificial Intelligence for the United States District Court for the Northern District of Illinois, linked <u>here</u>, could you please disclose whether you used an AI in the preparation of any materials submitted herein, or any of the other materials you have submitted to date?

↩ Reply          ➡ Forward          



**Mr. Perrong**

I understand you're inquiring about AI use in my filings. To my knowledge, the court has not ordered any AI-related disclosures from me at this time. If the court requires such a disclosure, I will comply accordingly.

Otherwise, my focus remains on ensuring the accuracy and integrity of my submissions, as required by the Federal Rules of Civil Procedure.

○○○

↩ Reply        ↗ Forward        ☺



Mr. McCombs,

Did you review the standing order? In relevant part it provides that:

Any party using AI in the preparation of materials submitted to the court *must disclose in the filing that an AI tool was used to conduct legal research and/or was used in any way in the preparation of the submitted document.* Parties should not assume that mere reliance on an AI tool will be presumed to constitute reasonable inquiry. The Federal

↩ Reply        ↪ Forward        ☺



Mr. McCombs,

Did you review the standing order? In relevant part it provides that:

Any party using AI in the preparation of materials submitted to the court *must disclose in the filing that an AI tool was used to conduct legal research and/or was used in any way in the preparation of the submitted document*. Parties should not assume that mere reliance on an AI tool will be presumed to constitute reasonable inquiry. The Federal Rules of Civil Procedure, including Rule 11, will apply.

Accordingly, if an AI tool was used in any way in the preparation of these documents, it is our position that that use must be disclosed in accordance with this Court's standing order.



me   Mar 15

to Andrew ⌄

↩ Reply     → Forward



. ⅰⅰ▯ Visible 🛜          12:48 AM          @ 54% 🔋

To        Andrew Perrong  a@perronglaw.com

Date      Mar 15, 2025 at 9:45 PM

## Mr. Perrong

I've reviewed the standing order, and my understanding is that it requires disclosure of AI use within the documents submitted to the court, not through private correspondence with opposing counsel. If the court requests further clarification, I'll comply accordingly.

Sincerely,

Khalid McCombs

∘∘∘



Anthony Paronich  Mar 16

Counsel and Mr. McCombs: Mr. Messm

↩ Reply          ↪ Forward          ☺



**Counsel and Mr. McCombs:**

Mr. Mccombs amended and supplemental responses are attached.

Finally, as you can see from our recent subpoenas and the below, it appears that Mr. McCombs, who apparently continues a relationship with Allstate, has been utilizing AI in Court pleadings and discovery responses, without proper disclosure of such.

----

Anthony Paronich

↩ Reply     ➔ Forward     



**A**   Andrew Perrong   Mar 15
to Anthony, me, ryan.ro... ⌄

| From | Andrew Perrong   a@perronglaw.com |
|---|---|
| To | Anthony Paronich anthony@paronichlaw.com |
| | Lid McCombs   kmccombs25@gmail.com |
| | ryan.roman@akerman.com |
| | jani.mikel@akerman.com |
| Date | Mar 15, 2025 at 10:09 PM |
| 🔒 | Standard encryption (TLS) Learn more |

Please also see the attached subpoenas we are issuing.





| From | Andrew Perrong   a@perronglaw.com |
|------|-----------------------------------|
| To   | Anthony Paronich anthony@paronichlaw.com |
|      | Lid McCombs   kmccombs25@gmail.com |
|      | ryan.roman@akerman.com |
|      | jani.mikel@akerman.com |
| Date | Mar 15, 2025 at 10:11 PM |
|      | Standard encryption (TLS) Learn more |

I neglected to attach the subpoenas themselves. They are attached.

○○○



Google Subpoena Allstate McCom...  **PDF** PDF

OpenAI Subpoena Allst...  **PDF** PDF

↩ Reply      ⪡ Reply all      ↪ Forward      ☺



Counsel and Mr. McCombs:

Mr. Mccombs amended and supplemental responses are attached.

Finally, as you can see from our recent subpoenas and the below, it appears that Mr. McCombs, who apparently continues a relationship with Allstate, has been utilizing AI in Court pleadings and discovery responses, without proper disclosure of such.

----

Anthony Paronich

↩ Reply     ↪ Forward     ☺

Docusign Envelope ID: 6A803FEC-74AD-4BF3-99A6-E7641795E3E5

**eFUND INSURANCE**
_PROTECTING WHAT MATTERS_



Lead Deduction Authorization

I, **Khalid McCombs** , agree that I am liable to eFund Insurance and Financial Services, LLC for the cost of leads provided to me by this lead source. I authorize Pioneer American Insurance Company to debit my account(s) for the cost of these leads and deduct that amount from my advances and/or commissions. Any dispute involving particular invoices must be resolved with eFund Insurance and Financial Services, LLC and not Pioneer American Insurance Company.

Please hold 100% of my advances and/or commissions and forward to eFund Insurance and Financial Services, LLC on a weekly basis.

This authorization will remain in force until the $ _250.00_ has been settled and transferred to eFund Insurance and Financial Services, LLC.

**Date:** _4/11/2025_

**Agent Name:** _Khalid McCombs_

**Agent #:** _216552, 769421, 1114584_

**Agent Signature:** _[DocuSigned by: signature 2B9C7B0F7F8A424...]_

_eFund Insurance and Financial Services LLC_
29777 Telegraph Road Suite 2650 Southfield, MI 48034
Tel: (866) 793-3233 / Fax: (248) 223-7934

12/6/2022

**EX 5½**

.ıll Visible 📶      1:28 AM      @ 68% ▮

1 of 6

Case: 1:24-cv-07077 Document #: 17-1 Filed: 12/24/24 Page 2 of 2 PageID #:84

STATE OF MICHIGAN
DEPARTMENT OF STATE
LANSING

Date Processed: 12-04-2024

### Title Information

| Year/Make/Model | Body Style | Vehicle Type | VIN |
|---|---|---|---|
| 2009 CHEVROLET COBALT | 4 Door | Passenger | ▮ |

| Transaction Type | Issued Date | Title Number | |
|---|---|---|---|
| Transfer | 07-26-2023 | | |

| Odometer Code | Odometer | Brands | |
|---|---|---|---|
| Exempt | 0 | | |

### Owner Information

| Name | Address | DLN |
|---|---|---|
| KHALID CHARLES MCCOMBS | 18200 W 12 MILE RD APT 209 SOUTHFIELD MI 48076-2665 OAKLAND COUNTY | ▮ |

### Secured Party

No Secured Party

### Registration Information

Registration Status: NOT A VALID PLATE ENFORCEMENT: CONFISCATE PLATE - FRAUDULENT APPLICATION OR INSURANCE

| Plate Number | Plate Type | Use Type |
|---|---|---|
| ▮ | ▮ | Regular/Non-Commercial |

| Transaction Type | Original Issue Date | Expiration Date | Transaction Number |
|---|---|---|---|
| Renewal | 07-26-2023 | 03-31-2025 | ▮ |

| Recreation Passport | County | | Transaction Date |
|---|---|---|---|
| Yes | OAKLAND | | 05-14-2024 |

| Months | Registration Fee | Fee Category | Fee Category Amount |
|---|---|---|---|
| 12 | ▮ | | ▮ |

Electronic Insurance Verification
Yes

Case: 1:24-cv-07077 Document #: 17-2 Filed: 12/24/24 Page 1 of 14 PageID #:85

UNITED STATES DISTRICT COURT

for the





# BRISTOL WEST CHEV COBALT LT SD 2009
A Farmers Insurance® Company

**INSURED(S)**

# MCCOMBS KHALID

**POLICY NUMBER**          **EFFECTIVE**
G01-5120042-00          09/03/2024 - 03/03/2025

**VIN**                                **STATE**
1G1AT58H597184545          MI



12:02 PM

Visible 🛜  12:02 PM  27% 🔋





# Techpro
@mansoorijaz

⭐ **4.4** (17)  | Level 1 ◆ |

 ♡ Save    💬 Contact

**About**        **Gigs**        **Reviews**

## User information

Having experience in technology sector and spent over two decades I am a tech pro. I have spent over a decade in job and another decade in web development, data science and technology advisory business. You can consult me for API setup, Ecommerce system, Website for any niche and industry and also for several type of consumer and business leads.

 From
**Pakistan (Sun 9:02 PM)**

4/19/25, 12:08 PM

 Visible

 12:02PM

27% 🔋

# Techpro
## @mansoorijaz

⭐ **4.4** (17) · **Level 1** ◆ 

♡ Save  Contact

About          Gigs          **Reviews**

# Overall rating            ⭐ 4.4

**Seller communication level**     ⭐ 4.4

**Quality of delivery**          ⭐ 4.3

**Value of delivery**           ⭐ 4.0

**Sorted by**                **Most Relevant**

 **claireasalways**         ⭐ 4.0

🇺🇸 United States

10 months ago

Good good goood



10:38 PM @ 5%

## Techpro
Away... | Local time 7:38 AM



**Techpro** 7:34 AM

Nov 21, 2023

if you have a ⌐ ⌐ ⌐ do let me know i will filter it out thanks



**Me** 7:38 AM

OHIO, Kentucky, Michigan , Texas, and Virginia



**Techpro** 7:40 AM

Let me check i will let you know as soon as your file is ready thanks



**Techpro** 7:46 AM

Yes we have leads available in these states kindly place your order so I can deliver thanks



**Techpro** 8:30 AM

Your file is ready as soon as you place the order i will deliver thanks



**Me** 8:47 AM

Real time leads ? Address, zip, phone number, email, date of birth , smoker non smoker, address, and what type of plan there looking for?



**Techpro** 9:48 AM

We have Optin leads for general insurance where

 Visible    10:38 PM    5% 

‹    **Techpro**        •••
Away... | Local time 7:38 AM

 Techpro   8:30 AM
Your file is r    Nov 21, 2023    u place the order i
will deliver t.

 **Me**  8:47 AM
Real time leads ? Address, zip, phone number,
email, date of birth , smoker non smoker,
address, and what type of plan there looking for?

 **Techpro**  9:48 AM
We have Optin leads for general insurance where
we ask them if they will be getting calls from our
affiliates for different programs

 **Techpro**  9:53 AM
Address, zip, phone number, date of birth,
smoker non-smoker, address? these are the
headers we have

 **Me**  12:00 PM
And are the leads washed

 **Techpro**  1:01 PM
Yes all leads are DNC scrubbed    

 **Me**  1:27 PM
Does email address come in the headers

 Visible    10:39 PM    © 6% ⚡

< ‹    **Techpro**      
Away... | Local time 7:39 AM

I'll make an order after you confirm that

Nov 21, 2023

 **Techpro**  1:31 PM

no we don't have an email address in the Headers

**S**    **Me**  1:36 PM

Why not?

 **Techpro**  1:37 PM

we don't collect it

**S**    **Me**  1:56 PM

I'm licence in Mi,Ky,Tx,Virginia,and Ohio
Please include Email, DOB ,Address, full name ,
smoker, household income, Individual or family
plan, phone number and zip code please

 **Techpro**  2:09 PM

As I told you earlier as well that we don't have
Email addresses and Plan information in our
headers, other headers will be in the file thanks

⌄

 **Techpro**  2:28 PM

But still I will look into it

4/19/25, 11:56 AM
Visible
1:02 AM
@ 71%
Case: 1:24-cv-07077 Document #: 70 Filed: 05/01/25 Page 37 of 55 PageID #:48
IMG_0978.PNG


EX 7

KHALID MCCOMBS

Defendants.

**DECLARATION OF ANTHONY PARONICH**
**IN SUPPORT OF MOTION FOR ANTERNATIVE SERVICE**

1.    My name is Anthony Paronich. I am over 18 years old. I can testify competently to the undersigned statements.

2.    I am the owner of Paronich Law PC and counsel for the Plaintiff in this action.

3.    As articulated in the attached Motion for Alternative Service, I have attempted to serve Defendant Khalid McCombs through personal service to four addresses, which such efforts have been unsuccessful.

4.    As part of my work, I have access to four national skip tracing databases, TLOxp by TransUnion, idiCore, LexisNexis, and IRBSearch.

5.    I also have access to various systems of the United States Postal Service, including NCOALink, the National Change of Address Database, and AMS, the Address Management System, consisting of all the valid addresses to which the USPS delivers.

1

---

Case: 1:24-cv-07077 Document #: 17-3 Filed: 12/24/24 Page 2 of 2 PageID #:100

6.    Furthermore, I have access to the database of iconectiv, the company charged by the Federal Communications Commission to administer the Number Portability Administration Center, which is the master database which lists which telephone provider services a particular number, among other information required to route telephone calls to the proper provider.

7.    I used each of those databases in support of my conclusion in the Motion that service through process servers to all the available addresses for Mr. McCombs is not possible, particularly as the 18200 W 12 Mile Road address is the most likely, but invalid, address for the Defendant, as there is no Apartment 209 at that address.

8.    Furthermore, I am reasonably certain that service on McCombs via iMessage to his telephone number, which is the same number used to contact the Plaintiff for some of the illegal calls at issue, is reasonably calculated to give McCombs notice of the instant action against him.

9.    I am also reasonable certain that service to the addresses at which I attempted personal service may also give McCombs additional notice of the instant action against him, in case the mailpiece is delivered and someone knows his whereabouts.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 23rd day of December, 2024, at Massachusetts,

I am the owner of Paronich Law PC and counsel for the Plaintiff in this action.

3. As articulated in the attached Motion for Alternative Service, I have attempted to serve Defendant Khalid McCombs through personal service to four addresses, which such efforts have been unsuccessful.

4. As part of my work, I have access to four national skip tracing databases, TLOxp by TransUnion, idiCore, LexisNexis, and IRBSearch.

5. I also have access to various systems of the United States Postal Service, including NCOALink, the National Change of Address Database, and AMS, the Address Management System, consisting of all the valid addresses to which the USPS delivers.

1

6. Furthermore, I have access to the database of iconectiv, the company charged by the Federal Communications Commission to administer the Number Portability Administration Center, which is the master database which lists which telephone provider services a particular number, among other information required to route telephone calls to the proper provider.

7. I used each of those databases in support of my conclusion in the Motion that service through process servers to all the available addresses for Mr. McCombs is not possible, particularly as the 18200 W 12 Mile Road address is the most likely, but invalid, address for the Defendant, as there is no Apartment 209 at that address.

8. Furthermore, I am reasonably certain that service on McCombs via iMessage to his telephone number, which is the same number used to contact the Plaintiff for some of the illegal calls at issue, is reasonably calculated to give McCombs notice of the instant action against him.

9. I am also reasonable certain that service to the addresses at which I attempted personal service may also give McCombs additional notice of the instant action against him, in case the mailpiece is delivered and someone knows his whereabouts.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 23rd day of December, 2024, at Massachusetts.

Anthony Paronich

2



# State of Michigan
## Department of Insurance and Financial Services

The licensee has fulfilled the requirements of Public Act 218 of 1956 as amended. This license is granted by the Director of the Department of Insurance and Financial Services to engage in the business of Insurance as stated on this license, subject to all applicable laws, regulations and rules.

SYSTEM ID: 1163370        LICENSE: Resident Producer                NPN: 20460076

EFFECTIVE: 11-21-2022

QUALIFICATIONS

Accident and Health  11-21-2022

Life                 11-21-2022

MCCOMBS, KHALID CHARLES
27740 GATEWAY BLVD
APT 207
FARMINGTON, MI 48334

CONTINUING EDUCATION REVIEW DATE:03-01-2025
and every two years thereafter.





# State of Michigan
## Department of Insurance and Financial Services

The licensee has fulfilled the requirements of Public Act 218 of 1956 as amended. This license is granted by the Director of the Department of Insurance and Financial Services to engage in the business of Insurance as stated on this license, subject to all applicable laws, regulations and rules.

SYSTEM ID: 1163370    LICENSE: Resident Producer    NPN: 20460076

EFFECTIVE: 11-21-2022

QUALIFICATIONS

Accident and Health  11-21-2022

Life                         11-21-2022

MCCOMBS, KHALID CHARLES
27740 GATEWAY BLVD
APT 207
FARMINGTON, MI  48334

CONTINUING EDUCATION REVIEW DATE:03-01-2025
and every two years thereafter.





| Phone | First Name | Last Name | ACA/Health Quotes? | City | State | Zip |
|---|---|---|---|---|---|---|
| 8068960978 | Heather | Reinhartnskerr | Yes | Amarillo | TX | 79007 |
| 8179032161 | Kelly | Brand | Yes | Dallas | TX | 76108 |
| 9563122943 | Alma | Villarreal | Yes | Harlingen | TX | 78521 |
| 8179032161 | Kelly | Bland | Yes | Dallas | TX | 76108 |
| 9472248129 | Brittany | Morgan | Yes | Livonia | MI | 48227 |
| 3303963181 | Paula | Johnson | Yes | Akron | OH | 44310 |
| 2109876005 | Brian K Bowman | Bowman | Yes | San Antonio | TX | 78227 |
| 9036012533 | Danny | Alexander | Yes | Longview | TX | 75630 |
| 3304562980 | Ed | Shankel | Yes | Canton | OH | 44669 |
| 9373619810 | Rodger | Mathews | Yes | Dayton | OH | 45417 |
| 9153056342 | Crystal | Maldomado | Yes | El Paso | TX | 79912 |
| 4697612852 | Christopher | Courtney | Yes | Dallas | TX | 75116 |
| 9032884363 | Honnie | Peatles | Yes | Dallas | TX | 75140 |
| 9365989205 | Alissa | Williams | Yes | Center | TX | 75935 |
| 3132659931 | Cathryn | Cathryn | Yes | Livonia | MI | 48228 |
| 8439988459 | Gerald | Jackson | Yes | North Charleston | SC | 29405 |
| 9157654769 | Bryan | Martinez | Yes | Fabens | TX | 79928 |
| 8035976891 | Reggie | Jones | Yes | Columbia | SC | 29108 |
| 4095501445 | Conya | Jarrell | Yes | Beaumont | TX | 77662 |
| 2147295168 | Jesse | Holder | Yes | Farmers Branch | TX | 76036 |
| 8435057378 | Linda | Sikes | Yes | Pritchardville | SC | 29936 |
| 8542120765 | Cory | Davis | Yes | Columbia | SC | 29135 |
| 5862098083 | David | Lawerence | Yes | Southfield | MI | 48036 |
| 3613630102 | April | Ybarra | Yes | Corpus Christi | TX | 77901 |
| 8066626503 | Helen | Hudson | Yes | Amarillo | TX | 79065 |
| 9402031381 | Susan | Hull | Yes | Seymour | TX | 76371 |
| 8433010322 | Maria | Pinckney | Yes | Pritchardville | SC | 29920 |
| 4697439483 | David | Prese | Yes | Dallas | TX | 75154 |
| 7138829894 | Tammy | Piact | Yes | Houston | TX | 77011 |
| 8065138509 | Tremaine | Richardson | Yes | Amarillo | TX | 79107 |
| 3137426943 | Alita | Brown | Yes | Livonia | MI | 48203 |
| 8033788127 | Marshall | Allen | Yes | Columbia | SC | 29115 |
| 2105745200 | Jullio | Sorialo | Yes | San Antonio | TX | 78218 |
| 2166624151 | Egward | Stapes | Yes | Maple Heights | OH | 44125 |
| 9377797392 | Carol | Taylors | Yes | Harrison Twp | OH | 45693 |
| 8328141066 | Alma | Eht | Yes | Houston | TX | 77090 |
| 5865560979 | Mike | Hunt | Yes | Detroit | MI | 48066 |
| 8034106594 | Gloria | Thompson | Yes | Columbia | SC | 29001 |
| 2168084543 | Robert | Dormendo | Yes | Cleveland | OH | 44130 |
| 8102593741 | Laverne | Harlston | Yes | Livonia | MI | 48505 |
| 8067663330 | Isidoro | Valdez | Yes | Lubbock | TX | 79423 |
| 2107906524 | Sherry | Rowlingcamp | Yes | San Antonio | TX | 78245 |
| 5123764226 | Marszeda | Hick | Yes | Lockhart | TX | 78702 |
| 4697449026 | Chanvanda | Louis | Yes | Euless | TX | 65154 |
| 8308371914 | Rachel | Norton | Yes | Schertz | TX | 78130 |
| 4325304376 | Chris | Barrientes | Yes | Odessa | TX | 79763 |

| DOB | Age |
| --- | --- |
| 9/20/1977 | 46 |
| 5/31/1979 | 44 |
| 1/11/1961 | 62 |
| 5/31/1979 | 44 |
| 7/26/1999 | 24 |
| 1/30/1962 | 61 |
| 7/5/1970 | 53 |
| 5/9/1962 | 61 |
| 2/18/1966 | 57 |
| 11/30/1964 | 59 |
| 7/27/1980 | 43 |
| 11/12/1966 | 57 |
| 7/7/1970 | 53 |
| 3/3/1971 | 52 |
| 2/2/1970 | 53 |
| 12/20/1960 | 62 |
| 2/5/1964 | 59 |
| 6/16/1978 | 45 |
| 4/8/1971 | 52 |
| 4/1/1986 | 37 |
| 5/15/1973 | 50 |
| 4/18/1980 | 43 |
| 11/6/1962 | 61 |
| 10/19/1978 | 45 |
| 12/20/1968 | 54 |
| 7/4/1971 | 52 |
| 7/11/1970 | 53 |
| 10/13/1973 | 50 |
| 2/1/1976 | 47 |
| 2/29/1976 | 47 |
| 6/24/1975 | 48 |
| 5/19/1959 | 64 |
| 7/7/1996 | 27 |
| 12/23/1969 | 53 |
| 9/26/1963 | 60 |
| 1/19/1964 | 59 |
| 1/1/2000 | 23 |
| 12/22/1962 | 60 |
| 2/9/1968 | 55 |
| 7/20/1964 | 59 |
| 11/28/1968 | 55 |
| 8/26/1995 | 28 |
| 7/12/1960 | 63 |
| 9/25/1993 | 30 |
| 8/31/1991 | 32 |
| 5/17/1970 | 53 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 6823806754 | Shakeyia | Houston | Yes | Dallas | TX | 76134 |
| 2103153659 | Monica | Hoble | Yes | San Antonio | TX | 78250 |
| 4194943644 | Robert | Private | Yes | Toledo | OH | 44306 |
| 2149032264 | Cynthia | Morrow | Yes | Dallas | TX | 75119 |
| 9792821718 | Debra | Bowsier | Yes | Wharton | TX | 77488 |
| 9377169745 | Cameron | Taylor | Yes | Harrison Twp | OH | 45414 |
| 3614260087 | Maximilino | Leal | Yes | Corpus Christi | TX | 78407 |
| 9794291802 | Royce S | Coody | Yes | Houston | TX | 77414 |
| 4692335583 | Zarwali | Zurmati | Yes | Dallas | TX | 75243 |

| | |
|---|---|
| 10/31/1975 | 48 |
| 9/8/1975 | 48 |
| 9/9/1975 | 48 |
| 6/4/1963 | 60 |
| 12/14/1966 | 56 |
| 3/15/1986 | 37 |
| 7/18/1966 | 57 |
| 3/19/1968 | 55 |
| 1/1/2000 | 23 |

**Ex10**

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

KELLY BLAND, on behalf of herself and
others similarly situated,

     Plaintiff,

v.

HEALTHCARE SOLUTIONS TEAM, LLC
and KHALID MCCOMBS,

     Defendants.

Case No.: 1:24-CV-07077

## PLAINTIFF'S RESPONSES TO DEFENDANT KHALID MCCOMBS'
## FIRST SET OF INTERROGATORIES

**Interrogatory No. 1:** Please provide a detailed account of the telephone conversation you had
with Defendant Khalid McCombs, in which you initially stated that you could potentially sue
him. Specifically, include the date and time of the call, and provide documentation, such as a call
log, proving that this conversation occurred. Furthermore, explain your motivation for making
such a statement, especially after you had requested the quote.

**Response:** Plaintiff objects to the extent that the request is not relevant to any party's claim or
defense or proportional to the needs of the case other than the telephone numbers or contacts at
issue in this case. Plaintiff objects to this interrogatory as improperly served. Plaintiff objects
insofar as requiring a "detailed account" of the aforementioned conversation exceeds Rule 33's
permissible scope. The Plaintiff objects insofar as this interrogatory attempts to improperly
suggest that retroactive consent is sufficient under the TCPA, and as such, any response thereto is
not relevant to any claim or defense. The Plaintiff objects because this interrogatory is vague and
confusing and practically unintelligible as written, particularly insofar as it is insufficiently
specific as to what "telephone conversation" the Defendant is referencing. Plaintiff objects
insofar as this interrogatory requests documents. The Plaintiff objects to this interrogatory as
impermissibly compound. The Plaintiff objects insofar as this request seeks attorney-client
communications, work-product, and trial preparation materials. The Plaintiff objects to this
interrogatory as seeking information more available to the Defendant than the Plaintiff. The
Plaintiff objects to this request to the extent that there exists better evidence of the content of the
calls, which such evidence speaks for itself. The Plaintiff objects to this request in that it is an

impermissible contention interrogatory that requires her to characterize and/or summarize evidence. As such, this is an impermissible contention interrogatory. Plaintiff objects insofar as this interrogatory calls for legal conclusions. Plaintiff objects insofar as any resolution communications are protected by Federal Rule of Evidence 408.

**Interrogatory No. 2:** You have made an assertion that Defendant McCombs called you six times. Please provide an accurate, complete call log, showing each of these calls, including the exact dates, times, durations, and the phone numbers used by Defendant to contact you. Failure to provide this documentation will cast significant doubt on your allegations.

**Response:** Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. Plaintiff objects to this interrogatory as improperly served. Plaintiff objects insofar as this interrogatory mischaracterizes the record and pleadings in this matter, which speak for themselves. The Plaintiff objects to the phrase, "Failure to provide this documentation will cast significant doubt on your allegations." insofar as it is not a question, interrogatory, and wholly impermissible under the Rules. The Plaintiff objects because this interrogatory is vague and confusing. The Plaintiff objects to this interrogatory as impermissibly compound. The Plaintiff objects insofar as this interrogatory attempts to characterize or limit itself to only those calls of which the Plaintiff is aware and has logged or improperly suggests either that there are no other calls of which the Plaintiff is unaware. The Plaintiff objects insofar as this request seeks attorney-client communications. The Plaintiff objects to this interrogatory as seeking information more available to the Defendant than the Plaintiff. The Plaintiff objects to this request to the extent that there exists better evidence of the content of the calls, which such evidence speaks for itself. The Plaintiff objects to this request in that it is an impermissible contention interrogatory that requires her to characterize and/or summarize evidence. Notwithstanding the foregoing, see the below table describing each of the unauthorized telemarketing calls and text messages. The calls were all placed to the Plaintiff's telephone number, which is known to the parties and will be disclosed under the provisions of an applicable protective order:

| No. | Date | Time (j) | Caller ID | Duration |
|-----|------|----------|-----------|----------|
| 1 | 11/27/2023 | 7:02 AM | 313-457-3157 | (Missed) |
| 2 | 11/27/2023 | 7:02 AM | 313-457-3157 | 7 Minutes |

| 3 | 11/27/2023 | 7:11 AM | 313-457-3157 | (Missed) |
|---|---|---|---|---|
| 4 | 11/27/2023 | 7:14 AM | (Outgoing Call) | 26 Minutes |
| 5 | 11/27/2023 | 8:12 AM | 313-457-3157 | (Text Message) |
| 6 | 11/27/2023 | 8:12 AM | 313-457-3157 | (Text Message) |
| 7 | 11/27/2023 | 8:12 AM | 313-457-3157 | (Text Message) |

**Interrogatory No. 3:** Did you request a quote from Defendant Khalid McCombs or any third-party vendor, either directly or indirectly, that would have resulted in your information being included in the lead list that Defendant used? If so, please provide all correspondence, whether written or verbal, confirming your request for a quote or communication that would have led to your contact details being part of a legitimate opt-in lead list.

**Response:** Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. Plaintiff objects to this interrogatory as improperly served. The Plaintiff objects to this interrogatory as impermissibly compound. The Plaintiff objects to this request in that it requires the disclosure of attorney-client communications. The Plaintiff also objects insofar as this request asserts that Plaintiff or anyone else in her household provided their consent, in any way, shape, or form, to receive calls or text messages. The Plaintiff objects to this request in that any information obtained therefrom may be used to attempt to manufacture consent evidence. The Plaintiff further notes that no evidence of consent has yet been produced by the Defendant, and it is the Defendant's *affirmative burden* to *prove* consent, not the Plaintiff's burden to disprove that any purported consent did not occur. Accordingly, the Plaintiff objects as it purports to assert that the Plaintiff was required to take steps or not take steps, as the case may be, to disclaim consent for nonconsensual calls or provide evidence disproving Defendant's *affirmative defense* of consent, or that the same is a required element of a TCPA claim. Plaintiff objects insofar as this interrogatory calls for legal conclusions. The Plaintiff objects to this interrogatory as seeking information more available to the Defendant than the Plaintiff, particularly insofar as it seeks information pertinent to the lead list which the Defendant purchased. To date, there has been no evidence of any purported consent produced, and certainly none that relies on the information requested by this interrogatory, including in the aforementioned lead list. Notwithstanding the foregoing, the Plaintiff did not consent to receive calls from the Defendant

nor provided any information that would "result[] in [her] information being included in the lead list that Defendant used."

**Interrogatory No. 4:** Please confirm if you were provided an opportunity to review or sign any document, or if you knowingly provided consent for your contact information to be included in a lead list for telemarketing purposes. If you claim not to have done so, please explain how your contact information was obtained and provide any evidence supporting this claim.

**Response:** Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. Plaintiff objects to this interrogatory as improperly served. Plaintiff objects to this interrogatory as misleading and in that it assumes facts not in evidence, including "confirming" unpled or unestablished facts. The Plaintiff objects to this interrogatory as impermissibly compound. Plaintiff objects to this request as vague, confusing, and practically unintelligible as drafted, particularly as no allegations have been made regarding the signing of any documents, and it is unclear to which documents the Defendant is referring. The Plaintiff objects insofar as this request plainly seeks disclosure of the contents of attorney-client communications, common interest privilege, communications with experts, and/or trial preparation materials.

**Interrogatory No. 5:** Please provide the detailed history of your previous legal claims, especially those related to telemarketing or unsolicited contact, including but not limited to any lawsuits under the Telephone Consumer Protection Act (TCPA). Specifically, how many such lawsuits have you initiated or been involved in, and what were the outcomes or current statuses of each case? You are required to provide case numbers, jurisdictions, and any relevant court filings that support your claims.

**Response:** Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. Plaintiff objects to this interrogatory as improperly served. The Plaintiff objects to this interrogatory as impermissibly compound. The Plaintiff objects to this request in that it requires the disclosure of attorney-client communications, work-product information, trial preparation information, information subject to the common interest privilege, and confidential settlement communications and documents, including those enforced by court order. Plaintiff objects insofar as requiring a "detailed account" of the aforementioned conversation exceeds Rule 33's permissible scope. Plaintiff objects insofar as this interrogatory requests documents.

Plaintiff objects to the use of the phrase "you are required" or insinuation that Defendant is entitled to require the Plaintiff to do anything. The Plaintiff objects insofar as this interrogatory seeks information which is of public record, and therefore equally available to the Defendant as the Plaintiff. Furthermore, the Plaintiff objects as this interrogatory is overly broad. The Plaintiff objects insofar as the Plaintiff's prior litigation history is irrelevant. Plaintiff objects to this interrogatory as harassing.

**Interrogatory No. 6:** In previous communications with Defendant Khalid McCombs, you suggested that you could potentially take legal action. Please provide a full explanation of your statements and actions. Specifically, on what grounds did you mention taking legal action, and why, after stating that you would not pursue such action, are you now engaged in litigation against Defendant McCombs? This raises serious questions about the motives behind your claim.

**Response:** Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. Plaintiff objects to this interrogatory as improperly served. Plaintiff objects to this interrogatory as misleading and in that it assumes facts not in evidence. Plaintiff objects insofar as requiring a "full explanation of your statements and actions" exceeds Rule 33's permissible scope. The Plaintiff objects because this interrogatory is vague and confusing and practically unintelligible as written, particularly insofar as it is insufficiently specific as to what "previous communications" the Defendant is referencing. Plaintiff objects to this interrogatory as harassing and argumentative. Plaintiff objects in that this interrogatory makes a statement that "This raises serious questions about the motives behind your claim." to which no response is required. The Plaintiff objects to this interrogatory as impermissibly compound. The Plaintiff objects insofar as this request seeks attorney-client communications, work-product, and trial preparation materials. The Plaintiff objects to this interrogatory as seeking information more available to the Defendant than the Plaintiff. The Plaintiff objects to this request to the extent that there exists better evidence of the content of the call, which such evidence speaks for itself. The Plaintiff objects to this request in that it is an impermissible contention interrogatory that requires her to characterize and/or summarize evidence. As such, this is an impermissible contention interrogatory. Plaintiff objects insofar as this interrogatory calls for legal conclusions. Plaintiff objects insofar as any resolution communications are protected by Federal Rule of Evidence 408.

**Interrogatory No. 7:** Given your history of litigation, please identify all prior legal actions you have filed, particularly those involving TCPA claims, unsolicited communications, or telemarketing. For each case, please provide the case numbers, jurisdictions, and the status of

each lawsuit. Additionally, describe any settlements or judgments, including any agreements made that may be relevant to the present case.

**Response:** Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. Plaintiff objects to this interrogatory as improperly served. Plaintiff objects to this interrogatory as misleading and in that it assumes facts not in evidence. Plaintiff objects to this interrogatory as largely duplicative of Interrogatory 5. The Plaintiff objects to this interrogatory as impermissibly compound. The Plaintiff objects to this request in that it requires the disclosure of attorney-client communications, work-product information, trial preparation information, information subject to the common interest privilege, and confidential settlement communications and documents, including those enforced by court order. Plaintiff objects insofar as the interrogatory exceeds Rule 33's permissible scope. Plaintiff objects insofar as this interrogatory requests documents. Plaintiff objects to the use of the phrase "you are required" or insinuation that Defendant is entitled to require the Plaintiff to do anything. The Plaintiff objects insofar as this interrogatory seeks information which is of public record, and therefore equally available to the Defendant as the Plaintiff. Furthermore, the Plaintiff objects as this interrogatory is overly broad. The Plaintiff objects insofar as the Plaintiff's prior litigation history is irrelevant. Plaintiff objects to this interrogatory as harassing.


**Interrogatory No. 8:** You have filed this lawsuit after explicitly requesting a quote and receiving communication from Defendant. Please explain why, after providing consent or engaging with Defendant's offer, you have decided to pursue a lawsuit under claims of unsolicited contact. How does your conduct align with the definition of "entrapment," and how can you justify pursuing litigation after you initiated the contact?


**Response:** Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. Plaintiff objects to this interrogatory as improperly served. Plaintiff objects to this interrogatory as misleading and in that it assumes facts not in evidence. The Plaintiff objects to this interrogatory as impermissibly compound. The Plaintiff objects to this request in that it requires the disclosure of attorney-client communications. The Plaintiff also objects insofar as this request asserts that Plaintiff or anyone else in her household provided their consent, in any way, shape, or form, to receive calls or text messages. The Plaintiff objects insofar as this interrogatory attempts to improperly suggest that retroactive consent is sufficient under the TCPA, and as such, any response thereto is not relevant to any claim or defense. The Plaintiff objects to the use of so-called "scare quotes" to delineate the term "entrapment," as vague and confusing, including as delineated in Chicago Manual of Style 7.57, of a term being used in a nonstandard way, without outlining the nonstandard use of the term as phrased in this

Interrogatory. The Plaintiff objects insofar as entrapment is not a cognizable defense to a civil cause of action. As such, it is further irrelevant to any claim or defense. The Plaintiff objects to this request in that any information obtained therefrom may be used to attempt to manufacture consent evidence. The Plaintiff further notes that no evidence of consent has yet been produced by the Defendant, and it is the Defendant's *affirmative burden* to *prove* consent, not the Plaintiff's burden to disprove that any purported consent did not occur. Accordingly, the Plaintiff objects as it purports to assert that the Plaintiff was required to take steps or not take steps, as the case may be, to disclaim consent for nonconsensual calls or provide evidence disproving Defendant's *affirmative defense* of consent, or that the same is a required element of a TCPA claim. The Plaintiff objects to this interrogatory as seeking information more available to the Defendant than the Plaintiff, particularly insofar as it seeks information pertinent to how Defendant came to communicate with the Plaintiff. Plaintiff objects insofar as this interrogatory calls for legal conclusions. To date, there has been no evidence of any purported consent produced, and certainly none that relies on the information requested by this interrogatory. Notwithstanding the foregoing, the Plaintiff did not consent to receive calls from the Defendant.

**Interrogatory No. 9:** Please provide the complete history of all claims you have filed in the past five years, particularly those that involve unsolicited telemarketing or TCPA violations. This includes any instances where you may have requested quotes or communications from vendors and later filed lawsuits under similar circumstances. The pattern of requesting information from vendors, only to later initiate legal action, suggests a possible systematic approach to entrap vendors, and your disclosure here will be critically important.

**Response:** Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. Plaintiff objects to this interrogatory as improperly served. Plaintiff objects to this interrogatory as misleading and in that it assumes facts not in evidence. Plaintiff objects to this interrogatory as largely duplicative of Interrogatories 5 and 7. The Plaintiff objects to this interrogatory as impermissibly compound. The Plaintiff objects to this request in that it requires the disclosure of attorney-client communications, work-product information, trial preparation information, information subject to the common interest privilege, and confidential settlement communications and documents, including those enforced by court order. Plaintiff objects insofar as the interrogatory exceeds Rule 33's permissible scope. Plaintiff objects insofar as this interrogatory requests documents. Plaintiff objects in that this interrogatory makes a statement that "The pattern of requesting information from vendors, only to later initiate legal action, suggests a possible systematic approach to entrap vendors, and your disclosure here will be critically important." to which no response is required. Plaintiff objects to this interrogatory as harassing and argumentative. The Plaintiff objects insofar as this interrogatory seeks information

which is of public record, and therefore equally available to the Defendant as the Plaintiff. Furthermore, the Plaintiff objects as this interrogatory is overly broad. The Plaintiff objects insofar as the Plaintiff's prior litigation history is irrelevant. Plaintiff objects to this interrogatory as harassing.

**Interrogatory No. 10:** In your lawsuit, you allege that you were contacted inappropriately by Defendant McCombs, but your contact information was part of a lead list purchased from a third-party vendor. Please explain whether your claim of being contacted without consent holds, given the information you provided about your own interactions with Defendant and the vendor. Additionally, provide any records or documentation showing that you did not opt into the contact list or agree to being contacted by vendors, as well as any relevant communications that contradict this claim.

**Response:** Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. Plaintiff objects to this interrogatory as improperly served. The Plaintiff objects to this interrogatory as impermissibly compound. Plaintiff objects to this interrogatory as misleading and in that it assumes facts not in evidence, including that the Plaintiff ever interacted with any alleged vendor. The Plaintiff objects to this interrogatory as impermissibly compound. Plaintiff objects to this request as vague, confusing, and practically unintelligible as drafted. The Plaintiff objects insofar as this request plainly seeks disclosure of the contents of attorney-client communications, common interest privilege, communications with experts, and/or trial preparation materials. The Plaintiff objects to this request in that it requires the disclosure of attorney-client communications. The Plaintiff also objects insofar as this request asserts that Plaintiff or anyone else in her household provided their consent, in any way, shape, or form, to receive calls or text messages. The Plaintiff objects insofar as this interrogatory attempts to improperly suggest that retroactive consent is sufficient under the TCPA, and as such, any response thereto is not relevant to any claim or defense. The Plaintiff objects to this request in that any information obtained therefrom may be used to attempt to manufacture consent evidence. The Plaintiff further notes that no evidence of consent has yet been produced by the Defendant, and it is the Defendant's *affirmative burden* to *prove* consent, not the Plaintiff's burden to disprove that any purported consent did not occur. Plaintiff objects insofar as this interrogatory requests documents. Accordingly, the Plaintiff objects as it purports to assert that the Plaintiff was required to take steps or not take steps, as the case may be, to disclaim consent

for nonconsensual calls or provide evidence disproving Defendant's *affirmative defense* of consent, or that the same is a required element of a TCPA claim. The Plaintiff objects to this interrogatory as seeking information more available to the Defendant than the Plaintiff, particularly insofar as it seeks information pertinent to how Defendant obtained the lead list it purchased or any putative consent. Plaintiff objects insofar as this interrogatory calls for legal conclusions. To date, there has been no evidence of any purported consent produced, and certainly none that relies on the information requested by this interrogatory. Notwithstanding the foregoing, the Plaintiff did not consent to receive calls from the Defendant or any vendor that the Defendant used.

## **VERIFICATION**

Pursuant to the Federal Rules of Civil Procedure, the undersigned says that the foregoing

answers to Interrogatories are true and correct to the best of her knowledge and belief.

Dated: _____Apr 22, 2025_____

*Kelly Bland*
<small>Kelly Bland (Apr 22, 2025 10:00 CDT)</small>
_____

Kelly Bland

RESPECTFULLY SUBMITTED AND DATED this April 22, 2025

/s/ *Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
N.D. Ill. Gen. Bar #333687
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2025, a copy of the foregoing was served electronically on counsel for the Defendant/Defendant via e-mail at kmccombs25@gmail.com, jani.mikel@akerman.com, ryan.roman@akerman.com, as per operation of the CM/ECF filing system. I further certify that I mailed a copy of the foregoing to:

KHALID MCCOMBS

18200 W 12 MILE RD, APT 209

SOUTHFIELD, MI 48076

Tracking Number: 00310903331480013032

*/s/ Andrew Roman Perrong*

Andrew Roman Perrong, Esq.




**UNITED STATES POSTAL SERVICE.**

| P | US POSTAGE PAID |
|---|---|
| | **$10.10** |
| | Origin: 48239 |
| | 04/26/25 |
| | 2525220239-10 |

**PRIORITY MAIL®**

0 Lb 10.60 Oz

**RDC 03**

EXPECTED DELIVERY DAY: 04/30/25

C005

SHIP
TO:



219 S DEARBORN ST
CHICAGO IL 60604-1702

**USPS TRACKING® #**



9505 5135 2201 5116 8692 24



PRESS FIRMLY TO SEA



**UNITE
POSTA**

- Expected delivery date
- Domestic shipments inc
- USPS Tracking® service
- Limited international ins
- When used internationa

*Insurance does not cover certai
Domestic Mail Manual at http://p
** See International Mail Manual

**FLAT RATE**
ONE RATE ■ ANY WEIG

**TRACKED ■ I**



PS00001000014

EP14F October 2023
OD: 12 1/2 x 9 1/2



PAPER
POUCH
how2recycle.info

**PRIORITY**
**★ MAIL ★**

**UNITED STATES POSTAL SERVICE ®**

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

FROM: Khalid McCombs
18200 W 12 Mile Rd, Apt 209
Southfield, MI, 48076

**TO:** Clerk of The Court
United States District Court
Northern District of Illinois
Eastern Division
219 South Dearborn Street
Chicago, IL, 60604

Label 228, March 2016          FOR DOMESTIC AND INTERNATIONAL USE